Perry L. Segal dba Charon Law
State Bar No. 250947
303 Twin Dolphin Drive, Suite 600
Redwood City, California 94065-1422
(650) 542-7935
perry.segal@charonlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIANNA ARREDONDO on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　　PLAINTIFFS,<br><br>　　　　- AGAINST -<br><br>UNIVERSITY OF LA VERNE,<br><br>　　　　　　　　　　DEFENDANT. | Case No. 2:20-cv07665<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Brianna Arredondo ("Plaintiff"), by and through the undersigned counsel, brings this class action against Defendant University of La Verne ("La Verne," "University," or "Defendant"), and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to her, which are based on personal knowledge.

## NATURE OF THE ACTION

1.　This is a class action lawsuit on behalf of all persons who paid tuition and/or fees to attend La Verne University for an in person, hands-on educational services and experiences for the semesters or terms affected by Coronavirus Disease 2019 ("COVID-19"), including the Winter

1

2020, Spring 2020, and Summer 2020 semesters, and had their course work moved to online only learning.

2. Such individuals paid all or part of the tuition for an average tuition that was around $22,925 for undergraduate students per semester, and mandatory fees for each semester in various amounts between $25 and $600 dollars per fee including an "ASULV Fee" of $160 per semester, $415 in student health insurance fee, and various other fees ("Mandatory Fees").

3. La Verne has not refunded any amount of the tuition or any of the Mandatory Fees, even though it has implemented online only distance learning starting in or around March 16, 2020, after making the announcement on March 12, 2020

4. Because of the University's response to the COVID-19 pandemic, on or about March 16, 2020, the University also stopped providing any of the services or facilities the Mandatory Fees were intended to cover.

5. The University's failure to provide the services for which tuition and the Mandatory Fees were intended to cover since approximately March 16, 2020 is a breach of the contracts between the University and Plaintiff and the members of the Class.

6. The University's actions were unjust.

7. Plaintiff and the members of the Class have paid for tuition for a first-rate education and on-campus, in person educational experiences. Plaintiffs paid for all the benefits offered by a first-rate university. Instead of receiving such, Plaintiffs were provided a materially deficient and insufficient alternative, which constitutes a breach of the contracts entered into by Plaintiff with the University.

8. As to the Mandatory Fees, Plaintiff and the Class have paid fees for services and facilities which are simply not provided.

9. This failure also constitutes a breach of the contracts entered into by Plaintiff with the University.

10. Instead of refunding the partial refund or offering discounts or credits for future semesters, the University has shifted the burden of Covid-19 onto its students by requiring them to pay full tuition and full fees – without providing students with the full services, opportunities, and experiences.

11. Plaintiff seeks, for herself and Class members, the University's disgorgement and return of the pro-rated portion of its tuition and Mandatory Fees, proportionate to the amount of time in the respective semesters when the University closed and switched to online only learning.

12. Plaintiff seeks for herself and Class members protections including injunctive and declaratory relief protecting Class Members for paying the full cost of tuition and fees during the pendency of the pandemic in light of the educational services, opportunities, and experiences Defendants can actually safely provide.

## PARTIES

8. Plaintiff Brianna Arredondo was an undergraduate student during the Spring 2020 semester and is enrolled for classes in the Fall 2020. For the Winter and Spring 2020, La Verne charged Plaintiff approximately $22,350 in tuition per semester and at least $160 per semester in fees. Additionally, Defendant charged the Named Plaintiff similar tuition and fees for the Fall 2020 semester.

9. Plaintiff Arredondo is a resident of California.

10. Plaintiff Arredondo paid tuition and fees for in-person educational services, experiences, opportunities, and other related collegiate services.

11. Plaintiff Arredondo has not been provided a pro-rated refund of the tuition for her

in-person classes that were discontinued and moved online, or the Mandatory Fee she paid after the La Verne's facilities were closed and events were cancelled.

12. Plaintiff Arredondo entered into the Spring 2020 Semester Payment Plan on Jan. 2, 2020 at 11:05 a.m. PST.

13. Plaintiff Arredondo and other class members have entered into similar arrangements with the University for numerous semesters.

14. Pursuant to that Payment Plan Agreement, Plaintiff Arredondo made payments in January, February, March and April in compliance with that agreement.

15. Plaintiff Arredondo has made similar payments over the course of her enrollment at the University.

16. Defendant University of La Verne is a private university in California that was founded in 1891. The University offers numerous major fields for undergraduate students, as well as a number of graduate programs.

17. Defendant's undergraduate and graduate programs includes students from many, if not all, of the states in the country.

18. Its principal campus is located in La Verne, California. Defendant is a citizen of California.

## JURISDICTION AND VENUE

19. This Court has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which one or more of the other Class members are citizens of a State different from the Defendant.

20. This Court has personal jurisdiction over Defendant because it resides in this

District.

21. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), because Defendant resides in this District and is a resident of the state in which the District is located.

## FACTUAL ALLEGATIONS.

22. Plaintiffs and Class Members paid to attend La Verne's Winter and Spring 2020 semesters including tuition and the Mandatory Fees. The Winter Term started on Jan. 6, 2020 and ended on March 15, 2020. The Spring 2020 semester started on March 23, 2020 and ended on May 31, 2020

23. Tuition at the University was approximately $22,350 per semester for undergraduate students, at least $160 in fees, $415 in student health insurance, and similar such charges for graduate students.

24. Plaintiffs and the members of the Class paid tuition for the benefit of on-campus live interactive instruction and an on-campus educational experience throughout the semesters.

25. Throughout March 2020, the University made public announcements adjusting educational services and opportunities that affected Plaintiffs.

26. The University has not held any in-person classes since March 12, 2020 for undergraduate students. All classes since March 16, 2020 have only been offered in a remote online format with no in-person instruction or interaction.

27. Most of the services for which the Mandatory Fees were assessed were also terminated or cancelled at or about this time, such as access to University health and wellness facilities, programs or services; fitness facilities; student events or sports; and an in-person commencement.

28. La Verne has not provided reimbursement or refund information regarding tuition or the Mandatory Fees.

29. Students attending La Verne's Spring 2020, Summer 2020 and Fall 2020 semesters did not choose to attend an online only institution of higher learning, but instead chose to enroll in the University's in-person educational programs – with the understanding that La Verne would provide in person educational opportunities, services, and experiences.

30. On its website, La Verne markets the University's on-campus experience and opportunities as a benefit to students.

31. The online learning options being offered to La Verne's students are sub-par in practically every aspect as compared to what the educational experience afforded Plaintiffs and the members of the Class once was. During the online portion of the Spring, and Summer 2020 semesters, La Verne used programs by which previously recorded lectures were posted online for students to view on their own or by virtual Zoom meetings. Therefore, there was a lack of classroom interaction among teachers and students, and among students that is instrumental in educational development and instruction.

32. The online formats being used by La Verne do not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams. Further, the ability to receive a Pass-Fail grade rather than a letter grade provides educational leniency that the students would not otherwise have with the in-person letter grading education that was paid for and expected.

33. Students, like Plaintiff, have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

34. Access to facilities such as libraries, laboratories, computer labs, recitations, and study rooms, are integral to a college education.

35. Access to activities offered by campus life fosters intellectual and academic development and independence, and networking for future careers.

36. La Verne priced the tuition and Mandatory Fees based on the in person educational services, opportunities and experiences it was providing on campus.

37. The University has not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the semesters affected by Covid-19.

38. The University refunded any portion of the Mandatory Fees it collected from Plaintiff and the members of the Class for the affected semester even though it closed or ceased operating the services and facilities for which the Mandatory Fees were intended to pay.

39. Plaintiff and the Class members are therefore entitled to a pro-rated refund of the tuition and Mandatory Fee they paid for the Spring 2020 semester for the remaining days of that semester after classes moved from in-person to online and facilities were closed.

40. Defendant's practice of failing to provide reimbursements for tuition and Mandatory Fees despite the diminished value of the education and other experiences that it provided, and the reduced benefits associated with the fees, as alleged herein, violates generally accepted principles of business conduct.

## **CLASS ACTION ALLEGATIONS**

41. Plaintiffs brings this case individually and, pursuant to FRCP 23, on behalf of the class defined as:

> All persons who paid tuition and/or the Mandatory Fees for a student to attend in-person class(es) during the Spring 2020, Summer 2020, Winter 2020, or any other semester affected by Covid-19 at La Verne but had their classes and experiences moved to online only learning (the "Class").

42. Plaintiffs reserves the right to modify or amend the definition of the proposed Classes if necessary before this Court determines whether certification is appropriate.

43. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of FRCP 23 and other statutes and case law regarding class action litigation in Utah State Court.

44. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is unknown to Plaintiff, the University has reported that an aggregate of 33,000 or more undergraduate and graduate students were enrolled for the 2019-2020 school year. The names and addresses of all such students are known to the University and can be identified through the University's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

45. The questions here are ones of common or general interest such that there is a well-defined community of interest among the class members. These questions predominate over questions that may affect only individual members of the classes because La Verne has acted on grounds generally applicable to the classes. Such common legal or factual questions include, but are not limited to:

    a. Whether the University accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus live education, as well as certain facilities and services throughout the semesters affected by Covid-19;

    b. Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education

      after March 16, 2020;

   c. Whether Defendant breached its contracts with Plaintiff and the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March 2020; and

   d. Whether Defendant breached the covenant of good faith and fair dealing with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after March 16, 2020;

   e. Whether Defendant breached the covenant of good faith and fair dealing with Plaintiff and the members of the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March 2020;

   f. The amount of damages and other relief to be awarded to Plaintiff and the Class members.

46. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiffs and the other Class members each contracted with Defendant for it to provide an in-person and on-campus live education for the tuition they paid and the services and facilities for the Mandatory Fee that they paid, that the University stopped providing in mid-March.

47. Plaintiff is a more than adequate class representative. In particular:

   a) Plaintiff is committed to the vigorous prosecution of this action on behalf of themselves and all others similarly situated and has retained competent counsel experienced in the prosecution of class actions and, in particular, class action litigation;

   b) because their interests do not conflict with the interests of the other Class members who he seeks to represent

   c) They anticipate no difficulty in the management of this litigation as a class action; and

    d) Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

48. Class members' interests will be fairly and adequately protected by Plaintiff and their counsel.

49. It is impracticable to bring members of the Classes individual claims before the Court. Class treatment permits a large number of similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The damages or financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against the University. It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

50. Plaintiff also seeks class certification for injunctive and declaratory relief under FRCP 23(b)(2) and (b)(3), at the appropriate juncture.

## FIRST CLAIM FOR RELIEF

### BREACH OF CONTRACT
### (On Behalf of Plaintiffs and the Class)

51. Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein, including those made in paragraphs 1 through 46 above.

52. Plaintiff brings this claim individually and on behalf of the members of the Class.

53. By paying the University tuition and the Mandatory Fees for the Spring, and Summer 2020 semesters, the University agreed to, among other things, provide an in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees they paid pertained throughout those semesters.

54. As a result, Plaintiff and each member of the Class entered into a binding contract with the University.

55. La Verne has held that its in-person educational opportunities, experiences, and services are of substantial value.

56. La Verne has agreed to provide in-person educational opportunities, experiences, and services to enrolled students.

57. La Verne has promoted its in-person educational services as being valuable to students' educational experiences and their develop.

58. In marketing materials and other documents provided to the Named Plaintiff, Defendants promoted the value of the in-person education experiences, opportunities, and services that Defendants provided.

59. Defendants provided Plaintiffs with an acceptance letter that the Named Plaintiff accepted based on the promise of in-person educational experiences, opportunities, and services that Defendants would provide.

60. Named Plaintiff also entered into the Payment Plan Agreement with La Verne that obligated to her make such payments and La Verne to provide in-person educational opportunities, experiences, and services.

61. Plaintiff performed and provided payment as required.

62. La Verne was unable to perform and failed to provide in-person educational opportunities, experiences, and services.

63. La Verne failed to offer any refund or discount given their failure to perform.

64. The University has breached its contract with Plaintiff and the Class by failing to provide the promised in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees pertained throughout the semesters affected by Covid-19, yet has retained monies paid by Plaintiff and the Class for a live in-person education and access to these services and facilities during these semesters.

65. Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

66. Plaintiffs and members of the putative Classes have performed all of the obligations on them pursuant to their agreement – including by making such payments or securing student loans or scholarships to pay for such education.

67. Plaintiffs and the members of the Class have suffered damage as a direct and proximate result of the University's breach in the amount of the prorated portion of the tuition and Mandatory Fee they each paid during the portion of time the semesters affected by Covid-19 in which in-person classes were discontinued and facilities were closed by the University.

68. The University should return such portions of the tuition and Mandatory Fee to Plaintiffs and each Class Member.

## SECOND CLAIM FOR RELIEF
## UNJUST ENRICHMENT
## (On Behalf of Plaintiffs and the Class)

69. Plaintiffs incorporates the allegations by reference as if fully set forth herein, including those made in paragraphs 1 through 58 above.

70. By paying the University tuition and the Mandatory Fees for the Spring, Summer semesters, the University agreed to, among other things, provide an in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees they paid pertained throughout those affected semesters.

71. Defendants have retained the benefits of the amount of tuition and fees that Plaintiffs have provided – without providing the benefits that Plaintiffs are owed.

72. For example, Defendants failed to provide Plaintiff and Class Members access to any on-campus facility after March 13, 2020. Yet Defendants assessed Plaintiffs with tuition and fees that covered the cost of upkeep and maintenance of such facilities, services, costs, and expenses.

73. Plaintiffs were not able to access such facilities or services remotely.

74. Plaintiffs paid tuition and fees with the expressed understanding that such costs included the in-person classes, services, opportunities, and experiences that La Verne have previously marketed, promoted, or made available prior to Covid-19.

75. Defendants have been unjustly enriched by Plaintiffs' payment of tuition and fees.

76. Despite not being able to provide such services, La Verne failed to provide reimbursements for tuition and fees despite the diminished value of the education and other experiences that it provided and the reduced benefits associated with the fees.

77. Plaintiffs and members of the putative Classes have sustained monetary damages

as a result of each of Defendant's breaches of the covenant of good faith and fair dealing.

78. Defendants act were unjust for them to keep money for services they did not render.

### THIRD CAUSE OF ACTION
### CONVERSION & TAKING OF PROPERTY
**(On Behalf of Plaintiff and All Class Members)**

79. Plaintiff, on behalf of herself and other members of the Class, brings a common law claim for Conversion and taking of property.

80. Plaintiff and Class Members have an ownership right to the in-person educational services based on their payment of tuition and fees for the Spring and Winter Semesters during 2020.

81. Defendants intentionally interfered with Plaintiff and the Class Members ownership right when they canceled in-person instructions for the remainder of the Spring Semester 2020.

82. Plaintiff and the Class Members were damaged by Defendants' interference as they paid for educational, experience, and services for the entirety of the semesters effected by Covid-19, which were not provided.

83. Defendants accepted payment of tuition and fees from Plaintiffs during the Spring 2020 semester knowing what the Plaintiffs expected in exchange for those payments, including the in-person experiences, opportunities, and experiences that the University had provided in the prior semesters.

84. Defendants were unable to provide those benefits.

85. Defendants instead kept the tuition and payments without refund or discount.

86. As a result, Defendants have taken Plaintiffs' property, namely in the form of tuition payments and fee payments, without just compensation.

87. Defendants failed to provide just compensation because they did not provide in-person educational opportunities, experiences, and services.

88. Plaintiff and the Class Members are entitled to a pro-rata share of the tuition and fees they paid for but were not provided resulting from Defendants' interference.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in favor of Plaintiffs and the Class against Defendant as follows:

(a) For an order certifying the Class under the FRCP and naming Plaintiffs as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order finding in favor of Plaintiffs and the Class on all counts asserted herein;

(c) For compensatory damages in an amount to be determined by the trier of fact;

(d) For an order compelling disgorgement of the ill-gotten gains derived by Defendant from its misconduct;

(e) For an order of restitution and all other forms of equitable monetary relief;

(f) For an order awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

(g) For an order awarding pre- and post-judgment interest on any amounts awarded; and,

  (h)  For an order awarding such other and further relief as may be just and proper, including injunctive relief and declaratory relief.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demands a trial by jury of any and all issues in this action so triable of right.

Dated: Aug. 23, 2020    Respectfully submitted,

            Perry L. Segal, Esq.
            License No. 250947, State Bar of California
            dba **CHARON LAW, A SOLE PROPRIETORSHIP**
            303 Twin Dolphin Drive, Suite 600
            Redwood City, California 94065-1422
            (650) 542-7935
            perry.segal@charonlaw.com

            &

            Jeffrey K. Brown, Esq. *(To apply Pro Hac Vice)*
            Michael A. Tompkins, Esq. *(To apply Pro Hac Vice)*
            Brett R. Cohen, Esq. *(To apply Pro Hac Vice)*
            **LEEDS BROWN LAW, P.C.**
            One Old Country Road, Suite 347
            Carle Place, NY 11514
            (516) 873-9550
            jbrown@leedsbrownlaw.com
            mtompkins@leedsbrownlaw.com
            bcohen@leedsbrownlaw.com

            *Counsel for Plaintiffs and Proposed Class*