1 David R. Sugden, Bar No. 218465
   dsugden@calljensen.com
2 Kent R. Christensen, Bar No. 253815
   kchristensen@calljensen.com
3 Delavan J. Dickson, Bar No. 270865
   ddickson@calljensen.com
4 CALL & JENSEN
   A Professional Corporation
5 610 Newport Center Drive, Suite 700
   Newport Beach, CA  92660
6 Tel:   (949) 717-3000
7 Fax:   (949) 717-3100

8
9 Attorneys for Defendant University of La Verne

10

11

12                    UNITED STATES DISTRICT COURT

13                   CENTRAL DISTRICT OF CALIFORNIA

14

15 BRIANNA ARREDONDO, on behalf of          Case No.  2:20-cv-07665-MCS-RAOx
   herself and all others similarly situated,     Assigned to Hon. Mark C. Scarsi
16
17          Plaintiff,                        **DEFENDANT UNIVERSITY OF LA
                                              VERNE'S FEDERAL RULE OF CIVIL
18          vs.                               PROCEDURE 12(B)(6) MOTION TO
                                              DISMISS PLAINTIFF'S COMPLAINT**
19 THE UNIVERSITY OF LA VERNE,
                                              *[Filed concurrently with Request for
20          Defendant.                        Judicial Notice]*

21
                                              Date:   January 11, 2021
22                                            Time:  9:00 a.m.
                                              Place: Courtroom 7C
23

24

25                                            Complaint Filed:   August 23, 2020
                                              Trial Date:          None Set
26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 11, 2021, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 7C of the United States District Court for the Central District of California, located at 350 W. 1st Street, Los Angeles, CA 90012, Defendant University of La Verne ("Defendant") will, and hereby does, move for an order dismissing all claims alleged against it in Plaintiff Brianna Arredondo's ("Plaintiff") complaint.

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6).  As explained in the accompanying Memorandum of Points and Authorities, Plaintiff has not pleaded viable claims against Defendant for it having moved classes online in response to the global COVID-19 pandemic.

Defendant makes this Motion following the conference of the parties pursuant to L.R. 7-3, which took place on November 25, 2020.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Request for Judicial Notice, the pleadings and papers on file herein, and such other matters as may be presented to the Court at the time of the hearing.

Dated:  December 4, 2020

CALL & JENSEN
A Professional Corporation
David R. Sugden
Kent R. Christensen
Delavan J. Dickson


By: */s/ David R. Sugden*
     David R. Sugden

Attorneys for Defendant University of La Verne

DEFENDANT UNIVERSITY OF LA VERNE'S FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.   INTRODUCTION

3

COVID-19 forced the University of La Verne ("ULV") to move its classes online

4

because continuing with in-person classes violated state orders and posed too great a

5

risk to the health of ULV's students and employees in the Spring of 2020. In order to do

6

so, ULV had to implement significant reforms to its operations at great expense in a

7

very compressed timeframe.

8

Now, like several of its peers, ULV is facing a class action lawsuit that ironically

9

alleges ULV broke the law with its response to COVID-19. Unsurprisingly, and as

10

explained in more detail below, Plaintiff's attempt to profit from a global crisis lacks

11

merit because there is nothing illegal with ULV having done what was necessary to

12

protect the health of its students and staff in response to the global pandemic.

13

### II.   DISCUSSION

14

#### A.   Standard Of Review On A Motion To Dismiss Under Rule 12(b)(6)

15

"To survive a motion to dismiss, a complaint must contain sufficient factual

16

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

17

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

18

550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

19

factual content that allows the court to draw the reasonable inference that the defendant

20

is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause

21

of action, supported by mere conclusory statements, do not suffice." *Id.* Further,

22

although courts must accept all factual allegations in a complaint as true, this rule "is

23

inapplicable to legal conclusions." *See id.* at 678-79. In other words, a claim that

24

consists of "naked assertions devoid of further factual enhancement" does not suffice.

25

*Id.* at 678 (internal quotation marks omitted).  In deciding whether a claim is plausible,

26

the Court is expected "to draw on its judicial experience and common sense." *Id.* at 679.

27

28

/ / /

CALL & JENSEN

UNI13-20:2917534_3:12-4-20

- 3 -

DEFENDANT UNIVERSITY OF LA VERNE'S FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

### B.     Applicable Substantive Law

Because this case is before the Court pursuant to its diversity jurisdiction, the substantive law of the State of California applies.  (*See* Dkt. No. 1, ¶ 19); *see also Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *McAtee v. Capital One, F.S.B.*, 479 F. 3d 1143, 1147 (9th Cir. 2007).

### C.     Plaintiff's Claims Against ULV All Fail As A Matter Of Law

#### 1.     Plaintiff's Breach Of Contract Claim Fails Because Neither Contract Plaintiff Claims Was Breached Actually Required ULV To Provide In-Person Classes Or Access To On-Campus Facilities And Services During The COVID-19 Pandemic

Under California law, "the elements of a cause of action for breach of contract are: (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *See Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

The two alleged contracts Plaintiff premises this claim on are: (1) the offer/acceptance letter she received from ULV; and (2) her Spring 2020 Payment Plan Agreement with ULV.  (*See*, *generally*, Dkt. No. 1, ¶¶ 51-68; *see*, *specifically*, *id.*, ¶¶ 59-60.)[1]  In particular, Plaintiff claims ULV breached these two contracts by not providing in-person classes and access to services and facilities on-campus following the onset of COVID-19.  (*See id.*, ¶ 64.)  Tellingly, Plaintiff's complaint fails to identify which specific provisions of these agreements ULV violated by not providing in-person classes and access to services and facilities on-campus following the onset of COVID-19 – likely because neither includes any such requirement.

---

[1] The Complaint also refers to unidentified "marketing materials and other documents provided to the Named Plaintiff" in this claim.  (*See* Dkt. No. 1, ¶ 58.)  However, these allegations are improperly conclusory under the *Twombly/Iqbal* standard as they do not include any meaningful factual enhancement that would, if true, support a finding that in these unidentified materials and documents ULV communicated specific terms to Plaintiff sufficient to create a contractual offer, or that Plaintiff, in turn, communicated her acceptance of such an offer back to ULV as required for contract formation.  *See* Judicial Council of California Civil Jury Instruction ("CACI") 307; *see also* CACI 309.

CALL&
JENSEN

With respect to the offer letter, Plaintiff conspicuously failed to include it with the Complaint.  However, the law is clear that the Court may consider the letter on this motion as it has been incorporated by reference into her complaint given it is one of the contracts on which Plaintiff relies for this claim.  *See Davis v. HSBC Bank Nev., N.A.*, 691 F. 3d 1152, 1159-60 (9th Cir. 2012).  It states in full:

December 1, 2020

Brianna Arredondo
3421 Jade Way
Pomona, CA 91767-1050

Dear Brianna,

**Congratulations!** I am pleased to announce your admission to the University of La Verne for Fall 2019.

The faculty has awarded you our Founders' Scholarship.  Based on your academic and personal accomplishments, we are making this substantial investment in your future as we believe you will succeed as a student and as a thriving member of our Leo community. This prestigious award is $13000 for the duration of your undergraduate studies.[1]

The next step is easy.

All you need to do is say "Yes!" and accept our offer of admission.  Please use the enclosed envelope to submit your enrollment deposit any time between now and the National Candidates' Reply Date of June 15 to let us know you will be attending the University of La Verne.

Your admission officer, Ladonna Caballero, will assist you with any questions.  You can reach Ladonna at 909-448-4355 or via email at lcaballero@laverne.edu.  You should also access the admitted student website at univ.lv/admitted for important information regarding next steps.  Your La Verne ID number is **11931986**.

I look forward to seeing you on our beautiful campus.  Welcome to the Leo family!

Sincerely,

*Devorah Lieberman*

Devorah Lieberman, Ph.D.
President

---
1 For more information on University of La Verne's policy on satisfactory academic progress as a condition to maintaining academic merit scholarship awards, use the following link: http://sites.laverne.edu/financial-aid/satisfactory-academic-progress-policy-standards/

(*See* Def.'s Request for Judicial Notice ("RJN"), ¶ 1, Ex. A.)  The letter does *not* guarantee in-person classes and access to services and facilities on-campus following the onset of COVID-19 – let alone such access and classes during the middle of a global pandemic involving an airborne, often fatal, disease.  Therefore, Plaintiff cannot rely on the offer letter to support her claim for breach of contract.

Similarly, the Spring 2020 Payment Plan – which was attached to the Complaint as Exhibit A – also does not create an obligation for ULV to provide in-person classes or access to services and facilities on-campus following the onset of COVID-19.  (*See* Dkt. No. 1-1). The Terms and Conditions of the Spring 2020 Payment Plan do not include any provisions that create an obligation on ULV's part to provide in-person classes or access to services and facilities on-campus – let alone to do so following the onset of COVID-19.  Plaintiff cannot rely on this agreement for her breach of contract claim.

Because neither of the contracts Plaintiff relies on for her breach of contract claim actually require ULV to provide in-person classes and access to services and facilities on-campus, especially after the onset of COVID-19, Plaintiff's breach of contract claim fails in its entirety.  *See*, *e.g.*, *Doe v. Cal. Inst. Of Tech.*, 2019 WL 8645652, *5 (C.D. Cal. Aug. 13, 2019) (dismissing breach of contract claims where the document plaintiff relied on for her breach of contract claims "was not sufficiently definite for the court to ascertain the parties' obligations and to determine whether those obligations ha[d] been performed or breached") (internal quotation marks omitted); *Singh v. American Honda Fin. Corp.*, 925 F. 3d 1053, 1072-74 (9th Cir. 2019) (affirming trial court's finding breach of contract claim was not viable because plaintiff failed to show "he was promised something he did not receive" in the relevant contract); *Lobstein v. Wash. Mut. Mortg. Pass-Through Certificates WMALT Series 2007*, 2020 WL 5913897, *3 (C.D. Cal. Aug. 27, 2020) (dismissing breach of contract claims when the plaintiff's allegations "[did] not specify the provision of the mortgage agreement which these actions allegedly breached or otherwise plausibly articulate a theory why the assessment of these fees, costs, and charges constituted a breach"); *ABC Servs. Grp., Inc. v. Health Net of Cal., Inc.*, 2020 WL 4760182, *3 (stating "[b]ecause Plaintiff has again neglected to identify any contract provisions to support its breach of contract claims – even for those contracts which Plaintiff has in its possession – the Court finds

CALL &
JENSEN

1   that the breach of contract claims must be dismissed"). The Court should dismiss this
2   claim with prejudice.

3           **2.    Plaintiff's Unjust Enrichment Claim Fails Because Such Claims**
4                   **Are Not Viable When There Is An Enforceable Agreement**
5                   **Between The Parties On The Subject Matter**

6           Because there is no standalone claim for unjust enrichment under California law,
7   when a plaintiff alleges such a claim courts construe it as being a quasi-contract claim
8   seeking restitution.  *See Astian v. Hain Celestial Grp., Inc.*, 783 F. 3d 753, 762 (9th Cir.
9   2015).  This claim fails for two reasons.

10          First, Plaintiff's unjust enrichment claim is based on the same allegations as its
11  breach of contract claims, i.e. that ULV agreed to provide Plaintiff with in-person
12  classes and access to on-campus services and facilities.  (Dkt. 1, ¶¶ 69-78).  But the law
13  is clear that "[a] plaintiff may not … pursue or recover on a quasi-contract claim if the
14  parties have an enforceable agreement regarding a particular subject matter."  *See Klein*
15  *v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1388 (2012); (*compare* Dkt. No. 1, ¶¶
16  51-68 *with id.*, ¶¶ 69-78.)  Because the complaint asserts a valid contract between the
17  parties, the unjust enrichment claim must be dismissed.  *See Klein*, 202 Cal. App. 4th at
18  1389; *see also World Surveillance Grp. Inc. v. La Jolla Cove Investors, Inc.*, 2014 WL
19  1411249, *2 (N.D. Cal. April 11, 2014) (applying *Klein* in dismissing unjust enrichment
20  claim because plaintiff had pleaded existence of an enforceable agreement between the
21  parties on the subject matter at issue and had not denied the existence or enforceability
22  of such agreement); *Mahmoud v. Select Portfolio, Inc.*, 2017 WL 3387470, *7 (N.D.
23  Cal. Aug. 7 ,2017) (same).

24          Second, this claim fails because the only sources Plaintiff identifies in her
25  complaint purportedly creating a right to in-person classes and access to on-campus
26  facilities and services during COVID-19 – i.e. her acceptance letter and Spring 2020
27  Payment Plan agreement – do not provide Plaintiff with such rights.  (*See* RJN, ¶ 1, Ex.
28  A; Dkt. No. 1-1.)  Accordingly, because the sources Plaintiff relies on do not actually

DEFENDANT UNIVERSITY OF LA VERNE'S FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

provide such a right, Plaintiff cannot premise her claim for unjust enrichment on that contention. (*See* Dkt. No. 1, ¶¶ 69-78.)

### 3.  Plaintiff's Conversion Claim Fails Because It Does Not Seek An Amount Certain And It Is Barred By The Economic Loss Rule

Under California law, conversion "comprises three elements: (a) plaintiff's ownership or right to possession of personal property, (b) defendant's disposition of property in a manner inconsistent with plaintiff's property rights, and (c) resulting damages." *See Voris v. Lampert*, 7 Cal. 5th 1141, 1150 (2019) (internal quotation marks omitted). Plaintiff's conversion claim fails for two reasons.

First, Plaintiff's conversion claim is based on ULV allegedly converting money, but a conversion claim regarding money is only viable if the plaintiff specifies the specific sum allegedly converted, which Plaintiff does not do. (*See* Dkt. No. 1, ¶¶ 79-88); *see also PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 395 (2007) ("[m]oney cannot be the subject of a cause of action for conversion unless there is a specific, identifiable sum involved, such as where an agent accepts a sum of money to be paid to another and fails to make the payment. A generalized claim for money [is] not actionable as conversion"); *Diaz v. Serta Simmons Bedding, LLC*, 2018 WL 8733355, *2-*3 (C.D. Cal. Oct. 23, 2018) (dismissing conversion claim because "Plaintiff fails to plead sufficient facts to demonstrate that a sum is capable of identification as required by California law").

Second, Plaintiff's conversion claim is based on the same factual allegations as her breach of contract claim. (*Compare* Dkt. No. 1, ¶¶ 51-68 *with id.*, ¶¶ 79-88.) However, the economic loss rule – which exists to "prevent[ ] the law of contract and the law of tort from dissolving one into the other" – precludes a plaintiff from premising a conversion claim on the same grounds as a breach of contract claim. *See Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004) (internal quotation marks omitted) (also stating "[t]he economic loss rule requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can

CALL &
JENSEN

demonstrate harm above and beyond a broken contractual promise"); *Perez v. JP Morgan Chase Bank, N.A.*, 2020 WL 2515950, \*4-\*5 (C.D. Cal. May 8, 2020) (dismissing conversion claim under economic loss rule when claim was based on same factual predicate as breach of contract claims and damages were about loss of money); *Zhejian Crafab Elec. Co., Ltd. V. Advantage Mfg., Inc.*, 2018 WL 6177952, \*5-\*6 (C.D. Cal. April 23, 2018) (in dismissing conversion claim under economic loss rule, noting that "California's economic loss rule prohibits parties from recovering tort damages for what is essentially a breach of contract claim"). Plaintiff's claim for conversion does not stand alone and must be dismissed.

## III.   CONCLUSION

Plaintiff's Complaint fails to state a claim as a matter of law.  ULV did not have a contractual requirement to provide in-person classes, especially during a global crisis and government regulation barring large gatherings. The contracts between the parties also preclude Plaintiff's claim for unjust enrichment and conversion. The Court should grant Defendant's motion, and dismiss Plaintiff's Complaint.


Dated:  December 4, 2020                    CALL & JENSEN
                                           A Professional Corporation
                                           David R. Sugden
                                           Kent R. Christensen
                                           Delavan J. Dickson


                                           By: */s/ David R. Sugden*
                                                David R. Sugden

                                           Attorneys for Defendant University of La Verne