UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNA ARREDONDO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF LA VERNE,<br><br>Defendant. | Case No. 2:20-cv-07665-MCS-RAOx<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [45]** |

Defendant the University of La Verne moves to dismiss Plaintiff Brianna Arredondo's claims for breach of contract, unjust enrichment, and conversion. Mot., ECF No. 45. Plaintiff filed an Opposition and Defendant filed a Reply. Opp., ECF No. 46; Reply, ECF No. 47. The Court deemed the Motion appropriate for decision without oral argument and vacated the hearing. Fed. R. Civ. P. 78(b); Local Rule 7-15.

The Motion is **GRANTED in part** and **DENIED in part**.

I. **PLAINTIFF'S ALLEGATIONS**

Plaintiff paid Defendant approximately $22,925 in tuition for the Spring 2020 and Fall 2020 semesters, in addition to a $160 "ASULV" fee, $415 student health

1

insurance fee, and other fees Plaintiff defines as "Mandatory Fees" each semester. Second Amended Complaint ("SAC") ¶¶ 1, 21, ECF No. 44. Defendant suspended in-person instruction, restricted access to certain on-campus facilities/services, and required students to vacate their rooms around March 16, 2020 due to the Covid-19 pandemic but has not refunded Plaintiff's tuition or Mandatory Fees. *Id.* ¶¶ 3-5. "Plaintiff challenges Defendant's decision to retain monies paid by students like Plaintiff and refuse to offer any refunds, provide[] any discounts, or apply any credit to Plaintiff and Class members' accounts when Defendant failed to provide the in-person and on-campus services that were bargained for, promised, and agreed to." *Id.* ¶ 17. Plaintiff prays for "disgorgement and return of the pro-rated portion of [his] tuition and Mandatory Fees, proportionate to the amount of time in the respective semester when [Defendant] closed and switched to online learning." *Id.* ¶ 18.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## III. REQUEST FOR JUDICIAL NOTICE

Defendant asks the Court to consider Plaintiff's acceptance letter and Defendant's 2019-2020 catalog. *See* Request for Judicial Notice, ECF No. 45-1. The

Court considers these documents because the SAC references them, they are central to Plaintiff's claims, and Plaintiff does not question their authenticity or oppose their consideration. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

## IV. DISCUSSION

Defendant argues in relevant part that: (1) it never made an unqualified promise to provide in-person classes and on-campus services; (2) Plaintiff's allegations amount to a non-actionable averment of educational malpractice; (3) Plaintiff's unjust enrichment claim impermissibly recasts her breach of contract claim; and (4) Plaintiff's conversion claim fails because it does not seek an amount certain.

### A. Breach of Contract

To prevail on a breach of contract claim, Plaintiff must allege (1) that a contract existed, (2) her performance or excuse for nonperformance, (3) breach, and (4) damages. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). Because no formal contract typically exists between a student and university, "the general nature and terms of the agreement are usually implied, with specific terms to be found in the university bulletin and other publications…" *Kashmiri v. Regents of Univ. of California*, 156 Cal. App. 4th 809, 828 (2007). To determine whether representations from such sources become part of the contract, the Court looks at the reasonableness of the parties' expectations at the time the contract was formed by considering the totality of the circumstances. *Id.* at 831-32 ("The reasonableness of the student's expectation is measured by the definiteness, specificity, or explicit nature of the representation at issue.").

Here, the parties allegedly "entered into a contractual agreement where Plaintiff would provide payment in the form of tuition and fees and Defendant, in exchange, would provide in-person and on-campus educational services." SAC ¶ 35. As to the allegedly breached promise to "provide in-person and on-campus education services," Plaintiff cites Defendant's "website and marketing materials," Plaintiff's application for admission, Plaintiff's acceptance letter, registration materials, "the course catalog," and

3

"course listings." *Id.* ¶ 36. The SAC includes or quotes many of these materials. *See, e.g.,* SAC ¶ 51 (social media marketing depicting in-person instruction and on-campus experiences); ¶¶ 52-53 (Defendant's website promoting in-person instruction and on-campus experiences); ¶¶ 54-57 (Defendant's course catalog promoting in-person instruction and on-campus experiences).

These allegations and materials, construed in a light most favorable to Plaintiff, support that Defendant made sufficiently specific representations to infer a contractual promise to provide at least some in-person instruction and on-campus services in exchange for Plaintiff's payments. *Nguyen v. Stephens Inst.*, 2021 WL 1186341, at *3 (N.D. Cal. Mar. 30, 2021) (collecting cases finding that plaintiffs sufficiently identified a promise to provide in-person instruction where he or she identified statements touting in-person teaching and on-campus experiences). Defendant's website, for example, promoted "countless" in-person opportunities on campus and its catalog touts the benefits of in-person classroom interaction and instruction. Defendant stresses that its catalogue "reserves the right to make necessary changes in policies, requirements, tuition, fees and calendars contained herein at any time without prior notification." Mot. 15. But for pleading purposes, the SAC's allegations and proffered materials support an inference that Plaintiff reasonably expected to have access to at least some on-campus services and in-person instruction—a catalogue's broad reservation of rights cannot categorically foreclose claims that a university failed to provide promised services. *Bridget McCarthy v. Loyola Marymount Univ.*, 2021 WL 268242, at *4 (C.D. Cal. Jan. 8, 2021) ("Defendant first argues that Plaintiff's contract claims fail because she has failed to identify a discrete, specific promise that she would be provided in-person education and access to on-campus facilities… Drawing all inferences in Plaintiff's favor, the Court disagrees."). Because the latter three elements—Plaintiff's performance, breach, and damages—are undisputed assuming the existence of a contract to provide the withheld services, Plaintiff states a breach of contract claim.

Defendant's contention that the educational malpractice doctrine bars all claims mischaracterizes Plaintiff's grievances. Mot. 7 (citing *Lindner v. Occidental Coll.*, 2020 WL 7350212, at *6 (C.D. Cal. Dec. 11, 2020) ("Courts in California and across the country have repeatedly rejected claims that seek damages for an allegedly 'subpar' education, or 'educational malpractice' claims, whether those claims sound in contract or tort."). Plaintiff alleges breach of specific contractual promises that do not concern academic judgments protected by the doctrine. *McCarthy*, 2021 WL 268242, at *4 ("Here, the decision to suddenly shift to online education can hardly be characterized as an 'academic decision' within the meaning of [the educational malpractice] doctrine. Indeed, the decision to cease in-person instruction involved no judgment, much less an academic one, because Defendant was mandated by government orders to do so."). Defendant failed to provide bargained-for "services for which [Plaintiff's] Mandatory Fees were assessed," including access to "health and wellness facilities, programs or services, fitness facilities, student events or sports, and in-person commencement." SAC ¶ 45. It discontinued allegedly promised in-person instruction due to professed medical necessity, not the doctrine's contemplated pedagogical considerations. *Id.* ¶¶ 42-45, 47. While the exact contours of Defendant's promises appear presently undefined, Plaintiff has alleged enough to state a claim distinguishable from non-justiciable complaints of educational malpractice. *Saroya v. Univ. of the Pac.*, 2020 WL 7013598, at *4 (N.D. Cal. Nov. 27, 2020) ("The rights asserted include access to campus buildings, including the buildings where classes were scheduled to meet, participation in on-campus activities, hands-on training and face-to-face instruction as promised by UOP… Thus, construing the FAC in the light most favorable to Plaintiff, his claim is not that UOP failed to provide students with an adequate education, but that it failed to provide certain services as promised."). At minimum, Plaintiff is entitled to investigate through discovery whether Defendant retaining *all* monies despite providing a profoundly altered product breached a contractual promise.

Defendant's Motion to Dismiss Plaintiff's breach of contract claim is **DENIED**.

### B. Unjust Enrichment

The theory underlying unjust enrichment is "that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request'" and courts construe a claim seeking the return of that benefit "as a quasi-contract claim seeking restitution." *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citation omitted). It is well-established that such a claim cannot coexist with an express contract covering the same subject matter. *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010) ("As a matter of law, an unjust enrichment claim does not lie where the parties have an enforceable express contract.").

Plaintiff's breach of contract claim seeks to enforce Defendant's alleged contractual promise to provide in-person and on-campus educational experiences. SAC ¶¶ 78-92. Plaintiff's substantively identical unjust enrichment claim seeks to recover for violation of the same contractual duties and does not allege the contract was unenforceable or void. *Id.* ¶¶ 93-103. Plaintiff therefore fails to state an unjust enrichment claim. *Nguyen*, 2021 WL 1186341, at *5 (collecting cases dismissing unjust enrichment claims premised on breach of contractual duties under California law).

Plaintiff's unjust enrichment claim is **DISMISSED without leave to amend**, as Plaintiff offers nothing to suggest that further amendment could cure this deficiency. *See* Order Granting Mot. to Dismiss 2 ("[F]urther dismissals based on grounds raised in the Motion are likely to be granted without leave to amend."), ECF No. 43.

### C. Conversion

"The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages[.]" *Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (2015) (internal quotation marks omitted). Plaintiff alleges she paid $22,925 in tuition and additional Mandatory Fees each semester, but seeks to recover only a "prorated portion of [her] tuition and Mandatory Fees." *Id.* ¶¶ 1, 18, 21. The Court agrees

with Defendant that Plaintiff's prayer for an unspecified amount of a "pro-rated portion of [her] tuition and Mandatory Fees" is fatal to Plaintiff's conversion claim. *Nguyen*, 2021 WL 1186341, at *5-6 ("An obligation to pay an unspecified, nonidentifiable amount of a 'pro-rata share of tuition and fees,' as Nguyen does here, is insufficient to qualify for recovery under a conversion claim.") (citing *Saroya*, 2020 WL 7013598, at *7 (collecting cases for the proposition that an "obligation to pay money, like Plaintiff's claim for partial tuition reimbursement, is insufficiently tangible to qualify as property"). Because Plaintiff cannot recover a pro-rata share of her tuition and fees pursuant to her conversion claim, that claim is **DISMISSED without leave to amend**, as Plaintiff offers nothing to suggest that further amendment could cure this deficiency. *See* Order Granting Mot. to Dismiss 2 ("[F]urther dismissals based on grounds raised in the Motion are likely to be granted without leave to amend.").

## V. CONCLUSION

Defendant's Motion is **DENIED** as to Plaintiff's breach of contract claim and **GRANTED** as to Plaintiff's unjust enrichment and conversion claims. Plaintiff's unjust enrichment and conversion claims are **DISMISSED without leave to amend**. Defendant shall file an answer within 7 days of this Order.

**IT IS SO ORDERED.**

Dated: April 21, 2021

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE