| | |
|---|---|
| David R. Shoop, Esq. (SBN 220576)<br>Thomas S. Alch, Esq. (SBN 136860)<br>**SHOOP \| A PROFESSIONAL LAW CORPORATION**<br>9701 Wilshire Blvd., Suite 950<br>Beverly Hills, California 90212<br>Telephone: (310) 620-9533<br>David.shoop@shooplaw.com<br>Thomas.alch@shooplaw.com | Perry L. Segal (SBN 250947)<br>**Charon Law**<br>303 Twin Dolphin Drive, Suite 600<br>Redwood City, California 94065-1422<br>(650) 542-7935<br>perry.segal@charonlaw.com |
| Jason P. Sultzer, Esq.*<br>Mindy Dolgoff, Esq.*<br>**THE SULTZER LAW GROUP P.C.**<br>270 Madison Avenue, Suite 1800<br>New York, NY 10016<br>Telephone: (212) 969-7810<br>sultzerj@thesultzerlawgroup.com<br>dolgoffm@thesultzerlawgroup.com | Jeffrey K. Brown, Esq. *<br>Michael A. Tompkins, Esq.*<br>**Leeds Brown Law, P.C.**<br>One Old Country Road, Suite 347<br>Carle Place, NY 11514<br>Telephone: (516) 873-9550<br>jbrown@leedsbrownlaw.com<br>mtompkins@leedsbrownlaw.com |

*Admitted Pro Hac Vice*

*Counsel for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIANNA ARREDONDO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNIVERSITY OF LA VERNE,<br><br>Defendant. | Case No. 2:20-cv-07665-MCS-RAO<br>Hon. Mark C. Scarsi, U.S.D.J.<br><br>*EX PARTE APPLICATION TO EXTEND THE EXPERT DISCOVERY DISCLOSURE DEADLINES* |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Brianna Arredondo ("Plaintiff") seeks *ex parte* relief pursuant to Central District Court Local Rule 7-19 to extend the expert discovery disclosure deadlines, including those set in Docket No. 64. The current expert discovery disclosure deadline is January 18, 2022, and there is an ongoing discovery dispute pending before Hon. Rozella A. Oliver, U.S. Magistrate Judge, regarding the production of documents related to putative class members. Plaintiff seeks for the expert disclosure deadlines to be extended to 30 days after the production of any documents (if any) ordered to be produced by Judge Oliver – or 30 days after the class certification is decided, whichever is later. Plaintiff brings this *ex parte* application on the grounds that it is necessary for the pending issue of putative class discovery to be decided prior to the expert discovery disclosure deadline. Defendants initially agreed to extend this deadline on Jan. 4, 2022, but then recanted on Jan. 5, 2022.

**Compliance with Local Rules 7-19 and 7-19.1:** This application is made following the conference of counsel pursuant to Central District Local Rule 7-19, which took place through a meet and confer conference call on January 6, 2022, and through the exchange of e-mail correspondence beginning on December 3, 2021, attached as Exhibits A through F, as detailed in the Declaration of Michael A. Tompkins, Esq.

Defendant is expected to oppose this *ex parte* application. Defendant's

counsel's contact information is as follows: Marlynn P. Howe, Esq., Call & Jensen, 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660; (949) 717-3000; mhowe@calljensen.com.

Dated: January 7, 2022
Carle Place, New York

/s/ Michael A. Tompkins
Michael A. Tompkins, Esq.*
Brett R. Cohen, Esq.*
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel. (516) 873-9550
mtompkins@leedsbrownlaw.com
bcohen@leedsbrownlaw.com
*Admitted Pro Hac Vice

&

**SULTZER LAW GROUP, P.C.**
Jason P. Sultzer, Esq.*
Mindy Dolgoff, Esq.*
sultzerj@thesultzerlawgroup.com
85 Civic Center Plaza, Suite 104
Poughkeepsie, New York 12601
Tel. (845) 483-7100
*Admitted Pro Hac Vice

&

**SHOOP A PROFESSIONAL LAW CORPORATION**
David R. Shoop, Esq.
Thomas S. Alch, Esq.
9701 Wilshire Blvd., Suite 950
Beverly Hills, California 90212

Tel. (310) 620-9533

&

**CHARON LAW**
Perry L. Segal, Esq.
303 Twin Dolphin Drive, Suite 600
Redwood City, California 94065
Tel. (650) 542-7935
perry.segal@charonlaw.com

*Counsel for Plaintiff and the Putative Class*

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This Court should extend the expert discovery disclosure deadlines, which requires Plaintiff to make its Expert Disclosure (Initial) on January 18, 2022, pending Magistrate Judge Oliver's ruling regarding the ongoing discovery dispute – namely the putative class discovery and Defendant's refusal to produce putative class member records until after a class is certified. The Court should extend it for four reasons: (1) the issue of putative class discovery and its scope is presently before Judge Oliver and was scheduled to be heard on Jan. 4, 2022 before the Court had to reschedule due to a scheduling conflict, (2) Plaintiff requested relief in early December but have been unable to obtain relief or be heard given scheduling issues, including those associated with Judge Oliver's availability, (3) the parties are presently scheduled to brief the issues, including the appropriate amount of putative class discovery before Judge Oliver, in lieu of the IDC, and (4) mostly importantly, Defendant has previously withheld documents on the basis that it is not required to produce putative class discovery – which would importantly help facilitate an expert report – until the Court renders a decision on class certification, which was argued before Your Honor on Jan. 3, 2022. Plaintiff disagrees with Defendant's position and has properly raised the issue before Judge Oliver, but it has yet to be resolved.

Defendants current position is that it does not consented to this extension, despite acknowledging the pending discovery dispute of putative class discovery is

properly before Judge Oliver. Importantly, Plaintiff raised the pending putative class discovery issue on December 3, 2021, a reasonable amount of time before the January 18, 2022, expert discovery disclosure deadline, and Plaintiff would be prejudiced and irreparably harmed if the discovery issue is not resolved with ample time before the expert discovery disclosure deadline. The decision on the issue regarding putative class discovery should be rendered prior to when Plaintiff must submit her initial expert discovery disclosures, as the putative class discovery is vital to Plaintiff's expert discovery disclosures – including records of the payments class members made, the scholarships received, the amount of potential offsets claimed by Defendant, and the amounts retained by the University during the Spring 2020 for putative class members. In fact, during oral arguments on class certification on Jan. 3, 2022, Plaintiff's counsel raised the expert disclosure issue and referenced the then-pending Jan. 4, 2022, discovery conference with Judge Oliver.

The unforeseen adjournment of the January 4, 2022, informal discovery conference set for the putative class discovery issue was not within Plaintiff's control. Plaintiff has attempted to work with Defendant to reach an agreement to extend the expert discovery disclosure deadline, while negotiating a briefing schedule regarding the putative class discovery issue as directed by Judge Oliver. However, after Defendant initially agreed to an extension, Defendant later recanted. Because of the outstanding putative class discovery issue pending before Judge Oliver, Defendant's shifting positions, Judge Oliver's request for briefing in lieu of

a remote IDC, and the cancellation of the IDC less than 24 hours before it was scheduled (and after class certification oral arguments were heard), Plaintiff respectfully requests this *ex parte* application be granted and the expert discovery disclosure deadlines be extended. For these reasons, Plaintiff respectfully requests that the Court extend the Jan. 18, 2022, expert disclosure disclosure deadlines until: (1) after the Court renders a decision on class certification and Judge Oliver renders a decision on the discovery disputes currently being briefed, or (2) until Judge Oliver rules and the necessary discovery is produced. Additionally, Plaintiff would request that the other expert disclosure deadlines be extended accordingly, as reflected in Plaintiff's proposed order.

## II.     *Ex Parte* Relief Is Warranted

A party filing an *ex parte* application must show "that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 490 (C.D. Cal. 1995).  Here, *ex parte* relief is warranted because Plaintiff will be irreparably harmed if forced to designate and exchange expert reports on January 18, 2022, prior to Judge Oliver determining the outstanding discovery dispute, Plaintiff originally sought resolution of the discovery dispute with adequate time to meet the deadline, and the delay of the resolution of the discovery dispute is through no fault of Plaintiff.

If Plaintiff sought the extension through a regular noticed motion, it would not be ripe for determination before the January 18, 2022 deadline.

### III. THE ISSUE OF PUTATIVE CLASS DISCOVERY IS CURRENTLY PENDING BEFORE JUDGE OLIVER

Throughout discovery, Defendant has consistently taken the position that putative class discovery was unnecessary until a class was certified, and Defendant has objected to and withheld productions related to putative class members based on that position. *See* Ex. A (reflecting Meet & Confer notes from Defendant's counsel including those asserting objections based on requests Defendants deemed to be premature before class certification) and Ex. B. After Plaintiff received the discovery needed to move for class certification and then moved for class certification on Nov. 8, 2021 [Dkt. 70], Plaintiff raised the issue of putative class discovery on December 3, 2021. Ex. C (email to Judge Oliver reflecting several discovery disputes at issue including that, "Further, Defendant has objected to putative class discovery as being premature prior to a determination on class certification, including by objecting to Plaintiff's Requests for Production of Documents and has withheld documents based on those objections. Defendant has indicated that it maintains its objections to those document requests."). Plaintiff further attempted to resolve this lack of production issue through a meet and confer with Defendant's counsel on December 7, 2021, but no resolution was reached. *See* Ex. C. Plaintiff then wrote to Judge Oliver on December 9, 2021, to request an informal discovery conference to resolve the issue.

Judge Oliver responded to the parties on December 16, 2021 and offered to hold the conference on January 4, 2022. *See* Ex. D (email from Judge Oliver's chamber on scheduling the Jan. 4, 2022 informal discovery conference) The parties agreed and a conference was set for January 4, 2022. *See* Ex. E (email from Judge Oliver's chamber's reflecting a scheduling conflict). Unfortunately, on January 3, 2022, Judge Oliver adjourned the informal discovery conference set for January 4, 2022, due to an unforeseen scheduling conflict with her schedule and was unable to offer the parties another date for the conference. *See* Ex. E. Judge Oliver suggested that the parties resolve the dispute through letter briefing. *Id.* Since receiving the email canceling the January 4, 2022, conference, Plaintiff has engaged with Defendant's counsel to try and reach an agreement regarding the January 18, 2022 deadline but, has been unable to do so.

Plaintiff took the appropriate measures to resolve this putative class discovery issues with enough time for the issue to be resolved before the January 18, 2022, expert discovery disclosure deadline. However, through no fault of Plaintiff's, the issue has not been able to be resolved in a manner that would allow Plaintiff to comply with the January 18, 2022 deadline. Putative class discovery is an integral to the production of expert discovery disclosures, so without the vital information from putative class discovery that is within the exclusive control of Defendant, any production of expert discovery disclosures would be prone to being incomplete, subject to attack by Defendant, would waste the resources of the parties' expert to

evaluate a potentially incomplete report, and would irreparably harm Plaintiff. Given that this issue has been pending before the Court for several weeks, and that Plaintiff did not raise this issue at the last minute, Plaintiff would be unjustly prejudiced if forced to comply with the January 18, 2022 expert disclosure deadline without the records that are in dispute. Given the importance of the resolution of the putative discovery issue to the ability of Plaintiff to produce expert discovery disclosures, Plaintiff's *ex parte* application should be granted and the expert discovery disclosure deadline should be extended to 30 days after the production of any documents (if any) ordered to be produced by Judge Oliver – or 30 days after the class certification is decided, whichever is later.

## IV.    DEFENDANT PREVIOUSLY AGREED TO EXTEND THE DEADLINE BUT HAS SINCE RECANTED

In light of the adjournment of the informal discovery conference set for January 4, 2022, the parties were given the option to submit a briefing schedule and have the issue resolved through letter briefing alone rather than wait for the conference to be rescheduled. *See* Ex. E. While negotiating a briefing schedule, the parties were initially in agreement about requesting an extension of the January 18, 2022, expert discovery disclosure deadline. However, Defendant, without warning or explanation, recanted their agreement to an extension of the deadline. *See* Ex. F, Ms. Howe's Jan. 4, 2022, 7:40 p.m. email (reflecting Defendant's proposal that states, "Therefore, the parties have conferred and request that Judge Oliver at her earliest convenience extend

the January 18 deadline to exchange expert reports in this matter from January 18 to 30 days after the Court's ruling on class certification, or 30 days after Judge Oliver's issuance of her ruling on the parties' discovery disputes, whichever occurs last."). Less than 24 hours, Defendant's counsel recants the prior position. *See* Ex. F, Ms. Howe's Jan. 5, 2022, 3:50 p.m. email. ("However, after further consideration, University of La Verne is not agreeable to the extension of the January 18 deadline to designate expert and exchange expert reports in this matter.").

After reversing its position on jointly seeking an extension of the January 18, 2022, deadline, Plaintiff informed Defendant that without an agreement Plaintiff would make an *ex parte* application to the Court to request the extension. *See* Ex. F. Plaintiff asked Defendant to meet and confer to see if the parties could reach a resolution and avoid this *ex parte* application. The parties met and conferred via video conference on January 6, 2022. Tompkins Decl. ¶ 4. During the meet and confer Plaintiff, in effort to avoid this application to the Court, sought to compromise with Defendant and offered to agree to Defendant's last proffered position, which was to jointly seek an extension of the deadline from January 18, 2022, to 30 days after Judge Oliver's ruling on the discovery dispute. *See* Tompkins Decl. ¶ 4, Ex. F. The parties agreed the Plaintiff would email Defendant with the proposed request and that Defendant's counsel would confer with her client report back to Plaintiff as soon as possible. *Id.* Plaintiff's counsel further told Defendant's counsel that if they had not heard back from Defendant by close of business on January 7, 2022, Plaintiff would

11

file this *ex parte* application. *Id.* Having not yet heard from Defendant's counsel, Plaintiff's counsel emailed Defendant's counsel at 3:15 p.m. EST to determine ULV's position and to once again inform Defendant that if Plaintiff did not hear from them by close of business, then Plaintiff would file her *ex parte* application. *See* Ex. F. Without the cooperation of Defendant, Plaintiff is forced to make this *ex parte* application to the Court to seek relief for this matter.

## V.     CONCLUSION

For all the reasons noted above, Plaintiff respectfully requests that the Court grant this *ex parte* application and extend the expert discovery disclosure deadline to 30 days after the production of any documents ordered to be produced by Judge Oliver or 30 days after the class certification is decided, whichever is later – or otherwise, refer this issue to Judge Oliver for resolution as part of the briefing of the discovery dispute.

Dated:     January 7, 2022
           Carle Place, New York

/s/ Michael A. Tompkins
Michael A. Tompkins, Esq.*
Brett R. Cohen, Esq.*
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel. (516) 873-9550
mtompkins@leedsbrownlaw.com
bcohen@leedsbrownlaw.com

|   |   |
|---|---|
| 1 | *Admitted Pro Hac Vice |
| 2 | & |
| 3 | |
| 4 | **SULTZER LAW GROUP, P.C.** |
| 5 | Jason P. Sultzer, Esq.* |
| 6 | Mindy Dolgoff, Esq.* |
|   | sultzerj@thesultzerlawgroup.com |
| 7 | 85 Civic Center Plaza, Suite 104 |
| 8 | Poughkeepsie, New York 12601 |
|   | Tel. (845) 483-7100 |
| 9 | *Admitted Pro Hac Vice |
| 10 | & |
| 11 | |
| 12 | **SHOOP A PROFESSIONAL LAW CORPORATION** |
|   | David R. Shoop, Esq. |
| 13 | Thomas S. Alch, Esq. |
| 14 | 9701 Wilshire Blvd., Suite 950 |
|   | Beverly Hills, California 90212 |
| 15 | Tel. (310) 620-9533 |
| 16 | |
| 17 | & |
| 18 | **CHARON LAW** |
|   | Perry L. Segal, Esq. |
| 19 | 303 Twin Dolphin Drive, Suite 600 |
| 20 | Redwood City, California 94065 |
| 21 | Tel. (650) 542-7935 |
| 22 | perry.segal@charonlaw.com |
| 23 | *Counsel for Plaintiff and the Putative Class* |