David R. Sugden, Bar No. 218465
dsugden@calljensen.com
Marlynn P. Howe, Bar No. 120687
mhowe@calljensen.com
Melinda Evans, Bar No. 216594
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000

Attorneys for Defendant University of La Verne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNA ARREDONDO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNIVERSITY OF LA VERNE,<br><br>Defendant. | Case No.  2:20-cv-07665-MCS-RAOx<br>Assigned to Hon. Mark C. Scarsi<br><br>**DECLARATION OF MARLYNN P. HOWE IN SUPPORT OF DEFENDANT UNIVERSITY OF LA VERNE'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN EXTENSION OF EXPERT DISCLOSURES**<br><br>Complaint Filed:  August 23, 2020<br>FAC Filed.:         December 18, 2020<br>SAC Filed:          February 22, 2021<br>Trial Date:          None Set |

# DECLARATION OF MARLYNN HOWE

I, Marlynn Howe, declare:

1. I am senior counsel with the law firm of Call & Jensen, attorneys for Defendant University of La Verne ("ULV") in the above-captioned action. I have personal knowledge of the following matters and, if called to testify concerning them, could do so competently. This Declaration is filed in support of Defendant University of La Verne's ("ULV") Opposition ("Opposition") to Plaintiff's Ex Parte Application for an Extension of Expert Discovery Disclosures ("Application").

2. In summary, ULV opposes Plaintiff's Application because Plaintiff has not articulated good cause for an extension of the January 18, 2022 deadline to serve expert disclosures in this matter. While Plaintiff insinuates that an outstanding discovery dispute pending before Magistrate Judge Rozella A. Oliver is somehow impeding Plaintiff's expert disclosures, Plaintiff has not informed either this Court or ULV what discovery Plaintiff lacks for her expert disclosure.

3. Plaintiff's request for an extension of time to serve expert disclosures came as a surprise to me when raised by Plaintiff's counsel Michael Tompkins during the last few minutes of the January 3, 2022, hearing on Plaintiff's Motion for Class Certification. (Hearing Transcript, ECF 104 at 17:10-22). Previous to this hearing, Plaintiff's counsel had not mentioned to David Sugden or me that Plaintiff intended to request an extension of the January 18, 2022, deadline to exchange expert disclosures, or that Plaintiff's expert could not timely prepare an expert report without further discovery from ULV.

4. On September 9, 2021, ULV served its responses to Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production of Documents, together with more than 2500 pages of documents. On October 8, 2021, ULV supplemented its responses to both sets of discovery requests, serving almost 2,000 more pages of documents on October 8 and 18, 2021. Further supplemental document productions followed on November 5 and 8, 2021, bringing the total number of document pages and

1  files (such as audio files for radio marketing) to 5,189. ULV has produced documents such as its 2019-2020 audited financial statement, 2019-2020 Catalog (containing comprehensive information related to Student Services, Admissions, Financial Aid Policy, Rights and Responsibilities, Academic Programs, Tuitions Rates and Fees, etc.) and Catalog Addendum, standardized undergraduate marketing materials since 2015, standardized graduate marketing materials since 2015 (including tv ads, radio spots, brochures, etc.), standardized admission and enrollment letters, applications, and materials 2015-2020, ULV's COVID-19 community announcements, and communications with ULV's President about COVID-19, as well as comprehensive student records for Plaintiff including admission communications, financial aid records, payment history, student financial summary report, requests for and awards of emergency relief funds, academic transcripts, student application, and credit transfer communications.

5.  ULV has served robust discovery responses in this matter, even where ULV has at times objected to discovery requesting individualized private information pertaining to putative class members protected from disclosure by the Family Educational Rights and Privacy Act ("FERPA"), and constitutional and statutory third party privacy interests. For instance, while ULV objected to disclosing private putative class member information in response to Plaintiff's request for information about all Spring 2020 tuition refunds, ULV still provided a list of all such refunds, including the amount, percentage, and reason for the refund, redacting only the names of the students receiving the refunds. A true and correct copy of ULV's supplemental response to Plaintiff's Interrogatory No. 8, redacting student names but otherwise listing information about all Spring 2020 tuition refunds, is attached here as Exhibit B.

6.  ULV has not responded to Plaintiff's Second Request for Production of Documents propounded on December 22, 2022, but that is because ULV's responses are not due until January 21, 2022--*after* the January 18, 2022, expert disclosure deadline.

7. When in November 2021, ULV first asked to depose and cross-examine the three student declarants who had submitted declarations in support of Plaintiff's Motion for Class Certification, Plaintiff's counsel objected, asserting that the depositions were "class discovery," and that if ULV was allowed to cross-examine these declarants, Plaintiff should be entitled to "class discovery," and ULV should be forced to waive all objections to discovery about putative class members' private information. A true and correct copy of Plaintiff's counsel's December 3, 2021 email outlining this argument has been filed by Plaintiff as Exhibit B in support of her Application. ([ECF 103-3].) While Plaintiff's counsel listed Requests for Production in response to which ULV had objected on grounds that the request was seeking protected information about putative class members before a class has been certified, Plaintiff never suggested that ULV was withholding documents needed by Plaintiff's expert to prepare an expert report. Notably, ULV produced many documents in response to the discovery requests listed in Plaintiff's counsel December 3 email even though it had objected to the requests.

8. After I was unable to resolve differences with Plaintiff's counsel concerning ULV's request for depositions, the parties submitted a joint request for IDC to Magistrate Judge Oliver. Plaintiff's statement in the joint request noticeably lacks any reference at all to Plaintiff's expert report or need for documents. A true and correct copy of the joint request for IDC has been filed by Plaintiff as Exhibit C in support of Plaintiff's Application. ([ECF 103-4].)

9. On January 3, 2022, the IDC scheduled for January 4, 2022, was taken off calendar by Magistrate Judge Oliver due to a scheduling conflict. On the same day, Plaintiff's counsel reached out to me to request a proposed briefing schedule for the IDC, and to "see if we can reach agreement regarding the January 18th deadline for expert reports." Ms. Dolgoff suggested "asking the Court to push the deadline pending a ruling on class certification and the resolution of the putative class discovery dispute."

1  Attached as Exhibit C is a true and correct copy of Ms. Dolgoff's January 3, 2022 email to me.

10. The same day, I responded to Ms. Dolgoff with a proposed briefing schedule that would have allowed Magistrate Judge Oliver to consider the discovery dispute and request for extension of the expert report deadline prior to the expiration of the January 18, 2022, deadline. Specifically, I suggested "that Plaintiff submit her letter brief by Thursday, Jan. 6, and ULV by Tuesday, Jan. 11." As to the extension, I agreed that the expert report exchange should be continued pending the Court's ruling on the motion for class certification, and determination of the scope of the class. I also asked Ms. Dolgoff to clarify the scope of the class. Attached as Exhibit D is a true and correct copy of my January 3, 2022, email to Ms. Dolgoff.

11. Ms. Dolgoff responded on January 4, 2022, with a proposed briefing schedule that would *not* allow Magistrate Judge to consider the request for extension prior to expiration of the January 18 deadline. Specifically, she suggested "that Plaintiff submit her letter brief by Wednesday, Jan. 12 and ULV submit its letter brief by Thursday Jan. 20." She also stated "we propose extending that deadline to 30 days after class certification is decided and the discovery disputes are resolved by the Magistrate and documents are produced pursuant to discovery orders." She also stated that the Court will decide the scope of the class. I promptly reminded her that the deadline for the exchange of expert reports is January 18, before the completion of the letter briefing under her proposed schedule. Attached as Exhibit E is a true and correct copy of Ms. Dolgoff's January 4, 2022, email, together with my response that same day.

12. I did not believe it was appropriate to tie the expert disclosures deadline to the production of documents because the outcome of the discovery dispute had not yet been decided, and there was no certainty that a production of documents would ever occur. I therefore, responded on January 4, 2022, with a revision to Ms. Dolgoff's proposal, stating that the expert disclosures should be due 30 days after the Court's ruling on Plaintiff's motion for class discovery, or 30 days after Magistrate Judge

Oliver's ruling on the discovery whichever came last. Attached as Exhibit F is a true and correct copy of my January 4, 2022 email.

13. On January 5, 2022, Ms. Dolgoff responded, insisting that the deadline must be tied to the production of documents. Attached as Exhibit G is a true and correct copy of Ms. Dolgoff's January 5, 2022, email to me.

14. After consultation with my client, I responded to Ms. Dolgoff on January 5, 2022, that ULV agreed to Ms. Dolgoff's proposed briefing schedule, but that it was not agreeable to the extension of the expert disclosures deadline. Attached as Exhibit H is a true and correct copy of my January 5, 2022, email to Ms. Dolgoff.

15. The same day, on January 5, 2022, Ms. Dolgoff sent an email request to me asking for a meet and confer, falsely contending that an extension for the expert disclosure deadline had been before Judge Oliver for nearly one month, when in fact, our request for IDC had not included a request for extension of this expert deadline. She also stated that ULV had not provided justification for its refusal to accept the extension demanded by Plaintiff, but indeed it was clear that ULV objected to tying the expert disclosure deadline to an event that - by Ms. Dolgoff's admission – may never happen. Attached as Exhibit I is a true and correct copy of Ms. Dolgoff's January 5 email to me.

16. On January 6, 2022, I sent a lengthy email to Ms. Dolgoff, agreeing to meet and confer the same day and providing a lengthy explanation of ULV's position. I specifically requested that Ms. Dolgoff be prepared to specify the particular discovery request that is at issue, and why ULV's response to that discovery request is preventing Plaintiff's expert from meeting the deadline set by the court for the expert disclosures. Attached as Exhibit A is a true and correct copy of my January 6, 2022 email to Ms. Dolgoff.

17. At our January 6, 2022, meet and confer that was also attended by Mr. Tompkins, rather than point out the specific discovery response that supposedly hindered Plaintiff's expert disclosures, Ms. Dolgoff and Mr. Tompkins instead relented and suggested that the deadline be set to 30 days after Magistrate Judge Oliver issues

her ruling. I agreed to ask my client if it was agreeable to this deadline. Although I tried three times on January 6 and January 7 to reach my client for authorization to this proposed extension, I was unable to make contact with my client.

18. Accordingly, ULV opposes this Application. Certainly, ULV does not agree that the pending discovery dispute hinders Plaintiff's expert disclosures in any manner. To the extent that the Court finds good cause to extend the expert disclosure deadline, ULV requests that the extension be mutual so that expert disclosures can be exchanged simultaneously.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. This declaration was executed on January 10, 2022 at Newport Beach, California.

                          */s/ Marlynn Howe*
                          Marlynn Howe