David R. Sugden, Bar No. 218465
dsugden@calljensen.com
Marlynn P. Howe, Bar No. 120687
mhowe@calljensen.com
Melinda Evans, Bar No. 216594
mevans@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000

Attorneys for Defendant University of La Verne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNA ARREDONDO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNIVERSITY OF LA VERNE,<br><br>Defendant. | Case No. 2:20-cv-07665-MCS-RAOx<br>Assigned to Hon. Mark C. Scarsi<br><br>**DEFENDANT UNIVERSITY OF LA VERNE'S EX PARTE APPLICATION FOR FILING OF SUPPLEMENTAL BRIEFING AND EXPERT REPORT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>*[Filed concurrently with the Declaration of Marlynn Howe and (Proposed) Order]*<br><br>Complaint Filed: August 23, 2020<br>FAC Filed : December 18, 2020<br>SAC Filed: February 22, 2021<br>Trial Date: None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant University of La Verne ("ULV") seeks *ex parte* relief pursuant to Central District Court Local Rule 7-19 and *Christian v. Mattel, Inc.*, 286 F.3d. 1118, 1129 ("The district court has considerable latitude in managing the parties' motion practice …"). Specifically, ULV requests leave to submit no later than February 7, 2022 (or sooner if desired by the Court), the expert report of Benjamin S. Wilner, Ph.D., and a short supplemental brief not to exceed 3 pages, in support of ULV's Opposition to Plaintiff's Motion for Class Certification. (ECF 71.)

Good cause exists to grant the application. ULV believes that the report of Dr. Wilner will be of great assistance to the Court in conducting the required rigorous analysis of whether Plaintiff has met her burden of showing actual conformance with all Rule 23 requirements. Dr. Wilner's report provides helpful expert opinion about methodology for calculating damages, explaining why Plaintiff's proposed damages methodology is flawed along multiple dimensions, and analyzing why Plaintiff's proposed methodology would require resolution of individual issues in order to identify which students could possibly qualify to be members of the proposed class. In addition to providing expert analysis of why Plaintiff's proposed damages methodology would necessarily cause individualized issues to predominate, Dr. Wilner's report provides expert analysis that Plaintiff cannot show damages even under her own proposed methodology, a fact at the core of ULV's argument that Plaintiff cannot represent the putative class on a breach of contract claim. It would unfairly prejudice ULV to deny it leave to submit this evidence, which is crucial to the Court's rigorous analysis of whether Plaintiff can satisfy the requirements of Rule 23 for class certification. The parties adhered to the class certification briefing deadlines set by the Court, as well as the subsequent deadline to exchange expert reports 7 weeks after ULV's opposition to class certification was filed. Dr. Wilner's expert report was not available when ULV filed its opposition papers on November 29, 2021, but was subsequently developed and provided to Plaintiff on January 18, 2022.

1    ULV is not opposed to allowing Plaintiff leave as well to submit her expert's report and short supplemental briefing. ULV invited Plaintiff to join in this request, but Plaintiff responded that it would oppose this application. (Declaration of Marlynn Howe ("Howe Decl."), ¶¶ 2-4, Exhs. A-C.) Plaintiff's counsel further indicated that if the Court grants ULV leave to file its expert report and a supplemental brief, Plaintiff would request that the Court also grant Plaintiff leave to do the same. (*Id.*, ¶ 4.) The parties' expert rebuttal reports are scheduled to be exchanged February 16, 2022, per the deadline set by the Court. (ECF 64.) After February 16, if the Court wishes, the parties could also file their experts' rebuttal reports.

**Compliance with Local Rules 7-19 and 7-19.1:** This motion is made following meet and confer communications between counsel that was initiated by email on Thursday, January 27, followed by a video conference on Friday, January 27, 2022. (Howe Decl., ¶¶ 2-4, Exhs. A-C.) Plaintiff has indicated that she intends to oppose the Application, but intends to ask for the same relief if the Application is granted. Plaintiff's counsel's contact information is as follows: Mindy Dolgoff, Esq., The Sultzer Law Group, P.C., 270 Madison Avenue, Ste. 1800, New York, New York 10016; (551) 370-8776; dolgoffm@thesultzerlawgroup.com.

Dated: January 28, 2022

CALL & JENSEN
A Professional Corporation
David R. Sugden
Marlynn P. Howe
Melinda Evans

By: */s/ David R. Sugden*
　　　David R. Sugden

Attorneys for Defendant University of La Verne

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

New evidence—specifically, the expert report of Benjamin S. Wilner, Ph.D.—has evolved since defendant University of La Verne ("ULV") was required to file its opposition to Plaintiff's Motion for Class Certification. Dr. Wilner's expert opinions go directly to the arguments in ULV's Opposition that Plaintiff cannot adequately represent the class because she was not damaged, and that Plaintiff's model of damages cannot satisfy the predominance test because individual issues will necessarily predominate.

The report of Dr. Wilner provides important, helpful expert opinion about damages methodology, explaining why Plaintiff's proposed damages methodology is flawed along multiple dimensions, and analyzing why Plaintiff's proposed methodology would require resolution of individual issues in order to identify which students might qualify to be included in the proposed class. In addition to this evidence going to why individualized issues predominate, Dr. Wilner's report provides expert analysis that Plaintiff cannot show damages even under her own proposed methodology, a fact at the core of ULV's argument that Plaintiff cannot represent the putative class on a breach of contract claim.

In compliance with deadlines set by the Court (ECF 64, p. 2), ULV filed its opposition to class certification on November 29, 2021 (ECF 86), and the parties subsequently exchanged expert reports on January 18, 2022. While the report of Dr. Wilner was not available when ULV filed its opposition to class certification, ULV believes the report would significantly assist the Court in preparing its ruling on class certification.

Given the substantial damages sought by Plaintiff in this putative class action and the significance of the Court's class certification ruling to this case, ULV seeks leave of Court to submit the expert report of Dr. Wilner and a short supplemental brief, not to exceed 3 pages, to briefly explain the report's relevance.



ULV has asked Plaintiff if she would like to join in this request. Plaintiff responded that she intends to oppose this Application, but if the Application is granted, Plaintiff will also request leave to file her expert report and supplemental briefing. ULV is not opposed to allowing Plaintiff to likewise submit her expert's report and a short supplemental brief, should she like to do so. (Howe Decl., ¶¶ 2-4, Exhs. A-C.)

Plaintiff's motion for class certification has already been argued and taken under submission. ULV therefore proposes that it be allowed to submit Dr. Wilner's expert report and a short supplemental brief, not to exceed 3 pages, no later than February 7, 2022 (or sooner if desired by the Court). Rebuttal reports are currently due to be exchanged February 16, 2022. (ECF 64.) Should the Court wish it, the parties could also file their experts' rebuttal reports with the Court no later than February 21, 2022.

## II.   LEGAL STANDARDS FOR EX PARTE APPLICATIONS

Ex parte applications are designed to provide urgent relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F.Supp. 488, 490 (C.D. Cal. 1995). A party filing an ex parte application must support its request for relief with "evidence ... that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492.

## III.  THERE IS GOOD CAUSE TO ALLOW ULV TO SUBMIT A SHORT SUPPLEMENTAL BRIEF AND EXPERT REPORT IN OPPOSITION TO CLASS CERTIFICATION

Class certification inquiry requires a rigorous assessment of the available evidence to determine whether class should be certified. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351-352 (2011) (holding that federal courts must perform a "rigorous analysis" to ensure that plaintiffs have met their burden of showing actual conformance with all Rule 23 requirements).

"Expert opinion with respect to class certification, like any matter relevant to a Rule 23 analysis calls for a rigorous analysis," and considering expert testimony on class certification "may be integral to the rigorous analysis Rule 23 demands." *In re Hydrogen Peroxide Antitrust Litigation*, 552 F.3d 305, 322-325 (3d Cir. 2009). In fact, "the court's obligation to consider all relevant evidence and arguments [on class certification motion] extends to expert testimony, whether offered by a party seeking class certification or by a party opposing it." *Id.* at 307.

Courts have broad discretion to manage cases and deadlines, including in the class certification process. *Davidson v. O'Reilly Auto Enterprises, LLC*, 968 F.3d 955, 962 (9th Cir. 2020). A district court does not abuse its discretion by adhering to short deadlines for moving for class certification, provided that it is also flexible to allow further development of evidence and opportunity to file a supplemental brief after additional discovery is completed. *Id.* at 964.

Here, there is good cause to grant ULV leave to file a short supplemental brief and expert report, because the brief and expert report will assist the Court in the rigorous analysis required under Rule 23, and because ULV will be prejudiced if it is not allowed to provide the expert report of Dr. Wilner to support ULV's opposition to class certification. The report was not available to be filed with ULV's opposition papers, due to no lack of diligence by ULV. (Howe Decl., ¶ 6.) The deadline set by the Court for Plaintiff's class certification motion was November 8, 2021, with ULV's opposition due November 29, 2021. (ECF 64.) These deadlines were 7-10 weeks before the deadline set by the Court for expert exchanges. (ECF 64.) The Court of course acted in its authority to set those deadlines, and the parties adhered to them. It would be an abuse of discretion to now prevent the parties, having complied with the briefing deadlines set by the Court, from supplementing their class certification briefing with important evidence developed in the interval following the filing of the class certification briefs. *Davidson*, 968 F.3d at 964.

ULV believes that the expert report of Dr. Wilner will be of great assistance to the Court in conducting the required rigorous analysis of whether Plaintiff has met her burden of showing actual conformance with all Rule 23 requirements. *Dukes*, 564 U.S. at 351-352. In ULV's opposition to Plaintiff's Motion for Class Certification, ULV argued that Plaintiff cannot adequately represent the putative class in a breach of contract claim because Plaintiff has no damages, and that Plaintiff's damages methodology would require such individual analysis that the methodology cannot meet the predominance test. (ECF 71.) Dr. Wilner's expert report further examines methods for calculating the alleged damages and explains why Plaintiff's damages methodology would predominantly involve individual questions rather than class-wide resolution of issues common to all putative class members. (Howe Decl., ¶¶ 5-7, Exh. D.) Dr. Wilner's report is thus crucial to the rigorous analysis required under Rule 23, and ULV will be unfairly prejudiced if the report is not considered.

### IV.   CONCLUSION

For these reasons there is good cause to grant this application, and to give ULV leave to submit Dr. Wilner's expert report and a short supplemental brief, not to exceed 3 pages, no later than February 7, 2022.

Dated:  January 28, 2022

CALL & JENSEN
A Professional Corporation
David R. Sugden
Marlynn P. Howe
Melinda Evans

By: */s/ David R. Sugden*
     David R. Sugden

Attorneys for Defendant University of La Verne