David R. Sugden, Bar No. 218465
dsugden@calljensen.com
Marlynn P. Howe, Bar No. 120687
mhowe@calljensen.com
Melinda Evans, Bar No. 216594
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000

Attorneys for Defendant University of La Verne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNA ARREDONDO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNIVERSITY OF LA VERNE,<br><br>Defendant. | Case No. 2:20-cv-07665-MCS-RAOx<br>Assigned to Hon. Mark C. Scarsi<br><br>**DECLARATION OF MARLYNN P. HOWE IN SUPPORT OF DEFENDANT UNIVERSITY OF LA VERNE'S EX PARTE APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING AND EXPERT REPORT IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Complaint Filed: August 23, 2020<br>FAC Filed : December 18, 2020<br>SAC Filed: February 22, 2021<br>Trial Date: None Set |

# DECLARATION OF MARLYNN HOWE

I, Marlynn Howe, declare:

1. I am senior counsel with the law firm of Call & Jensen, attorneys for Defendant University of La Verne ("ULV") in the above-captioned action. I have personal knowledge of the following matters and, if called to testify concerning them, could do so competently.

2. I initiated my meet and confer communications with Plaintiff's counsel Michael Tompkins on Thursday, January 27, 2022. In an email sent at 9:56 am (PST), I explained that ULV would like to submit the expert report of Benjamin S. Wilner, Ph.D., and a short supplemental brief by ULV not to exceed 3 pages, which would assist the Court in determining whether to certify a class, and I explained that ULV intended to seek an ex parte order authorizing ULV to do so. I asked if Plaintiff would like to join in this ex parte application, to request that Plaintiff also be permitted to file a supplemental brief (not to exceed 3 pages) and the report of Plaintiff's designated expert, Charles D. Cowan, Ph. D. A true and correct copy of my email to Mr. Tompkins is attached here as Exhibit A.

3. Mindy Dolgoff, Mr. Tompkins' co-counsel, responded to my January 27, 2022 email the same day at 4:24 p.m. (PST), asking for my availability the next day to meet and confer. I immediately responded by agreeing to make myself available the next day on Friday, January 28, 2022, at 9:00 a.m. (PST) to meet and confer with Ms. Dolgoff who accepted my invitation to meet via videoconference. A true and correct copy of my January 27, 2022 email communications with Ms. Dolgoff is attached as Exhibit B.

4. On January 28, 2022, at 9:00 a.m. Ms. Dolgoff and I met and conferred via video conference. Ms. Dolgoff expressed that Plaintiff intended to oppose ULV's ex parte application, but that in the event the Court granted leave to ULV to file its expert report and a supplemental brief, Plaintiff, too, would request leave to do the same. I



1  notified Ms. Dolgoff that ULV intended to file its ex parte application later the same
2  day, and that Plaintiff's opposition to ULV's ex parte application must be filed within
3  24 hours of the filing of the application, subject to Rule 6(a)(2) according to the Court's
4  Initial Standing Order for Civil Cases Assigned to Judge Mark C. Scarsi. I also gave
5  Plaintiff's counsel Ms. Dolgoff and her co-counsel notice via email at 9:32 a.m. that
6  ULV would file its ex parte application on January 28, 2022. A true and correct copy of
7  my email giving notice to Plaintiff's counsel is attached here as Exhibit C.

8       5.    For the assistance of the Court, a true and correct copy of Dr. Wilner's
9  expert report is attached here as Exhibit D. The expert report was previously produced
10 to Plaintiff's counsel on January 18, 2022.

11      6.    When ULV filed its Opposition to Plaintiff's Motion for Class
12 Certification on November 29, 2021, Dr. Wilner's expert report did not exist. His
13 expert report is new evidence that evolved after the filing of ULV's opposition to class
14 certification, and was developed as the parties prepared for initial expert disclosures by
15 the January 18, 2022, deadline set by the Court.

16      7.    I believe that the expert report of Dr. Wilner will be of great assistance to
17 the Court in conducting the required rigorous analysis of whether Plaintiff has met her
18 burden of showing actual conformance with all Rule 23 requirements. In ULV's
19 Opposition to Plaintiff's Motion for Class Certification, ULV argued that Plaintiff
20 cannot adequately represent the putative class in a breach of contract claim because
21 Plaintiff has no damages, and that Plaintiff's damages methodology would require such
22 individual analysis that the methodology cannot meet the predominance test. (ECF 71.)
23 Dr. Wilner's expert report further examines methods for calculating class-wide alleged
24 damages and explains why Plaintiff's damages model would predominantly involve
25 individual questions rather than class-wide resolution of issues common to all putative
26 class members. I believe that Dr. Wilner's report is thus crucial to the rigorous analysis

UNI13-20:3237867_1:1-28-22      - 3 -

DECLARATION OF MARLYNN P. HOWE IN SUPPORT OF DEFENDANT UNIVERSITY OF LA VERNE'S EX PARTE APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING AND EXPERT REPORT IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

required under Rule 23, and that ULV will be unfairly prejudiced if the report is not considered.

     I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. This declaration was executed on January 28, 2022 at Newport Beach, California.

*/s/ Marlynn Howe*
Marlynn Howe