David R. Shoop, Esq. (SBN 220576)
Thomas S. Alch, Esq. (SBN 136860)
**SHOOP | A PROFESSIONAL LAW CORPORATION**
9701 Wilshire Blvd., Suite 950
Beverly Hills, California 90212
Telephone: (310) 620-9533
David.shoop@shooplaw.com
Thomas.alch@shooplaw.com

Perry L. Segal (State Bar No. 250947)
**Charon Law**
303 Twin Dolphin Drive, Suite 600
Redwood City, California 94065-1422
(650) 542-7935
perry.segal@charonlaw.com

Jason P. Sultzer, Esq. *(Admitted Pro Hac Vice)*
Mindy Dolgoff, Esq. *(Admitted Pro Hac Vice)*
**THE SULTZER LAW GROUP P.C.**
270 Madison Avenue, Suite 1800
New York, NY 10016
Telephone: (212) 969-7810
sultzerj@thesultzerlawgroup.com
Dolgoffm@thesultzerlawgroup.com

Jeffrey K. Brown, Esq. *(Admitted Pro Hac Vice)*
Michael A. Tompkins, Esq. *(Admitted Pro Hac Vice)*
**Leeds Brown Law, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: (516) 873-9550
jbrownl@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com

*Counsel for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNA ARREDONDO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNIVERSITY OF LA VERNE,<br><br>Defendant. | Case No. 2:20-cv-07665-MCS-RAOx<br><br>Hon. Mark C. Scarsi<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR FILING OF SUPPLEMENTAL BRIEFING AND EXPERT REPORT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

1

PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR FILING OF SUPPLEMENTAL BRIEFING AND EXPERT REPORT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

# MEMORANDUM IN OPPOSITION

This Memorandum is submitted in opposition to Defendant University of La Verne's ("ULV") *ex parte* application for leave to submit a supplemental brief in opposition to Plaintiff's Motion for Class Certification.

## I.   INTRODUCTION

Despite ULV's characterization of Dr. Wilner's Report as "[n]ew evidence" it is actually nothing of the sort. Dr. Wilner's report is simply a re-hash of ULV's class certification arguments in a different form. A review of Dr. Wilner's expert report makes it clear that it is based on information, data and documents that were all in the possession of ULV or available to ULV at the time that it filed its Opposition to Plaintiff's Motion for Class Certification. (ECF No. 86). Plaintiff's Motion for Class Certification (ECF No. 70) has been fully briefed since December 20, 2021 and oral argument was held on January 3, 2022. That ULV has belatedly decided that it would like to include Dr. Wilner's report as part of its opposition to class certification does not constitute good cause for granting it *ex parte* relief to file a supplemental brief and the expert report.

ULV has failed to demonstrate why this extraordinary relief is warranted and has failed to show that it is without fault in creating this alleged crisis. Indeed, ULV was well aware that the deadline to exchange expert reports was after the close of briefing on the motion for class certification. (*See* ECF No. 64). Moreover, and importantly, all of the information and data relied upon by Dr. Wilner was available

to him and to ULV at time that ULV filed its Opposition to Plaintiff's Motion to Certify the Class[1]. (ECF No. 86). Had ULV wanted to include Dr. Wilner's report as part of its opposition to class certification it could have, and should have, done so at the time it filed its opposition brief. The Court should not allow ULV to have a second chance at opposing Plaintiff's Motion for Class Certification. However, should the Court grant ULV's *ex parte* application, Plaintiff respectfully requests that she be allowed to also file a supplemental brief and the expert report of Dr. Charles D. Cowan, Ph.D.

II.     **LEGAL STANDARD**

"Ex parte applications are **solely for extraordinary relief**" and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 489-90, 492 (C.D. Cal. 1995) (emphasis added). Such applications must be supported by "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id*. at 492; *see also MAO-MSO Recovery II, LLC v. Mercury Gen.*, No. 2:17-cv-02525-AB (AFMx),

---

[1] Presently pending before the Court is the issue of putative class discovery, while Defendant has refused to produced putative class discovery until a decision on class certification is rendered. *See* ECF No. 110 and ECF No. 111.

2019 U.S. Dist. LEXIS 76368, at *14-15 (C.D. Cal. Mar. 28, 2019). ULV has failed to satisfy this burden.

### III. ULV HAS NOT SHOWN GOOD CAUSE TO ALLOW THE SUBMISSION OF A SUPPLEMENTAL BRIEF OR EXPERT REPORT

While ULV argues that Dr. Wilner's report is "evidence developed in the interval following the filing of the class certification briefs" (Mem. at 6), it utterly fails to explain (because it cannot) why it could not have developed this evidence in time to have filed it with its opposition to class certification. Dr. Wilner's report purports to provide opinions as to why Plaintiff's proposed damages methodology cannot support class certification. However, ULV was aware Plaintiff's proposed damages methodology when Plaintiff filed her motion for class certification (ECF No. 70) and much of its brief in opposition to class certification was focused on Plaintiff's proposed damages methodology. *See* ECF No. 86. ULV has not identified any part of Dr. Wilner's report which could not have been made in connection with its opposition brief. Indeed, the data and documents relied upon by Dr. Wilner were either already in ULV's possession or available to it at the time it filed its opposition to class certification. Exhibit 1 to Dr. Wilner's report (ECF No. 115-5, at 38-39) lists all of the documents considered in his report. A brief look at the list of documents reveals that all of the documents were available to ULV at the time it was briefing its opposition to class certification. Had ULV felt that it was necessary or helpful for the

Court to consider Dr. Wilner's opinions as part of class certification then it could have, and should have, developed the report and submitted it in connection with its opposition brief.

That ULV complied with all of the deadlines set by the Court (Order, ECF No. 64) likewise does not amount to good cause to allow for supplemental briefing. Indeed, ULV has known since the Court issued its Order on October 21, 2021 that its opposition to class certification was due on November 29, 2021 and that the *deadline* for exchanging expert reports was on January 18, 2022. *Id.* However, nothing in the Court's Order setting deadlines prevented ULV from submitting an expert report with its opposition to class certification. That ULV did not develop Dr. Wilner's report prior to filing its opposition to class certification and that now, after the motion for class certification is fully briefed and argued, it would like to include Dr. Wilner's report as part of its opposition does not amount to good cause to allow for *ex parte* relief or supplemental briefing.

Further, despite ULV's suggestion, it is not an abuse of discretion for this Court to decline to permit supplemental briefing. ULV's reliance on *Davidson v. O'Reilly Auto Enters., LLC*, 968 F.3d 955 (9th Cir. 2020) is misplaced. *Davidson* held that a district court may abuse its discretion if it "unreasonably applies rules in a way that. . . denies a party a reasonable opportunity to obtain a ruling on the merits of a motion for class certification." *Id.* at 963. ULV has in no way been denied such an opportunity. Similarly, *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305 (3d

Cir. 2008), is inapposite and in no way supports ULV's argument that it should be allowed supplemental briefing when it could have supplied the evidence in its initial briefing. In *In re Hydrogen Peroxide*, a non-binding out of circuit case, the parties submitted expert reports in connection with the motion for class certification and the parties disputed whether the district court had properly weighed that evidence. *Id.* at 322-325. None of these issues are present here.

### IV. ULV HAS NOT SHOWN THAT IT WILL BE IRREPARABLY PREJUDICED IF IT IS NOT ALLOWED SUPPLEMENTAL BRIEFING

ULV has not shown that it will be irreparably prejudiced if it not permitted to submit a supplemental brief. *See Mission Power Eng'g Co.*, 883 F. Supp. at 492 (*ex parte* application must be supported by "evidence . . . that the moving party's case will be irreparably prejudiced"). ULV argues only that it "believes that the expert report of Dr. Wilner will be of great assistance to the Court" in determining class certification along with blanket assertions that Dr. Wilner's report is "crucial." Motion at 7. Such arguments fail to satisfy ULV's burden to demonstrate that its request for extraordinary *ex parte* relief be supported by "evidence" that it will be irreparably injured.

Additionally, Plaintiff will be prejudiced should ULV be permitted to file a supplemental brief and belatedly file its expert's report. Had ULV submitted Dr. Wilner's report with its opposition to class certification, as it should have, Plaintiff would have had an opportunity to review it and all of its supporting data and

documents and respond to it in her reply brief. Plaintiff could have potentially addressed some of Dr. Wilner's arguments or had her own expert address Dr. Wilner's arguments. ULV did not do so. ULV's non-opposition to Plaintiff's filing of a supplemental brief and Dr. Cowan's report does not prevent or cure the prejudice of being denied the opportunity to address ULV's arguments or Dr. Wilner's opinions on reply or at the oral argument.

## V. CONCLUSION

For all of the reasons stated above, Plaintiff respectfully request that the Court deny ULV's *ex parte* application. Should the Court grant ULV's *ex parte* application, Plaintiff respectfully requests the opportunity to submit her own supplement brief and expert report of Dr. Cowan.

Respectfully submitted this 31st day of January, 2022.

**SULTZER LAW GROUP, P.C.**

/s/ Mindy Dolgoff
Mindy Dolgoff, Esq.*
Jason P. Sultzer, Esq.*
85 Civic Center Plaza, Suite 104
Poughkeepsie, New York 12601
Tel. (845) 483-7100
*Admitted Pro Hac Vice

**LEEDS BROWN LAW, P.C.**
Jeffrey K. Brown, Esq.*
Michael A. Tompkins, Esq.*
One Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: (516) 873-9550
*Admitted Pro Hac Vice

**SHOOP A PROFESSIONAL LAW CORPORATION**
David R. Shoop, Esq.
Thomas S. Alch, Esq.
9701 Wilshire Blvd., Suite 950
Beverly Hills, California 90212
Tel. (310) 620-9533

**CHARON LAW**
Perry L. Segal, Esq.
303 Twin Dolphin Drive, Suite 600
Redwood City, California 94065
Tel. (650) 542-7935

*Counsel for Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2022 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case as well as by email on the following:

David R. Sugden, Esq.
Kent R. Christensen, Esq.
Delavan J. Dickson, Esq.
**CALL & JENSEN**
**A Professional Corporation**
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100
dsugden@calljensen.com
kchristensen@calljensen.com
ddickson@calljensen.com

Attorneys for Defendant University of La Verne

Perry L. Segal (State Bar No. 250947)
**Charon Law**
303 Twin Dolphin Drive, Suite 600
Redwood City, California 94065-1422
(650) 542-7935
perry.segal@charonlaw.com

Jason P. Sultzer, Esq. *(Admitted Pro Hac Vice)*
Mindy Dolgoff, Esq. *(Admitted Pro Hac Vice)*
**THE SULTZER LAW GROUP P.C.**
270 Madison Avenue, Suite 1800
New York, NY 10016
Telephone: (212) 969-7810
sultzerj@thesultzerlawgroup.com
Dolgoffm@thesultzerlawgroup.com

PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR FILING OF SUPPLEMENTAL BRIEFING AND EXPERT REPORT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Jeffrey K. Brown, Esq. *(Admitted Pro Hac Vice)*
Michael A. Tompkins, Esq. *(Admitted Pro Hac Vice)*
**Leeds Brown Law, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: (516) 873-9550
jbrownl@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com

Counsel for Plaintiff and the Putative Class

**SHOOP A PROFESSIONAL LAW CORPORATION**

_/S/ Mariel Vazquez_
Mariel Vazquez, Paralegal

PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR FILING OF SUPPLEMENTAL BRIEFING AND EXPERT REPORT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION