UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNA ARREDONDO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF LA VERNE,<br><br>Defendant. | Case No. 2:20-cv-07665-MCS-RAO<br><br>**ORDER GRANTING MOTION FOR CLASS CERTIFICATION (ECF NO. 70) AND DENYING EX PARTE APPLICATION TO FILE SURREPLY (ECF NOS. 112, 113)** |

Plaintiff Brianna Arredondo moved for class certification on November 8, 2021. Mot., ECF No. 70; *see also* Mem., ECF No. 70-1. Defendant University of La Verne opposed the motion, Opp'n, ECF No. 86, and Plaintiff replied, Reply, ECF No. 93.[1] The Court heard argument on this motion on January 3, 2022. ECF No. 102. For the following reasons, the Court **GRANTS** the motion for class certification.

///

---

[1] Defendant objected to several pieces of evidence in the motion for class certification. ECF No. 87. To the extent Defendant objects to evidence the Court used to decide the motion, the Court overrules the objections. The Court overrules the rest as moot.

1

## I. BACKGROUND

Plaintiff filed this putative class action in federal court, alleging breach of contract, unjust enrichment, and conversion after Defendant moved in-person university classes online due to the COVID-19 pandemic. *See generally* SAC, ECF No. 44. Following a motion to dismiss, the breach of contract claim remains. ECF No. 50. Following several jurisdictional and discovery disputes, *see, e.g.*, ECF Nos. 65, 69, 71, 90, 109, the Court resolves this motion for class certification.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 23 requires a party seeking class certification to "affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). This requires a district court to conduct "rigorous analysis" that frequently "will entail some overlap with the merits of the plaintiff's underlying claim." *Id*. at 351 (internal quotation marks omitted). A plaintiff must demonstrate that the four requirements of Rule 23(a) are met: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. These requirements effectively "limit the class claims to those fairly encompassed by the named plaintiff's claims." *Id*. at 349 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982)). The party also must prove the class meets one of the three alternative provisions in Rule 23(b). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).

Where, as here, the plaintiff seeks certification under Rule 23(b)(3), the plaintiff must show "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In evaluating predominance and superiority, courts consider four factors: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against class members; (C) the desirability or

2

undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *Id*.

### III. DISCUSSION

Plaintiff proposes a class of "[a]ll persons who paid tuition and/or the Mandatory Fees at La Verne's Main/Central campus location during the Spring 2020 term/semester." Mem. 9.[2] Defendant argues that the Court should construe "persons" in this class definition as only undergraduate students. Opp'n 3–4. Because Plaintiff only provided evidence of a certifiable class as to undergraduate students, *see generally* Mem., the Court agrees with Defendant and certifies the class with the understanding that "all persons" means only University of La Verne undergraduate students.

Plaintiff asserts she presents sufficient evidence to certify her proposed class and moves this Court to appoint her as class representative and Charon Law, Shoop APLC, The Sultzer Law Group PC, and Leeds Brown Law PC as class counsel. *See generally* Mem. Defendant argues Plaintiff cannot demonstrate typicality,[3] that her proposed method of calculating damages defeats predominance, and that she cannot demonstrate superiority. *See generally* Opp'n.

Defendant also argues that class certification is improper because Plaintiff cannot prove the breach of contract claim. This argument is without merit. At the class certification stage, a court "is required to examine the merits of an underlying claim . . . only inasmuch as it must determine whether common questions exist; not to

---

[2] The SAC articulates a different proposed class definition. SAC ¶ 68. The SAC defines Mandatory Fees as "mandatory fees for each semester in various amounts between $25 and $600 dollars per fee including an 'ASULV Fee' of $160 per semester, $415 in student health insurance fee, and various other fees." *Id*. ¶ 2. The Court assumes the meaning of Mandatory Fees in the motion's proposed class definition has the same meaning as the term defined in the SAC.

[3] Defendant's opposition states that Brianna Arredondo is not an adequate representative because she was not injured by the alleged conduct, unlike some unnamed class members. Opp'n 9–11. The Court considers this as an argument made concerning the typicality of Arredondo as a class representative.

determine whether class members could actually prevail on the merits of their claims." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011). The Court rejects Defendant's invitation to "turn class certification into a mini-trial." *Id.*

### A. Numerosity

Rule 23(a)(1) requires that the class "be so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Courts routinely find this requirement satisfied for classes that have 40 or more members. *Astorga v. County of Los Angeles*, No. CV 20-9805-AB (AGRx), 2021 U.S. Dist. LEXIS 78138, at *7 (C.D. Cal. Mar. 17, 2021). Approximately 2,787 undergraduate students were enrolled for the spring 2020 semester at University of La Verne. Tompkins Decl. Ex. HH, at 6, ECF No. 70-19. Thus, the proposed class meets the numerosity requirement.

### B. Commonality

Rule 23(a)(2) requires "questions of law or fact common to the class." Courts construe this requirement permissively. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Even a single common question of law or fact will do. *Dukes*, 564 U.S. at 359. Plaintiff identifies several common questions that are capable of "a common answer" across the class. *Id.* at 352. These include: (i) whether students were entitled to receive access to Defendant's campus, facilities, in-person technologies, and other in-person and campus-based educational services when they paid main campus tuition and fees; (ii) whether students would reasonably expect to receive in-person and campus-based educational services as part of the student-university contract; (iii) whether Defendant breached the covenant to provide on-campus and in-person educational services during the spring 2020 semester when it closed campus, limited access to all campus facilities and services, and delivered emergency remote teaching in an online-only format; (iv) whether Defendant has any affirmative defenses; and (v) whether Defendant breached the student-university contract by failing to provide the services

4

and facilities to which the Mandatory Fees pertained after mid-March 2020.[4] Mem. 11. Thus, the proposed class meets the commonality requirement.

### C. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis*, 657 F.3d at 984 (internal quotation marks omitted). Plaintiff identifies the "same or similar injury" as a breach of contract for the failure to provide on-campus services during the Spring 2020 semester. Mem. 13–15. This injury was not unique to the named plaintiff because the contract at issue was a standardized contract all students signed. *Id*. at 16. All members have the same injury—the inability to use on-campus services for which they paid. *Id.* at 15–16.

Defendant argues that Arredondo is not a typical class representative because she cannot demonstrate she was injured by any conduct. Opp'n 9–11. Defendant's theory is unsupported by adequate evidence. First, Defendant cites deposition testimony where Arredondo was unable to articulate the value of not being able to attend classes in-person or the monetary harm that resulted from any breach. Opp'n 9–10 (citing Howe Decl. Ex. 3, at 164–65, 273, 286–87, ECF No. 86-5). The portions of the deposition testimony Defendant highlights, however, do not support the theory that Arredondo faced no injury. The testimony only shows that Arredondo does not remember certain

---

[4] Plaintiff also argues "[t]he amount of damages and other relief to be awarded to Plaintiff and the Class Members" is a common question. Mem. 11. The Court disagrees. As Defendant represented at the hearing, several students received scholarships and thus could have damages different from other students in the class. Nonetheless, this issue does not thwart commonality.

information about other class members or that Arredondo possibly did not have an expectation of taking purely in-person classes since online classes were available. *See generally* Howe Decl. Ex. 3. None of this information undermines the typicality of the harm (or lack thereof) Arredondo suffered from Defendant's actions. Given that Defendant's Director of Admissions Operations admitted to the existence of standardized forms and documents supplied as part of the student-university contract, *see* Tompkins Decl. Ex. K, at 66–69, ECF No. 70-24 (describing the standardized forms given to students), the harm, or lack thereof, caused by restricting use of on-campus services is typical to the entire class.

Second, Defendant cites Arredondo's scholarships as a reason her claims are not typical of the class. Opp'n 10–11. While Defendant is correct that the damages calculation for Arredondo may vary from other class members', this would only change the result of the calculation, not the method. A differing amount of damages does not change the fact that Arredondo's claims are "reasonably co-extensive" with those of her fellow class members. *Hanlon*, 150 F.3d at 1020. Defendant's argument, if credited, would vitiate any class action where damages are not identical due to potential individualized offsets. A Rule 23(b)(3) class action contemplates that damages calculations may be individualized and that different categories of offsets, like scholarships, can exist. *See Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 513 (9th Cir. 2013) (holding a district court abused its discretion by denying class certification solely on the basis of individualized damages questions). Thus, the proposed class meets the typicality requirement.

**D. Adequacy**

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." "To determine whether named plaintiffs will adequately represent a class, courts must resolve two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf

of the class?'" *Ellis*, 657 F.3d at 985 (quoting *Hanlon*, 150 F.3d at 1020).

Plaintiff argues that she is an adequate class representative because she has already represented her willingness to vigorously prosecute the action because she has sat for a deposition and worked with class counsel. Mem. 17. Plaintiff also asserts that class counsel is experienced and has decades of experience prosecuting class actions. *Id*. Plaintiff represents that she has no conflicts with other class members. *Id*. at 18. The Court accepts these representations as true given the evidence supporting them. Thus, the proposed class satisfies the adequacy requirement.

### E. Predominance

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. The inquiry "focuses on whether the 'common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication.'" *Espinosa*, 926 F.3d at 557 (quoting *Hanlon*, 150 F.3d at 1022).

Plaintiff argues that the common questions predominate over individualized questions because the central question is whether Defendant breached a standardized contract and because the damages calculation method would be the same for all class members. Mem. 21–27. Defendant argues that common questions cannot predominate because Plaintiff cannot calculate damages with a common methodology. Opp'n 13–15.

In the predominance inquiry, "plaintiffs must show that damages are capable of measurement on a classwide basis," though damages calculation issues cannot alone defeat class certification. *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1120 (9th Cir. 2017) (internal quotation marks omitted). Damages are capable of measurement on a classwide basis when the damages calculation is attributable to a plaintiff's theory of harm. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 38 (2013). Plaintiff presents an articulable theory of damages that is capable of classwide resolution. For the period class members took online classes in lieu of in-person classes, damages are the

difference between what each class member paid and the market value of the education they received. Mem. 25–27. Without deciding the correct calculation of market damages, the Court concludes Plaintiff has demonstrated that the damages are capable of measurement on a classwide basis when considering what damages are attributable to Defendant's allegedly harmful conduct.

Defendant does not think this model is sufficient. Defendant first argues that Plaintiff's damages calculation is incorrect. Opp'n 14–15. This argument goes to the merits rather than the ability to answer the damages calculation methodology question on a classwide basis, so it does not rebut Plaintiff's showing that common questions predominate. *See Ellis*, 657 F.3d at 981 n.8. Regardless of the correct market value of online classes at University of La Verne, the value is capable of classwide calculation. Defendant also argues that the differences in the amounts paid by each student for tuition due to the presence of scholarships, grants, and emergency aid create individualized questions that overwhelm the common questions. Opp'n 14–15. The only individualized question here, though, is the exact amount each student paid during the Spring 2020 semester. A simple comparison of this value and the market value of online classes will yield the measure of damages for each student. Even though this is an individualized question, the ultimate calculation is capable of resolution easily and without considering an overwhelming number of individualized questions. Defendant's main argument is that damages for some class members could be $0, but this possibility does not turn the damages question into a morass bogging down the common questions with individual ones. Thus, the proposed class satisfies the predominance requirement.

**F.     Superiority**

"The superiority inquiry under Rule 23(b)(3) requires determination of whether the objectives of the particular class action procedure will be achieved in the particular case." *Hanlon*, 150 F.3d at 1023. This requires a consideration of the four factors listed above. First, class members would likely have little interest in prosecuting separate actions because each putative class member's claims are probably insufficient to justify

8

litigation's high risks and costs. *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) ("Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification."). Second, there appears to be no other pending litigation brought on behalf of University of La Verne students seeking recovery for damages stemming from the alleged breach of contract at issue here. Third, concentrating the litigation in this Court would eliminate the risk of inconsistent adjudication and promote the fair and efficient use of the judicial system.

Defendant argues that this case would be unmanageable as a class action, as demonstrated by Plaintiff's failure to propose a trial plan. Opp'n 23–24. Defendant specifically argues that damages calculations and individualized affirmative defenses would make trial unmanageable. *Id.* Defendant's only affirmative defenses that could present individualized questions are novation, modification, waiver, assumption of risk, no injury, and failure to mitigate damages. Answer ¶¶ 100–01, 104–05, 107, 111, ECF No. 51. Defendant, as the party seeking to prove affirmative defenses, has the burden to produce evidence of individualized affirmative defenses that would defeat class certification. *See True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 931–32 (9th Cir. 2018) (refusing to consider defenses for which the defendant presented no evidence). Defendant does not provide the Court any evidence to allow it to conclude trial of affirmative defenses would require individualized evidence. *See* Opp'n 23–24. The Court declines Defendant's invitation to speculate about the possibility of individualized issues in order to reject the record evidence and defeat class certification. Thus, the proposed class satisfies the superiority requirement.

### G. Class Counsel

When a court certifies a class, a court must also appoint class counsel. Fed. R. Civ. P. 23(g)(1). A court must consider the following factors: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims

asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). A court also must assure itself that class counsel will "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). A court must conduct this inquiry even when, as here, the party opposing class certification does not oppose the appointment of specific counsel. Fed. R. Civ. P. 23(g)(2).

Counsel here has done significant work in identifying and investigating potential claims, including bringing a meritorious motion for class certification supported by ample evidence. Counsel also has a wealth of experience handling class actions. *See* Tompkins Decl. Exs. II, JJ, PP, ECF Nos. 70-21, 70-23, 70-35. The only firm without substantial class action experience, Charon Law, has experienced co-counsel as support. *See* Tompkins Decl. Ex. KK, ECF No. 70-25. Counsel has demonstrated strong knowledge of the applicable law throughout the briefing process for this class certification motion. And finally, counsel has demonstrated it will commit sufficient resources to represent the class in this heavily litigated case. Thus, the proposed class counsel meets the requirements of Rule 23(g).

///

## IV. CONCLUSION

The Court **GRANTS** the motion for class certification. The Court finds the following class appropriate for class certification: All University of La Verne undergraduate students who paid tuition and/or the Mandatory Fees at La Verne's Main/Central campus location during the Spring 2020 term/semester.

Plaintiff Brianna Arredondo is appointed as Class Representative. Charon Law, Shoop APLC, The Sultzer Law Group PC, and Leeds Brown Law PC are appointed as Class Counsel.

Within 14 days of this Order, the parties shall file a proposed schedule for the remaining events in this case, including the final date for hearing a dispositive motion, the date for a final pretrial conference and pretrial filings, and a date for trial. The Court anticipates that any motion for summary judgment should be heard in early May 2022, approximately five weeks after the close of expert discovery, and a trial date should be set in early August 2022.

The Court **DENIES** Defendant's ex parte applications to file supplemental briefing and an expert report. ECF Nos. 112–13. Defendant fails to show irreparable harm necessary for the Court to issue the extraordinary relief of authorizing a surreply submitted weeks after oral argument. C.D. Cal. R. 7-10; *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).

**IT IS SO ORDERED.**

Dated: February 8, 2022

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE