# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement is entered into between Plaintiff Brianna Arredondo ("Plaintiff"), individually, and on behalf of a class of similarly situated individuals (the "Class" "Settlement Class" or "Class Members" as defined below) and Defendant University of La Verne ("La Verne" or "Defendant"), and is approved by their respective counsel of record, subject to the terms and conditions hereof and the Court's approval.  Plaintiff, Class Members and Defendant are referred to individually as "Party" and collectively as the "Parties."

## RECITALS AND BACKGROUND

A.      On August 23, 2020 Plaintiff Brianna Arredondo commenced a putative class action in the Central District of California alleging breach of contract, unjust enrichment, and conversion claims as a result of La Verne's transition from in-person instruction and other in-person educational services to virtual educational services during a portion of the Spring 2020 semester due to the COVID-19 pandemic and related state and local public health mandates and orders.  *Arredondo v. University of La Verne*, Case No. 2:20-cv-07665-MCS-RAO (C.D. Cal.).

B.      Defendant vigorously contested each and every claim in the Action and denies all material allegations of the Action and would continue to assert numerous defenses if this matter proceeded further.

C.      On December 4, 2020, La Verne moved to dismiss the Action for failure to state a claim.

D.      In response to the motion to dismiss, Plaintiff filed her First Amended Complaint on December 18, 2020.

E.      La Verne filed a motion to dismiss the First Amended Complaint on January 11, 2021 on the grounds that, *inter alia*, Plaintiff failed to allege a contractual obligation and that her claims were non-cognizable claims of educational malpractice. Plaintiff then filed her Second Amended Complaint on February 22, 2021. La Verne filed its motion to dismiss the Second Amended Complaint on March 8, 2021 on similar grounds to its previous motion to dismiss. Plaintiff opposed that motion.

F.      On April 21, 2021, the Court granted in part and denied in part, La Verne's motion to dismiss the Second Amended Complaint dismissing Plaintiff's claims for unjust enrichment and conversion, but allowing her breach of contract claim to go forward.

G.      The Parties then engaged in full fact and expert discovery for almost a year. La Verne made extensive document productions, and took the depositions of Named Plaintiff, her designated expert, and three class members. Plaintiff took depositions of ten employees of La Verne. The Parties also exchanged expert reports and rebuttal reports.

H.      On February 8, 2022, the Court appointed Plaintiff as Class Representative, appointed The Sultzer Law Group, P.C., Leeds Brown Law P.C., Shoop Law APLC, and Charon Law as Class Counsel, and certified a class of "[a]ll University of La Verne undergraduate

students who paid tuition and/or the Mandatory Fees at La Verne's Main/Central campus location during the Spring 2020 term/semester." On August 2, 2022, the Court amended and narrowed the class definition to include "[a]ll University of La Verne undergraduate students, excluding students in the Campus Accelerated Program for Adults, who paid tuition and/or the Mandatory Fees at La Verne's Main/Central campus location during the Spring 2020 term/semester."

I.      On April 4, 2022, La Verne moved for summary judgment and to decertify the class. On April 11, 2022, Plaintiff and the Class moved for partial summary judgment. The Court issued its Order on Cross Motions for Summary Judgment and to Decertify the Class on August 2, 2022. In that Order, the Court: (i) granted Plaintiff's motion for summary judgment on the implied contract issue finding the existence of an implied contract that included a term for in-person offerings; (ii) granted in part and denied in part La Verne's motion for summary judgment, finding that government shutdown orders in connection with the COVID-19 pandemic made performance of the implied contract to offer in-person classes impossible by operation of law, and further finding that Plaintiff could proceed on a quasi-contract action to recover damages for Defendant moving in-person classes online; and (iii) granted in part and denied in part La Verne's motion to decertify the class, excluding from the class definition all students in the Campus Accelerated Program for Adults.

J.      During the course of the litigation, Plaintiff and Defendant participated in two private mediation sessions on August 10, 2021 and March 14, 2022 through ADR Services, Inc. Those mediation sessions did not result in a settlement. However, as the Parties proceeded to prepare for trial, the Parties continued to engage in settlement discussions to resolve the claims in this Action and provide class-wide relief in exchange for class-wide release of claims.

K.      The Settlement was reached as a result of extensive arm's-length negotiations between the Parties and counsel. Before and during these settlement discussions and mediation, the Parties had arm's-length exchange of sufficient information to permit Plaintiff and Class Counsel to evaluate the claims and potential defenses and to meaningfully conduct informed settlement discussions. The Parties did not discuss Attorneys' Fees and Costs or any potential Incentive Award until they first agreed on the substantive terms of this settlement.

L.      On August 26, 2022, the Parties advised the Court that they had settled the Class Action and asked the Court to vacate all pending dates and deadlines, including the trial date.

M.      Defendant, without admitting any wrongdoing or liability, has agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to be completely free of any further controversy with respect to the claims that were asserted or could have been asserted in, or relate in any way whatsoever to, the Action.

N.      Class Counsel has conducted a thorough investigation into the facts of this Action, including an extensive review of relevant documents, and has diligently pursued an investigation of the claims of the Class against Defendant and has considered the impact of this Agreement on Named Plaintiff and the Settlement Class, the financial condition of La Verne and its ability to withstand a greater judgment. Based on its own independent investigation and evaluation, Class Counsel is of the opinion that the Settlement with Defendant for the

consideration and on the terms set forth herein is fair, reasonable, and adequate and is in the best interest of the Class in light of all known facts and circumstances. Class Counsel has analyzed and evaluated the merits of the claims made against Defendant. Based upon their analysis and evaluation of a number of factors, Named Plaintiff and Class Counsel recognize the risks of litigation, including the possibility that the Action, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years.

O.     Class Counsel and Named Plaintiff, after taking into account the foregoing, along with the risks and costs of further litigation, are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and equitable, and that a settlement of the Litigation and the prompt provision of effective relief to the Class are in the best interests of the Class Members.

P.     The Parties, by and through their respective counsel, have engaged in settlement discussions in connection with the potential resolution of the Action, and– subject to the approval of the Court – have elected to settle the Action pursuant to the terms set forth in this Agreement. This Agreement is contingent upon the issuance by the Court of both Preliminary Approval and Final Approval. Should the Court not issue Preliminary Approval and Final Approval, Defendant does not waive, and instead expressly reserves, all rights to defend this Litigation.

Q.     NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Action.

1.     DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1.     **Acceptance Period** means the thirty (30) day period beginning from the date of the mailing and/or e-mailing of the Notice and Election Form, during which a Class Member can submit an Election Form as to the method they would prefer to receive a settlement payment.

1.2.     **Agreement** means this Settlement Agreement and Release, including any attached Exhibits.

1.3.     **Attorneys' Fees and Costs** means such funds as may be awarded by the Court consistent with the terms of this Agreement to Class Counsel for their past, present, and future work, efforts, and expenditures in connection with this Action and settlement, including fees, costs, and expenses of any co-counsel, local counsel, experts, consultants, or other individuals retained by, or who assisted Plaintiff's Counsel in connection with this Action and settlement, as described more particularly in Section 3.6 of this Agreement.

1.4.     **Class Counsel** means Jason Sultzer and Mindy Dolgoff of The Sultzer Law Group, P.C. 85 Civic Center Plaza, Suite 200, Poughkeepsie, New York 12601; Jeffrey K. Brown, Michael Tompkins, and Brett Cohen of Leeds Brown Law, P.C., One Old Country Road,

Suite 347, Carle Place, New York 11514; David R. Shoop and Thomas S. Alch of Shoop a Professional Corporation, 9701 Wilshire Blvd., Beverly Hills, California 90212; and Perry L. Segal of Charon Law, 303 Twin Dolphin Dr., Suite 600, Redwood City, California 94065.

1.5.   **Class List** means a list in electronic format, preferably Excel, that includes, for each respective Class Member, the names, last known addresses, last known e-mail addresses, last known telephone numbers, along with tuition and fee payment totals, amount of scholarships/grants received that do not require repayment, and other information related to the calculations and distribution of settlement proceeds as set forth below. The Class List shall be provided and maintained in a confidential fashion.

1.6.   **Conferred Benefit** means the total value of the settlement including all cash and Non-Cash Benefits equal to approximately Eight Million Eight Hundred Ninety-Five Thousand Seven Hundred Fifty Nine Dollars ($8,895,759.00), plus the value of the 10% tuition discount for graduate programs enrolled in by Class Members, as detailed below.

1.7.   **Costs and Fees** means Class Counsel's attorneys' fees, costs, and expenses; costs and fees associated with the Settlement Claims Administrator; and Service Award(s) to be paid to Named Plaintiff and other individual Class Members in accordance herewith.

1.8.   **Court** means the United States District Court, Central District of California.

1.9.   **Days** means business days if the specified number is ten (10) days or fewer, and calendar days if the specified number is greater than ten (10) days, unless otherwise specified in this Agreement.

1.10.   **Defendant** means University of La Verne.

1.11.   **Defendant's Counsel** means David Sugden and Marlynn Howe of Call & Jensen.

1.12.   **Election Form** means the form, a copy of which is attached as Exhibit A, or as otherwise approved by the Court, that Class Members may return to designate which method for receiving the funds would be preferred, including physical check, Venmo, Paypal, or other reasonable available options. In the absence of a Class Member returning an Election Form, the Settlement Claims Administrator shall mail a physical check.

1.13.   **Final Approval** means the Final Approval Order and Judgment entered by the Court substantially in the forms attached hereto as Exhibit D to this Agreement and incorporated by reference into this Agreement, granting final approval of this Agreement as binding upon the Parties; holding this Agreement to be final, fair, reasonable, adequate, and binding on all Settlement Class Members who have not excluded themselves as provided below; ordering that the settlement relief be provided as set forth in this Agreement; ordering the releases as set forth in Section 3.9 of this Agreement; disposing of all issues raised in the Action and entering judgment in this case; and retaining continuing jurisdiction over the interpretation, implementation, and enforcement of the settlement.

1.14. **Final Effective Date** means, provided no appeal is timely filed, thirty one (31) days after the Court has entered a Final Approval Order and Judgment. If an appeal is timely filed, the latest of the following, if applicable, becomes the Final Effective Date: (1) any appeal from the Final Approval Order has been finally dismissed; (2) the Final Approval Order has been affirmed on appeal in a form substantially identical to the form of the Final Approval Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Approval Order has expired; and (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in final judicial approval of the Final Approval Order and Judgment in its entirety, with no further challenge to the Final Approval Order and Judgment being possible.

1.15. **Gross Settlement Fund** means the sum of the (i) New Cash Settlement Fund of Two Million Dollars ($2,000,000.00); (ii) a credit of Six Million Three Hundred Forty-Eight Thousand Eight Hundred Forty-Seven Dollars ($6,348,847.00) for La Verne's previously distributed Increase of Financial Aid Benefit in the 2020-2021 academic year; and (iii) value of La Verne's Non-Cash Benefits.

1.16. **Increased Financial Aid Benefit** means and refers to La Verne's prior distribution of increased Financial Aid for the academic year 2020-2021 in the amount of Six Million Three Hundred Forty-Eight Thousand Eight Hundred Forty-Seven Dollars ($6,348,847.00), as a result of this lawsuit, to approximately 97% of Traditional Undergraduates beginning in the Fall of the 2020-2021 academic year, of which Two Million Two Hundred Thousand ($2,200,000.00) was specifically distributed to all Traditional Undergraduates regardless of merit or financial need. The remainder of $6,348,847.00 was awarded to Traditional Undergraduates based on merit and/or financial need. Said Six Million Three Hundred Forty-Eight Thousand Eight Hundred Forty-Seven Dollars ($6,348,847.00) distribution is recognized and credited in favor of La Verne as a cash contribution toward the Gross Settlement Fund.

1.17. **New Cash Settlement Fund** means La Verne's sole new cash contribution toward the Gross Settlement Fund in the amount of Two Million Dollars ($2,000,000.00) to be used to fully satisfy any and all current cash benefits to be paid to Class Members, any Court-approved Attorneys' Fees and Costs, Service Awards to Named Plaintiff and Individual Class Members, any Reserve Fund, and all costs and fees associated with the Settlement Claims Administrator.

1.18. **Named Plaintiff** means Brianna Arredondo.

1.19. **Net Settlement Fund** means the New Cash Settlement Fund minus Court-approved Attorneys' Fees and Costs, Service Awards to Named Plaintiff and Individual Class Members, Settlement Administration Costs, and any and all other amounts approved by the Court as costs or fees in the Action. In the event that the Court reduces the Attorneys' Fees and Costs, Service Awards, Settlement Administration Costs or any other costs or expenses, the difference shall be placed in the Net Settlement Amount and allocated to the Settlement Class.

1.20.  **Non-Cash Benefits** means access for all Class Members to La Verne's Career Center and its services and to La Verne's Academic Success Center and its services, so long as such facilities and services are operational and available to La Verne students, and a 10% tuition discount for Class Members who enroll in a La Verne graduate program, so long as such program is operational and available to La Verne's students.

1.21.  **Notice(s)** means the Court-approved form of notice to Class Members in substantially the same form as Exhibit B.

1.22.  **Notice Response Deadline** means (i) thirty (30) days from the date of the initial mailing and/or e-mailing of the Notice or as otherwise set by the Court, and (ii) an additional fifteen (15) days later for any Class Members who were unable to file a timely Election Form, due to factors such as change of address, military service, hospitalization, or other extraordinary circumstances.

1.23.  **Objector** means an individual Class Member who properly files an objection to this Agreement.

1.24.  **Opt-out Deadline** means on or before the Notice Response Deadline.

1.25.  **Opt-out Statement** means the written, signed statement that an individual Class Member submits indicating he or she has elected to exclude him or herself ("opt out") from the settlement.

1.26.  **Participating Class Member** means any and all Settlement Class Members who do not opt-out by timely submitting valid Opt-Out Statement.

1.27.  **Preliminary Approval Order** means an Order entered by the Court, substantially in the form of Exhibit C, (i) granting preliminary approval to this Agreement as within the range of possible Final Approval; (ii) approving the procedures for effectuating notice to Class Members, (iii) approving the Notice and Election Form for publication, and (iv) setting dates by which Final Approval should be sought or obtained.

1.28.  **Qualified Settlement Fund ("QSF")** means the account established and controlled by the Settlement Claims Administrator for the purposes of retaining and distributing the New Cash Settlement Fund in accordance with this Agreement and any Court order. The QSF will be controlled by the Settlement Claims Administrator subject to the terms of this Agreement, and the Approval Order. Interest, if any, earned in the QSF will become part of the Net Settlement Fund to be distributed to the Class Members.

1.29.  **Released Claims** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, whether based on state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising

out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding University of La Verne's actions and/or decisions with respect to COVID-19 policies and procedures for the Spring 2020 Semester, including transitioning from in-person instruction and other in-person educational services to a remote format during the Spring 2020 Semester, including but not limited to all claims that were brought or could have been brought in the Action by Releasing Parties relating to any and all of the Released Parties.

1.30.   **Released Parties** means University of La Verne as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employees, agents, consultants, independent contractors, insurers, including without limitation employees of the foregoing, directors, trustees, board members, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, corporations, and all third party service providers or entities identified as University of La Verne's agents and/or independent contractors in this Action.

1.31.   **Releasing Parties** means Named Plaintiff, those Participating Class Members who do not timely opt out of the Settlement Class, and all of their respective present or past heirs, executors, family members, lenders, funders, payors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, limited liability companies, partnerships and corporations.

1.32.   **Service Award** means the portion of the Gross Settlement Fund, if any, requested by Named Plaintiff and other individual Class Members who actively participated in the Action and approved by the Court as a reasonable award to the Named Plaintiff and other individual Class Members for representing the interests of the Settlement Class and/or actively participating in the Action.

1.33.   **Settlement Claims Administrator** means, subject to Court approval, CPT Group, unless another third-party administrator is later agreed to be the Parties in writing and approved by the Court.

1.34.   **Settlement Class, Class or Class Members** means: all University of La Verne undergraduate students, excluding students in the Campus Accelerated Program for Adults, who paid tuition and/or the Mandatory Fees, or on whose behalf payment was made, at University of La Verne's Main/Central campus location during the Spring 2020 term/semester.  Excluded from the Settlement Class are (1) any District Judge or Magistrate Judge presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their

current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

1.35. **Settlement Checks** means checks issued to Class Members.

1.36. **Spring 2020 Semester** means the January Interterm and Spring 2020 academic terms at University of La Verne, which began on approximately January 3, 2020 and ended on or before May 31, 2020.

1.37. **Unknown Claims** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Final Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Upon the Final Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

## 2. APPROVAL AND PROCEDURE

2.1. **Settlement Claims Administrator.**

    2.1.1. **Funding Settlement Claims Administrator.** The Settlement Claims Administrator shall be paid out of the QSF.

    2.1.2. **Responsibilities of Settlement Claims Administrator.** The Settlement Claims Administrator shall be responsible for: (i) printing and disseminating, via mail and/or e-mail to the Settlement Class the Notice and Election Forms; (ii) performing a skip trace and resending, within one (1) day of receipt, any Notice and Election Form returned without a forwarding address, or resending to those with a new forwarding address; (iii) responding to inquiries from the Parties; (iv) monitoring and maintaining a telephone number with telephone answerers until

the Final Effective Date or the termination of this Agreement, whichever comes first; (v) promptly furnishing to counsel for the Parties copies of any requests for exclusion, objections or other written or electronic communications from each Class Member that the Settlement Claims Administrator receives; (vi) receiving, retaining and reviewing the Election Forms submitted by each Class Member; (vii) keeping track of requests for exclusion or objection, including maintaining the original envelope in which the request or objection was mailed; (viii) distributing the Settlement Checks to Class Members and/or Court-approved Costs and Fees, as necessary; (ix) preparing, sending and/or wire-transferring Class Counsel's attorneys' fees, expenses, and costs; (x) mailing Service Award(s) and Settlement Checks in accordance with this Agreement and the Approval Order; (xi) responding to inquiries of Class Members regarding procedures for filing objections, Opt-out Statements, and Election Forms; (xii) referring to Class Counsel all inquiries by Class Members regarding matters not within the Settlement Claim Administrator's duties specified herein; (xiii) responding to inquiries of counsel for the Parties relating to the Settlement Claims Administrator's duties specified herein; (xiv) promptly apprising counsel for the Parties of the activities of the Settlement Claims Administrator; (xv) maintaining adequate records of its activities, including the dates of the mailing of Notices and mailing and receipt of Election Forms, returned mail and any and all other actual or attempted written or electronic communications with the Settlement Class; (xvi) confirming in writing to counsel for the Parties and the Court its completion of the administration of the settlement; (xvii) timely responding to communications from the Parties and their counsel; (xviii) providing all information, documents and calculations necessary to confirm the Gross Settlement Fund to the Parties' Counsel; (xix) obtaining, administering, and maintaining a settlement website; (xx) providing CAFA notice (as described below); and (xxi) such other tasks as the Parties mutually agree.

2.1.3. **CAFA Notice.**  Pursuant to 28 U.S.C. § 1715, not later than ten (10) business days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.

2.1.4. **Weekly Reporting Requirements.** Throughout the period of claims administration, the Settlement Claims Administrator shall provide reports to the Parties upon their request regarding (i) the status of the emailing and physical mailing of the Notices and Election Forms to Class Members, (ii) the status or progress of the claims administration process, (iii) anticipated or expected distribution of the Settlement Checks, and (iv) any other aspect of the claims administration process. Beginning the second Friday after Notice is mailed to Class Members, the Settlement Claims Administrator shall provide counsel for the Parties weekly updates on the number of Class Members, Objectors, and Opt-outs.

2.1.5. **Access to the Settlement Claims Administrator.** The Parties will have equal access to the Settlement Claims Administrator. Class Counsel and Defendant's Counsel agree to use their best efforts to cooperate with the Settlement Claims Administrator and provide reasonable assistance in administering the settlement.

2.1.6 **Declaration of Due Diligence.** The Settlement Administrator shall provide for counsel the Parties, at least twenty-five (25) calendar days prior to the Final Approval Hearing, a declaration of due diligence and proof of mailing with regard to the mailing of the Notice that includes the results of the Settlement Claims Administrator's mailings and additional information deemed necessary to approve the Settlement.

2.2.  **Preliminary Approval Motion.**

2.2.1. Within thirty (45) days of complete execution of this Agreement or in accordance with any orders set by the Court, Class Counsel shall file a Motion for Preliminary Approval ("Preliminary Approval Motion"). In connection with the Preliminary Approval Motion, Class Counsel will submit to the Court: (1) the proposed Notice, (2) the proposed Election Form, (3) the proposed Preliminary Approval Order, (4) an executed version of this Agreement, and (5) the necessary documents, memorandum, affidavits and exhibits for the purposes of approving the settlement. The Preliminary Approval Motion also will seek the setting of a date for individuals to submit Election Forms, Opt-out Statements and/or object to this Agreement.

2.2.2. In the Preliminary Approval Motion, Class Counsel shall inform the Court of the intended process to obtain an "Approval Order" in accordance with the Court-approved schedule, so that the Court may, among other things: (1) approve the settlement as fair, adequate and reasonable; (2) incorporate the terms of the Release, as described herein; (3) dismiss the Action with prejudice; (4) award Costs and Fees, including any Service Award(s); and (5) authorize distribution and payment to the Class Members.

2.3.  **Notice and Election Forms to Class Members.**

2.3.1. **Class List**. Within fourteen (14) days of the Approval Order being signed by the Court, Defendant's Counsel shall provide the Settlement Claims Administrator with the Class List.

2.3.2. **Notice.** The Notice will inform the Settlement Class about this settlement, and will also advise them of their rights, including their ability to object to, opt-out of, or participate in the settlement. Within fourteen (14) days after receipt of the Class List, or as otherwise ordered by the Court, the Settlement Claims Administrator shall (1) email a copy of the Notice to all Class Members for whom the Settlement Claims Administrator has a valid email address, and (2) mail a copy of the Notice and Election Form to all Class Members not presently enrolled at University of La Verne for whom the Settlement Claims Administrator does not

have a valid email address through regular U.S. Mail to such students' last known mailing address as listed in University of La Verne's records.

2.3.3. **Skip Trace and Remailing.** If a Notice is returned as undeliverable via email, then the Settlement Claims Administrator shall take all reasonable steps to obtain a mailing address, including performing a skip trace, and shall email the Notice to any other email address obtained or mail Notice to any physical address. If a Notice is returned as undeliverable via mail, then the Settlement Claims Administrator shall take all reasonable steps to obtain a mailing address, including requesting such information from Defendant, performing a skip trace, and/or remailing the Notice to any address. The Settlement Claims Administrator shall also mail a Notice and Election Form to any Class Member who requests them after the initial mailing of Notice and before the Notice Response Deadline. The Settlement Claims Administrator will notify Class Counsel and Defendant's Counsel of any Notices and Election Forms returned as undeliverable after the first mailing, including those returned as undeliverable after any subsequent mailing. All costs of locating Class Members will be paid from the QSF. To assist in obtaining a more accurate email or physical address for any Class Member, Class Counsel may provide such to the Settlement Claims Administrator to be used for the purposes of mailing of Notice.

2.3.4. **Notice Response Deadline.** Class Members are not required to take any affirmative steps to participate in this Action and upon Final Approval settlement checks will be mailed to all Class Members by the dates set forth in this Agreement or in the Approval Order. However, Class Members shall be given the opportunity via the Election Form to decide upon a reasonably convenient method for them to receive their settlement proceeds among several reasonable options (i.e. mailing of checks, Venmo, PayPal, etc.). Class Members may submit their Election Forms via first class mail, fax, email, or through the Settlement Website by the Notice Response Deadline. The Notice Response Deadline for Election Forms shall be (i) thirty (30) days from the date of the initial mailing or as otherwise set by the Court, and (ii) an additional fifteen (15) days later for any Class Members who were unable to file a timely Election Form, due to factors such as change of address, military service, hospitalization, or other extraordinary circumstances. If an envelope does not contain a postmark, it shall be deemed received on the date that the Settlement Claims Administrator stamps the envelope or Election Form as "received."

2.3.5. **Settlement Website.** On the same date as initial mailing and/or e-mailing of Notices, notice shall also be provided on a website at an available settlement URL including https://www.lavernetuitionrefund.com/, which shall be obtained, administered, and maintained by the Settlement Claims Administrator. Copies of this Settlement Agreement, the Notice, Election Form, and other pertinent documents and Court filings pertaining to the Settlement shall be provided on the Settlement Website.

2.4. **Opt-outs: Class Members Who Opt-out of the Settlement.**

2.4.1. Class Members who elect to opt-out of the settlement as set forth in this Agreement must submit a written, signed statement ("Opt-out Statement") to the Settlement Claims Administrator stating the following:

"I WISH TO OPT-OUT FROM THE SETTLEMENT CLASS IN THE ARREDONDO V. ULV LAWSUIT. I UNDERSTAND THAT IF I ASK TO OPT-OUT FROM THE SETTLEMENT CLASS, I WILL NOT RECEIVE ANY MONEY FROM THE SETTLEMENT OF THIS LAWSUIT.

In order to be valid, the Opt-out Statement must include the name, address, telephone number, date of birth, and signature of the Class Member. To be effective, an Opt-out Statement must be sent by mail to the Settlement Claims Administrator at the specified address and must be postmarked by United States Postal Service or via verification through the settlement website on or before the Notice Response Deadline or as otherwise extended for re-mailed Notices. Any such Opt-out Statement must be made in accordance with the terms of the Notice. Any Class Member who timely requests to opt-out in compliance with these requirements: (i) will not have any rights under this Agreement, including the right to object, appeal or comment on the Settlement; (ii) will not be entitled to receive any payments under this Agreement; and (iii) will not otherwise be bound by this Agreement, or the Judgment.

2.4.2. The Settlement Claims Administrator shall stamp the received date on the original of each Opt-out Statement and send copies of each Opt-out Statement to Class Counsel and Defendant's Counsel not later than three (3) business days after receipt. The Settlement Claims Administrator shall, within twenty-four (24) hours of the end of the Opt-out Period, send a final list of all Opt-out Statements to Class Counsel and Defendant's Counsel by both email and overnight delivery. The Settlement Claims Administrator shall retain the stamped originals of all Opt-out Statements and originals of all envelopes accompanying Opt-out Statements in its files until such time as the Settlement Claims Administrator is relieved of its duties and responsibilities in connection with this Agreement.

2.4.3. Any Class Member who does not timely submit an Opt-out Statement pursuant to this Agreement and in compliance with the terms of the Notice will (i) be deemed to be Participating Class Members for all purposes under this Agreement; (ii) be bound by the terms and conditions of this Agreement, (iii) be bound by the Final Approval and Judgment, and the Releases set forth herein; and (iv) except as otherwise provided herein, be deemed to have waived all objections and oppositions to the fairness, reasonableness, and adequacy of the Settlement.

2.5. **Objectors: Class Members Who Object to the Settlement.**

2.5.1. Class Members who wish to present objections to the proposed settlement must do so in writing by the Notice Response Deadline. To be considered, such statement must be mailed to the Settlement Claims Administrator via First Class

Mail, postage pre-paid, and postmarked by the United States Postal Service on or before the Notice Response Deadline. The statement must include: (1) the objector's name, address and telephone number; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); (6) copies of any papers, briefs, declarations, affidavits or other documents upon which the objection is based; (7) a detailed list of any other objections submitted by the Settlement Class member, or his/her counsel, to any class actions submitted in any state or federal court in the United States in the previous five years (or affirmatively stating that no such prior objection has been made); and (8) the objector's signature, in addition to the signature of the objector's attorney (if any) – an attorney's signature alone shall not be deemed sufficient to satisfy this requirement. Failure to include any of the information or documentation set forth in this paragraph shall be grounds for overruling and/or striking the objection. The Settlement Claims Administrator will stamp the date received on the original and send copies of each objection, supporting documents, as well as a copy of the Notice mailed to the Objector, to Class Counsel and Defendant's Counsel by email delivery no later than three (3) days after receipt of the objection.

2.5.2. An Objector may withdraw his or her objections at any time. Any Class Member who has elected to opt-out may not submit objections to the settlement.

2.5.3. To the extent that the issue raised by the Objector has not been resolved, the Objector or either Party may seek relief from the Court including declaring that the Objector has opted out or that her/his objection has been overruled.

2.5.4. Any Class Member who desires to object but fails to timely submit a written objection waives any right to object and will be foreclosed from making any objection to this Settlement. Any Class Member who does not timely and properly become a party of record by intervening or filing a motion to vacate the judgment waives any and all rights to appeal from the Final Approval and Judgment, including all rights to any post-judgment proceeding and appellate proceeding, such as a motion to vacate judgment, motion for new trial, and extraordinary writs.

2.5.5. Counsel for the Parties may file a response to any objections submitted by Objecting Settlement Class Members at least five (5) court days before the date of the Final Approval Hearing.

2.6. **Final List of Class Members, Objectors and Opt Outs.**

2.6.1. No later than thirty (30) days after the Notice Response Deadline, the Settlement Claims Administrator shall certify jointly to Class Counsel and Defendant's Counsel: (a) a list of all Class Members, (b) a list of all Objectors, (c) a list of all Class Members who timely submitted an Opt-out Statement, and (d) an estimated calculation of the Settlement Proceeds to Class Members in accordance with the formulas and allocation amounts discussed below.

2.6.2. To the extent that any issues arise, they should be addressed by the Parties. If the issues cannot be resolved, they should be submitted to the Court via the Application for Final Approval with designated paragraphs concerning the respective position of the Parties.

2.7. **Final Approval Motion.**

2.7.1. No later than thirty (45) days after the Notice Response Deadline, or in accordance with any orders set by the Court, Plaintiff shall move for Final Approval of the Settlement, including dismissal of the claims with prejudice and approval of all procedures for effectuating the terms of the settlement.

2.7.2. Within 15 days after Final Approval Order from the Court, Defendant shall provide Class Counsel and the Settlement Claims Administrator an updated Class List, including any information required by the Settlement Claims Administrator to process payment and perform the necessary reporting.

2.7.3. Within 15 days after Final Approval Order from the Court, the Settlement Claims Administrator shall finalize calculations for allocation of the Settlement proceeds and provide a version to the Parties. To the extent any issues arise from the calculations, the Parties shall convene a meet and confer. To the extent that the Parties are unable to resolve the disputes concerning the calculations, the Parties shall submit the settlement to the Court for final resolution of the calculations and distributions.

3. **SETTLEMENT TERMS**

3.1. **Increased Financial Aid Benefit**. Defendant agrees and represents that as a result of the initiation of the Action, it distributed the Increased Financial Aid Benefit for the 2020-2021 academic year in the amount of Six Million Three Hundred Forty-Eight Thousand Eight Hundred Forty-Seven Dollars ($6,348,847.00). Beginning in the fall of 2020, the Increased Financial Aid Benefit was distributed to approximately 97% of Traditional Undergraduate students, including Class Members. Specifically, Two Million Two Hundred Thousand Dollars ($2,200,000.00) of the Increased Financial Aid Benefit was distributed to all Traditional Undergraduate students, including Class Members, in the form of One Thousand Dollar ($1,000.00) scholarships (Five Hundred Dollars ($500.00) per semester), regardless of merit or financial need. The remainder of the Increased Financial Aid Benefit was awarded to Traditional Undergraduates, including Class

Members, based on merit and/or financial need. Plaintiff through due diligence and discovery has confirmed the accuracy of this representation, and obtained discovery that in addition to the Increased Financial Aid Benefit, Defendant has also provided a One Hundred Dollar ($100.00) per student refund issued as to the ASULV Student Activities Fees for Class Members who paid that fee during the Spring 2020 semester.

    3.1.1.  **Additional Financial Representations.** As a basis for entering into this deal and in alignment with discovery conducted on the same, La Verne has represented to Class Counsel that it conferred the Increased Financial Aid Benefit (as described in Paragraph 3.1 above) following the initiation of the Action and has provided audited financial statements, and additional Settlement only productions of financial records that justify the proposed resolution presented here today. The representations by Defendant that if greater recovery was sought it may impact the educational services available to enrolled students (including Class Members) served as a primary basis for resolution.

3.2.  **Supplemental Cash Benefits.** In addition to the Increased Financial Aid Benefit already paid and distributed by La Verne, Defendant agrees to fund the New Cash Settlement Fund, consisting of payment of Two Million Dollars ($2,000,000.00) to fully satisfy any and all current cash benefits to be paid to all Class Members, any Court-approved Costs and Fees, any Reserve Fund, and all costs and fees associated with the Settlement Claims Administrator.

    3.2.1.  **Funding the QSF.** Defendant shall deposit funds into the QSF as follows: (i) within fifteen (15) calendar days after Preliminary Approval, Defendant shall deposit $50,000 for the primary purpose of funding the Settlement Claims Administrator and paying the costs associated with effectuating Notice; (ii) within fifteen (15) calendar days after the Final Effective Date, Defendant shall deposit the remainder of the New Cash Settlement Fund into the QSF. Upon Defendant's transfer of the complete New Cash Settlement Fund to the QSF, Defendant, the Released Parties and Defendant's Counsel shall have no further monetary liability or financial responsibility to Class Counsel, Named Plaintiff, Settlement Class Members, the Settlement Administrator, or any vendors or third parties employed by Named Plaintiff, Class Counsel, and/or the Settlement Administrator in connection with the Action. Defendant shall not be obligated to make any payments contemplated by this Agreement, other than costs and fees to the Settlement Claims Administrator associated with effectuating Notice, unless and until the Court enters the Final Approval Order and Final Judgment, and after the Final Effective Date of the Agreement.

    3.2.2.  **Uncashed and Unclaimed Funds.** Participating Class Members shall have one hundred and eighty (180) calendar days after mailing by the Settlement Administrator to cash their settlement checks. If any Participating Class Member's check is not cashed within that period, the check will be void and a stop-payment will be issued. The Release will be binding upon all Participating Class Members who do not cash their check within the 180-day period. After 180 days following the mailing of Settlement Checks and all outstanding issues are

15

resolved and 60% or more of the funds are claimed or cashed by Class Members, any amounts remaining in the QSF shall be distributed to La Verne's institutional general scholarship and hardship financial aid funds at La Verne. However, if less than 60% of Class Members cash checks or claim their funds, any amounts remaining in the QSF shall be distributed to the Fairplex Child Development Center, 1101 W. McKinley Ave., Pomona, CA 91768. Tax Exempt Organization Federal ID No 95-4662070.

3.2.3. To the extent that the parties cannot agree, the Court shall have binding authority to resolve disputes regarding funding amounts, the cy pres award, the reversion process, and/or the reallocation of uncashed or unclaimed funds.

3.3. **Non-Cash Benefits.**  All Class Members shall be entitled to the following benefits:

3.3.1. **Career Center.** All Class Members shall be entitled to access La Verne's Career Center and its services, so long as such facilities and services are operational and available to La Verne students, for which La Verne currently allocates approximately Two Hundred Fifty Thousand Dollars ($250,000.00) of its annual budget for operations.

3.3.2. **Academic Success Center.** All Class Members shall be entitled to access to La Verne's Academic Success Center and its services, so long as such facilities and services are operational and available to La Verne's students, for which La Verne currently allocates approximately Two Hundred Ninety-Six Thousand Nine Hundred Twelve Dollars ($296,912.00) of its annual budget for operations.

3.3.3. **Graduate School Tuition Discount.** All Class members who enroll in a La Verne graduate program at the time of Final Approval or in the future shall receive a 10% tuition discount ("Graduate School Tuition Discount"), so long as such program is operational and available to La Verne's students, which the Parties estimate to be equal to approximately Two Hundred Eighty Dollars ($280.00) per course taken depending on the program enrolled (total value dependent on the program/course of enrollment).

3.3.4. The total value of the Non-Cash Benefits is estimated to be approximately Five Hundred Forty-Six Thousand Nine Hundred Twelve Dollars ($546,912.00), plus the value of the Graduate School Tuition Discount.

3.3.5. **Enforcement Mechanism for Non-Cash Benefits.** To ensure that Participating Class Members are provided access to these Non-Cash Benefits, Class Members may address any problems or issues encountered in accessing Non-Cash Benefits with La Verne's Director of Student Accounts, and may escalate any unresolved issues directly to the Office of the Chief Financial Officer of La Verne for resolution.

3.4. **Conferred Benefit of the Settlement.**  Total value of the Settlement including all cash and non-cash benefits is approximately equal to Eight Million Eight Hundred Ninety-Five Thousand Seven Hundred Fifty-Nine Dollars ($8,895,759.00), plus the value of the

10% tuition discount for graduate programs enrolled in by Class Members.

3.5.    **Payments to Class Members and Others.** Funds shall be disbursed by the Settlement Claims Administrator as follows:

    3.5.1.    No later than ten (10) business days after the deposit of the New Cash Settlement Fund by La Verne into the QSF, the Settlement Claims Administrator shall distribute: (1) Settlement payments to the Participating Class Members; (2) payment for the Attorneys' Fees and Costs to Class Counsel; and (3) payment for Service Awards, if any, to Named Plaintiffs and Individual Class Members, and will pay itself any remaining Settlement Administration Costs. Settlement to Participating Class Members shall be distributed in accordance with the method selected on the Class Member's Election Form or if no Election Form has been submitted, via mailed check made payable to the Participating Class Member.

    3.5.2.    The Court shall have binding authority to resolve disputes regarding payments to Participating Class Members, and distribution of Settlement proceeds.

3.6.    **Amounts Payable as Attorneys' Fees, Costs, and Expenses.**

    3.6.1.    In connection with the Application for Approval, Class Counsel will petition the Court for an award of no more than One Million One Hundred Thousand Dollars ($1,100,000.00) for attorneys' fees and reimbursement of reasonable litigation costs, and expenses other than costs associated with the Settlement Claims Administrator incurred in connection with the Action. Attorney's Fees and Costs are included in, and shall be paid out from the New Cash Settlement Fund of Two Million Dollars ($2,000,000.00). The ultimate amount of any Attorneys' Fees and Costs awarded to Class Counsel is to be determined by the Court. All claims for Attorneys' Fees and Costs that Class Counsel, Named Plaintiff and Participating Class Members may possess against Defendant have been compromised and resolved in this Settlement and shall not be affected by any appeal that Class Counsel may file. The Settlement Claims Administrator shall issue to Class Counsel an IRS Form 1099 reflecting the amount of attorneys' fees and costs awarded by the Court. The Parties agree that, over and above the total amount of any Attorneys' Fees and Costs awarded to Class Counsel pursuant to this Paragraph 3.6.1, Plaintiff and Defendant shall bear their own fees and costs incurred by them or arising out of the Action, the negotiation, execution and/or implementation of this Settlement, and/or the process of obtaining, administrating or challenging a Preliminary Approval Order and/or Final Approval. The Parties will not seek reimbursement of any such fees and/or costs from any Party to this Agreement or any of the Released Parties.

    3.6.2.    The substance of Class Counsel's application for attorneys' fees, expenses and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Action. Should the Court approve a lesser amount than what is sought by Class Counsel, the difference shall be added to the Net Settlement Fund to be distributed to the

Participating Class Members. Any Court order awarding less than the amount sought by Class Counsel shall not be grounds to rescind the Agreement or otherwise void the Settlement, and shall not otherwise affect the Court's ruling on the Application for Approval.

3.7. **Service Award for Named Plaintiff and Individual Class Members.**

3.7.1.  In return for services rendered to the Settlement Class, Named Plaintiff may apply to the Court to receive a Service Award of no more than Five Thousand Dollars ($5,000.00).

3.7.2   In return for services rendered including through participation in discovery and sitting for depositions, Class Members Kaylen Henry, Jovanni Echevarria, and Savanah Gherir may apply to the Court to receive a Service Award of no more than One Thousand Five Hundred Dollars ($1,500.00) each.

3.7.3   The application for a Service Award(s) is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Action. The outcome of the Court's ruling on the application for the Service Award(s) shall not be grounds to rescind the Agreement or otherwise void the Settlement, and shall not otherwise affect the Court's ruling on the Application for Approval.

3.8. **Net Settlement Fund and Allocation to Class Members.**

3.8.1.  **Allocation.** The Settlement Claims Administrator shall prepare calculations to be approved by the Parties, and the Net Settlement Fund shall be distributed proportionately to all Class Members based on the following terms and criteria:

I.      Students who enrolled for online only classes at the beginning of the Spring 2020 Semester, who paid no tuition or fees, or who left La Verne prior to March 16, 2020, are not eligible to collect any proceeds.

II.     The Net Settlement Fund (estimated to be $863,708.00) shall be allocated to Participating Class Members enrolled as Traditional Undergraduate Students at La Verne's Main Campus on a prorated basis based on a percentage of tuition and fees paid to La Verne during the Spring 2020 Semester. Specifically, Participating Class Members shall receive a proportionate and prorated distribution of proceeds based on the amount of tuition and fees they paid for the Spring 2020 semester, taking into account any La Verne-funded and government funded scholarships and grants, tuition remission, and third party sponsored payments by companies, organizations and/or government entities that have paid all or a portion of a student's tuition, and that did not require repayment.

    3.8.2. **Amount Allocation.** The sum of all calculated amounts is expected to be $863,708.00, after payment of Attorneys' Fees and Costs, Service Awards, and costs of the Settlement Claims Administrator.

3.9. **Release of Claims.**

    3.9.1. Upon the Final Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Parties from all of the Released Claims. Each Participating Class Member will be deemed to have made the foregoing Release as if by manually signing it. The Notice will advise all Class Members of the binding nature of the foregoing Release and such Notice shall have the same force and effect as if the Agreement were executed by each Class Member.

    3.9.2. Except as provided in this Agreement, upon payment of all Costs and Fees as approved by the Court, Class Counsel, on behalf of the Participating Class Members, irrevocably and unconditionally release, acquit, and forever discharge any claim that he, she or they may have against the Released Parties for attorneys' fees, expenses, disbursements and all other costs and fees associated with Class Counsel's representation of the Class. Class Counsel further understands and agrees that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees, expenses, disbursements and all other costs and fees associated with Class Counsel's representation in the Action.

    3.9.3 Named Plaintiff and Defendant intend that the Settlement described in this Agreement will Release and preclude any further claim, whether by lawsuit, administrative claim or action, arbitration, demand, or other action of any kind by each and all of the Participating Class Members to obtain a recovery based on, arising out of, and/or related to any and all of the Released Claims. The Class Members shall be so notified in the Notice. This Settlement shall constitute, and may be pleaded as a complete and total defense to any such Released Claims if raised in the future. This Paragraph 3.9.3 does not apply to any Class Member who timely and validly opts out of the Settlement.

3.10 **Release by Named Plaintiff.** Named Plaintiff does hereby, for herself and for her respective former and current spouses, heirs, successors, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, and assigns forever and completely release and discharge the Released Parties from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses of any nature whatsoever, from the beginning of time through the Final Effective Date, whether known or unknown, suspected or unsuspected, including but not limited to all claims arising out of, based upon, or relating to Defendant's provision of all educational and campus services to Named Plaintiff and Named Plaintiff's payment of tuition and fees to Defendant.

Named Plaintiff expressly waives and relinquishes all rights and benefits afforded by Section 1542 of the Civil Code of the State of California and does so understanding and acknowledging the significance of the waiver of Section 1542. Section 1542 of the Civil Code of the State of California states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

3.11.  **Non-Admission of Liability.** By entering this Agreement, Defendant in no way admits any violation of law or any liability whatsoever to Named Plaintiff and/or the Class Members, individually or collectively, all such liability being expressly denied. Rather, Defendant enters into this Agreement to avoid further protracted litigation and to fully and finally resolve and settle all disputes with the Named Plaintiffs and Class Members. Settlement of the Action, negotiation and execution of this Agreement, and all acts performed and documents executed pursuant to or in furtherance of this Agreement or the settlement: (1) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendant or of the truth of any of the factual allegations in any and all complaints or other papers filed by Plaintiff in the Action; and (2) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendant in any civil, criminal, administrative, or arbitral proceeding. The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

4.  INTERPRETATION AND ENFORCEMENT

4.1.  **Cooperation Between the Parties; Further Acts.** The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each Party, upon the request of any other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

4.2.  **No Assignment.** Class Counsel and Named Plaintiff, on behalf of the individual Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Action, or any related action.

4.3.  **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

4.4.    **Binding Effect.** This Agreement shall be binding upon the Parties and, with respect to Named Plaintiff and all Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns. Notwithstanding the passage of any legislation, bill, regulation, or other change in the law that may materially affect the rights of Named Plaintiff and all Class Members in the Action, this Agreement is binding.

4.5.    **Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

4.6.    **Captions.** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

4.7.    **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of California, without regard to choice of law principles.

4.8.    **Continuing Jurisdiction.** The Parties shall request the Court to retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby. The Parties may not unilaterally petition the Court to modify this Agreement or to increase the Defendant's payment obligations, except to the extent provided in this Agreement.

4.9.    **Waivers, Modifications and Amendments to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

4.10.    **When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its full execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

4.11.    **Facsimile, Email and Electronic Signatures.** Any Party may execute this Agreement by electronic signature and/or by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the

other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or email.

4.12    **Enforcement Actions.**  In the event that one or more of the Parties to this Agreement institutes any legal action or other proceeding against any other party or parties to enforce the provisions of this Agreement or to declare rights and/or obligations under this Agreement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorney's fees and costs incurred in connection with any enforcement actions.

4.13    **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

**WE AGREE TO THESE TERMS,**

FOR DEFENDANT:                                            FOR PLAINTIFF AND THE CLASS:

University of La Verne                                      Brianna Arredondo

_____                   /s/ Brianna Arredondo (MT)
                                                          _____

By: _Avedis kechichian, CFO_____

Date: _11/11/2022_____                   Date: _11/14/2022_____

_____
David R. Sugden, Esq.                                    _____
**CALL & JENSEN, APC**                               Jason Sultzer, Esq.
610 Newport Center Drive                               Mindy Dolgoff, Esq.
Newport Beach, CA 92660                              **THE SULTZER LAW GROUP, P.C.**
(949) 717-3000                                             85 Civic Center Plaza, Suite 200,
dsugden@calljensen.com                                Poughkeepsie, New York 12601;

Date: _November 14, 2022_____                   &

22

Michael Tompkins, Esq.,
Jeffrey K. Brown, Esq.,
Brett R. Cohen, Esq.
**LEEDS BROWN LAW, P.C.,**
One Old Country Road, Suite 347
Carle Place, New York 11514;

&

Thomas S. Alch, Esq.
**SHOOP |A PROFESSIONAL LAW
CORPORATION**
9701 Wilshire Blvd., Suite 950
Beverly Hills, CA 90212

&

Perry D. Segal, Esq.
**CHARON LAW**
303 Twin Dolphin Dr., Suite 600
Redwood City, CA 94065

Date: 11/14/2022

# EXHIBIT A

## ELECTION FORM

### INSTRUCTIONS: FILL OUT AND RETURN ELECTION FORM

### BY XX XX, 202_

\* RETAIN A COPY OF THIS ELECTION FORM, ALONG WITH ANY INFORMATION THAT WOULD DEMONSTRATE THE TIME AND MANNER IN WHICH IT WAS SUBMITTED \*

---

«IMbFullBarcodeEncoded»

«FirstName» «LastName» «BusinessName»
«Address1» «Address2»
«City», «State»  «Zip»-«ZipDPC3»

SIMID «SIMID»
«Intc_Incode»

Name/Address Changes:

_____
_____
_____

$«MERGED_Tuition/Fees_Net» \*\*

**Please sign, date, and return this Election Form to the Settlement Claims Administrator by either fax, email, website submission at www.???????.com, or postal mail by _____ __, 202_, if you wish to designate a particular form of payment for your share of the Settlement Fund.  You are not required to complete this form in order to receive a payment.  If you do not complete this form, you will receive your share of the Settlement Fund in the form of a check sent to your last known mailing address.**

**Check one box below:**

| [  ] | I would like to receive my Settlement Benefit by paper check via First Class Mail at the following address: _____. |
| --- | --- |
| [  ] | I would like to receive my Settlement Benefit via PayPal. PayPal Account: _____ |
| [  ] | I would like to receive my Settlement Benefit via Venmo Venmo Account Username: _____ |

**Signature:** _____     **Date:** _____
Print Name:_____

You must keep a current mailing address on file with the Settlement Claims Administrator and Class Counsel, along with a valid phone number and email address for updates.

Mailing address: _____

**Phone number:** _____     **Email address:** _____

«Barcode»
«BarcodeString»

SIMID  «SIMID»

«Barcode»
«BarcodeString»

SIMID  «SIMID»

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNA ARREDONDO, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br><br> THE UNIVERSITY OF LA VERNE, <br><br> Defendant. | Case No. 2:20-cv-07665-MCS-RAO <br><br><br> **NOTICE OF CLASS ACTION SETTLEMENT** |

TO:   All University of La Verne traditional undergraduate students excluding students in the Campus Accelerated Program for Adults, who paid tuition and/or the Mandatory Fees at La Verne's Main/Central campus location during the Spring 2020 term/semester.

DATED:     **XX XX, 2022**

## PLEASE READ THIS NOTICE CAREFULLY

**This Notice relates to a proposed settlement of this class action litigation. It has been authorized by the United States District Court for the Central District of California. It contains important information as to your right to participate in the settlement or elect not to be included in the class. The following pages detail your options, your rights, and common questions or issues that Class Members ask about class action settlements.**

## INTRODUCTION

Brianna Arredondo ("Plaintiff"), a student of University of La Verne's Main/Central Campus ("La Verne" or "Defendant") during the Spring 2020 semester, commenced this action alleging breach of contract and quasi contract claims stemming from La Verne's transition to remote learning and services during the Spring 2020 Semester as a result of the Covid-19 Pandemic. The Court in charge of this case is the United States District Court for the Central District of California. The lawsuit is known as *Arredondo v. University of La Verne* (the "Lawsuit"). Brianna Arredondo is the Named Plaintiff, and ULV is the Defendant (together, the "Parties"). Plaintiff alleges in the Lawsuit that, among other things, La Verne breached the terms of the contract entered into with Plaintiff and similarly situated individuals when La Verne stopped providing in-person and on-campus educational services, as well as access to certain campus services and facilities on or about March 13, 2020 at the start of the Covid-19 Pandemic. Plaintiff sought, for herself and the Class members, a pro-rated refund of tuition and fees for the respective time that La Verne switched to remote learning and services during the Spring 2020 Semester.

La Verne has defended and vigorously contested the claims in the Lawsuit. La Verne has asserted numerous defenses and denies any and all liability and wrongdoing. The Parties have decided to settle the Lawsuit to avoid the expense, inconvenience, and distraction of litigation and trial. The Court has not decided who is right or who is wrong.

The Parties have agreed to settle the Lawsuit subject to the approval of the Court via a signed Settlement Agreement and Release (referred to herein as "Settlement"). The total value of the Settlement including all cash and non-cash benefits is approximately Eight Million Eight Hundred Ninety-Five Thousand Seven Hundred Fifty Nine Dollars ($8,895,759.00). As part of the Settlement, La Verne has agreed to pay Two Million Dollars

($2,000,000.00) to create a settlement fund that will provide compensation to Settlement Class Members, pay for notice and administration costs, provide for any approved service award to Plaintiff, and compensate the attorneys for any approved fees, costs, and expenses ("New Cash Settlement Fund"), and to also provide to Settlement Class Members the Non-Cash Benefits described below. In addition, as a result of this action, La Verne previously distributed the Increased Financial Aid Benefit (described more fully below) of approximately Six Million Three Hundred Forty-Eight Thousand Eight Hundred Forty-Seven Dollars ($6,348,847.00) that was awarded to Traditional Undergraduate Students beginning in the Fall of the 2020-2021 academic year, including Settlement Class Members. The Parties have reached this Settlement through negotiations and mediation sessions and then presented it to the Court. As determined through that process, you are entitled to participate, and your legal rights may be affected. These rights and options are summarized below and explained in detail throughout this Notice.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **PARTICIPATE** | As described more fully below, to participate in the settlement you do not need to do anything. You will receive a check upon approval of the Settlement by the Court at your last known mailing address. However, if you want to receive your payment in electronic form, or you wish to provide updated contact information, then you should fill out, sign and return the Election Form to the Settlement Claims Administrator by **[DATE] – or utilize the website that has been established for this case www.????????.com**. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt-out") from the Lawsuit, you must follow the directions outlined in response to Question 7 below. |
| **OBJECT** | You may write to the Court about why you believe the settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of the Settlement unless you validly and timely exclude yourself. You will not be bound by the Settlement if you opt-out of this action as described herein. If you object you may request to speak to the Court about the fairness of the settlement and the Court may set a schedule for such a hearing. |
| **DO NOTHING** | Any Class Member who does not timely submit an Opt-Out Statement pursuant to this Agreement will be deemed to have accepted the Settlement and the terms of this Agreement, will be bound by the Approval Order, and will have any Released Claims released and dismissed with prejudice. Additionally, you will not be allowed to pursue claims (as described herein) against ULV, separately or as part of this Lawsuit. |

## FREQUENTLY ASKED QUESTIONS

| Question 1. | Why did I receive this notice? |
|---|---|

You received this Notice because La Verne's records show that you were enrolled as a traditional undergraduate student at La Verne's Main/Central Campus during the Spring 2020 semester affected by the Covid-19 Pandemic and may therefore be an eligible Class Member.

| Question 2. | What is a class action? |
|---|---|

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These similarly-situated people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable Mark C. Scarsi, United States District Judge, is presiding over this class action.

| Question 3. | Why is there a settlement? |
|---|---|

Plaintiff and Class Counsel analyzed and evaluated the merits of the claims made against Defendant in the litigation. Based upon Class Counsel's due diligence, and the substantial risks of a continued litigation, including the possibility that the lawsuit, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiff and Defendant entered into this proposed Settlement. Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interest of Plaintiff and Class Members.

**Question 4.    What do I get if I join the Settlement?**

Each Class Member who does not opt out of participating in the Settlement will receive a proportionate share of the New Cash Settlement Fund and certain Non-Cash Benefits, as follows:

**New Cash Benefits:** The Settlement Claims Administrator shall prepare calculations to be approved by the Parties, and the Net Settlement Fund shall be distributed proportionately to all Class Members based on the following terms and criteria:

I.     Students who enrolled for online only classes at the beginning of the Spring 2020 Semester, who paid no tuition or fees, or who left La Verne prior to March 16, 2020, are not eligible to collect any proceeds.

II.    The remainder of the Net Settlement Fund (estimated to be $___) shall be allocated to Class Members enrolled as Traditional Undergraduate Students at La Verne's Main Campus on a prorated basis based on a percentage of tuition and fees paid to La Verne during the Spring 2020 Semester. Specifically, undergraduate students shall receive a proportionate and prorated distribution of proceeds based on the amount of tuition and fees they paid for the Spring 2020 semester, taking into account any La Verne-funded and government funded scholarships and grants, tuition remission, and third party sponsored payments by companies, organizations and/or government entities that have paid all or a portion of a student's tuition, and that did not require repayment.

**Increased Financial Aid Benefit:** As a result of this lawsuit, La Verne previously distributed increased Financial Aid for the academic year 2020-2021 in the amount of Six Million Three Hundred Forty-Eight Thousand Eight Hundred Forty-Seven Dollars ($6,348,847.00) to approximately 97% of Traditional Undergraduates beginning in the Fall of the 2020-2021 academic year, of which Two Million Two Hundred Thousand Dollars ($2,200,000.00) was specifically distributed to all Traditional Undergraduates regardless of merit or financial need. The remainder of Increased Financial Aid Benefit was awarded to Traditional Undergraduates based on merit and/or financial need.

**Non-Cash Benefits:** All Class Members will be entitled to: (i) access to La Verne's Career Center and its services, so long as such facilities and services are operational and available to La Verne students; (ii) access to La Verne's Academic Success Center and its services, so long as such facilities and services are operational and available to La Verne students, and (iii) a 10% tuition discount for Class Members who enroll in a La Verne graduate program, so long as such program is operational and available to La Verne's students.

**Question 5.    Who brought this lawsuit and are they being compensated?**

This lawsuit was brought by Plaintiff Brianna Arredondo. Plaintiff Arredondo took a lead role in this litigation and assisted in its resolution. In addition to her allocated share as described in Question 4, she will make an application to the Court to receive $5,000.00 for her efforts to reflect the time and energy expounded on behalf

of herself and Class Members in reaching this Settlement.

## Question 6.    What do I have to do to be included in the Settlement?

You do not need to do anything to participate in the settlement. If you do not respond, we will mail you a check at your last known mailing address after the Court approves the Settlement. However, to receive payment in electronic format, complete and return the Election Form by **[Notice Response Deadline]**.

The Election Form must be personally filled out by the Class Member who seeks to participate in the Settlement or someone with a legal right to act on his or her behalf. The Election Form must be properly completed, signed, and mailed, emailed, or faxed to the Settlement Claims Administrator by **[DATE]** (the "Notice Response Deadline") – or submitted on www.???????.com.

[INSERT ADDRESS]

If you do not properly complete and timely submit the Election Form, it may delay you receiving your proceeds.

If you timely return the enclosed Election Form to the Settlement Claims Administrator so that it is received by email, fax, or postmarked by **[DATE]**, the Settlement Claims Administrator will make your payment in the manner you prefer after the settlement has been finally approved by the Court.

Additionally, the Lawsuit will be dismissed with prejudice and Class Members who do not opt-out will fully release and discharge La Verne. This means that you cannot sue, continue to sue, or be party of any other lawsuit against La Verne regarding the claims brought in this case. It also means that all of the Court's orders will apply to you and legally bind you.  The specific claims you are giving up against La Verne are described in Sections 1.29, 1.30 and 1.31 of the Settlement Agreement and in the specific language below.

> **Released Claims** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined in the Settlement Agreement), whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, whether based on state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding University of La Verne's actions and/or decisions with respect to COVID-19 policies and procedures for the Spring 2020 Semester, including transitioning from in-person instruction and other in-person educational services to a remote format during the Spring 2020 Semester, including but not limited to all claims that were brought or could have been brought in the Action by Releasing Parties relating to any and all of the Released Parties.

> **Released Parties** means University of La Verne as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employees, agents, consultants, independent contractors, insurers, including without limitation employees of the foregoing, directors, trustees, board members, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, corporations, and all third party service providers or entities identified as University of La Verne's agents and/or independent contractors in this Action.

## Question 7.    How do I exclude myself from the Settlement?

Class Members who elect to opt-out of the Settlement as set forth in this Agreement must submit via [website] or mail (via First Class United States Mail, postage prepaid) a written, signed statement to the Settlement Claims

Administrator at the following address that states he or she is opting out of the settlement ("Opt-out Statement"):

University of La Verne Settlement
0000 Street
City, ST 00000

The Opt-out Statement shall state:

"I WISH TO OPT-OUT FROM THE SETTLEMENT CLASS IN THE ARREDONDO V. ULV LAWSUIT. I UNDERSTAND THAT IF I ASK TO OPT-OUT FROM THE SETTLEMENT CLASS, I WILL NOT RECEIVE ANY MONEY FROM THE SETTLEMENT OF THIS LAWSUIT."

In order to be valid, the Opt-out Statement must include the name, address, telephone number, date of birth, and signature of the Class Member. To be effective, an Opt-out Statement must be postmarked by United States Postal Service or via verification through the settlement website on or before [INSERT DATE].

If you exclude yourself from the lawsuit and the Settlement, you will NOT be allowed to object to the Settlement as described in Question 12.

| Question 8. | If I don't exclude myself from the Settlement, can I sue the Defendant for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up any rights to sue the Defendant for claims brought in this case or which could have been brought in this case. If you have a pending lawsuit, speak to your lawyer in that case immediately to see if the Settlement will affect your other case. Remember, the opt-out exclusion deadline is **[DATE]**.

| Question 9. | If I exclude myself, can I get money from the Settlement? |
|---|---|

No. If you exclude yourself, you will not receive any payment from the Settlement Fund.

| Question 10. | Do I have a lawyer in this case? |
|---|---|

The law firm of Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, New York 11514, (516) 873-9550, The Sultzer Law Group, P.C., 85 Civic Center Plaza, Suite 200, Poughkeepsie, New York 12601 (845) 483-7100, Shoop Law APLC, 9701 Wilshire Blvd., Beverly Hills, California 90212 and Charon Law, 303 Twin Dolphin Dr. Suite 600, Redwood City, California 94065 have been designated as legal counsel to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged separately for these lawyers. You will not be charged for calling, emailing, or speaking confidentially to Class Counsel. You are permitted to call Class Counsel with any questions and such communications will be confidential and protected. Class Counsel's fees are being paid from the total settlement fund as part of the Settlement and are subject to the approval of the Court. If you want to be represented by your own lawyer, you may hire one at your own expense.

| Question 11. | How will the lawyers be paid? |
|---|---|

Class Counsel will ask the Court to approve payment of no more than One Million One Hundred Thousand Dollars ($1,100,000.00), which represents a small portion of the Gross Settlement Fund, for fees, costs, and disbursements incurred in connection with this action. The fees would pay Class Counsel for all work that they have performed in this action including filing briefs, investigating the facts, attending court conferences, taking depositions, preparing for trial, participating in settlement discussions and mediations, and negotiating and overseeing the settlement.

| Question 12. | How do I tell the Court that I don't like the Settlement? |
|---|---|

If you wish to present your objection to the Court, you must state your intention to do so in a written statement. Your statement should be as detailed as possible, otherwise the Court may not allow you to present reasons for your objection that you did not describe in your written objection. The statement must include: (1) the

objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules). Your objection may not be heard unless it is submitted timely or postmarked by the **XX, XX 202_**, Notice Response Deadline and mailed to the Settlement Claims Administrator at:

[INSERT ADDRESS]

The Settlement Claims Administrator will share your objection with Class Counsel and Defendant's counsel and file your objection statement with the Court, and may request an opportunity to speak with you before any conference or hearing with the Court. You may not object to the Settlement if you submit a letter requesting to exclude yourself or opt-out of the Settlement.

## Question 13.   What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself from the settlement ("opting out") is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

If you send an objection, it is not necessary for you to come to Court to talk about it, but you may do so at your own expense or pay your own lawyer to attend. As long as you mailed your written objection on time, the Court will consider it. If you do attend the hearing, it is possible that you will not be permitted to speak unless you timely object in writing as described above and notify the Court of your intention to appear at the fairness hearing.

## Question 14.   Has the Court approved the Settlement?

The Court has granted preliminary approval of the Settlement and anticipates making a final determination after Notices are sent. The Court will ultimately consider whether the terms of the Settlement are fair, reasonable, and adequate – after reviewing submissions by the Parties that are publicly available via Pacer.gov and will be posted on the Settlement Website.

However, if you wish to raise a valid concern, you should alert the attorneys and they can appear at a conference before the Court on **[Final Approval Hearing Date]** if your issue is not resolved to your satisfaction with the attorneys. If there are objections, the Court will consider them. The Judge will decide whether to listen to any issues that are properly raised.

This hearing date may change without further notice to you. Consult the settlement website at www.xxxxx.com or the Court docket in this case available through PACER (www.pacer.gov), for updated information on the hearing date and time.

## Question 15.   Are there more details about the Settlement?

This Notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the Settlement Agreement on the Settlement Website at www.xxxxxx.com or by asking for a copy of the Settlement Agreement by writing or calling Michael A. Tompkins, Esq. at (516) 873-9550 or mtompkins@leedsbrownlaw.com, Leeds Brown Law, P.C., One Old Country Road, Carle Place, New York 11514; Jason Sultzer, Esq. at (845) 483-7100 or sultzerj@thesultzerlawgroup.com, The Sultzer Law Group, P.C., 85 Civic Center Plaza, Suite 200, Poughkeepsie, New York 12601.

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNA ARREDONDO, on behalf of herself and all others similarly situated, Plaintiff, vs. THE UNIVERSITY OF LA VERNE, Defendant. | Case No. 2:20-cv-07665-MCS-RAO |

### [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT AND AUTHORIZING CLASS NOTICE

WHEREAS, an action is pending before this Court entitled *Brianna Arredondo v. University of La Verne*, C.A. No. 2:20-cv-07665-MCS (the "Action");

WHEREAS, this Court has previously appointed Plaintiff Brianna Arredondo as Class Representative, appointed The Sultzer Law Group, P.C., Leeds Brown Law P.C., Shoop Law APLC, and Charon Law as Class Counsel, and certified a class of "[a]ll University of La Verne undergraduate students, excluding students in the Campus Accelerated Program for Adults, who paid tuition and/or the Mandatory Fees at La Verne's Main/Central campus location during the Spring 2020 term/semester." Dkt. Nos. 117, 163.

WHEREAS, Plaintiff having made an application pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving a class action settlement with University of La Verne ("Defendant" and together with Plaintiff, the "Parties"),

1

in accordance with the settlement agreement lodged concurrently with the Court ("Settlement Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein ("Settlement"); and

Having considered all matters submitted to it including the complete record of the Litigation and good cause appearing therefore, the Court grants preliminary approval of the Settlement and hereby finds and concludes as follows:

1.      The capitalized terms used in this Order shall have the same meaning as defined in the Settlement Agreement except as otherwise expressly provided.

2.      The Court has subject-matter jurisdiction over the Litigation pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

3.      The Court preliminarily approves the Settlement Agreement as within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration.

4.      The Court also preliminarily finds that the plan for distribution of the Settlement Fund, as set forth in the Settlement, is fair and equitable, subject to issues raised by any Class Members after Notice is conducted.

5.    The Court also confirms its ruling appointing Brianna Arredondo as Class Representative and the law firms of The Sultzer Law Group, P.C., Leeds Brown Law P.C., Shoop Law APLC, and Charon Law as Class Counsel and certifying the class that is aligned with the Settlement Class.

6.    In consultation with, and with the approval of, Defendant, Class Counsel is hereby authorized to establish the means necessary to administer the proposed Settlement and implement the Claim process, in accordance with the terms of the Settlement Agreement. CPT Group is hereby appointed by the Court as the Claim Administrator, whose reasonable fees and costs are to be paid from the New Cash Settlement Fund in accordance with the Settlement Agreement. The Claim Administrator shall perform and comply with all notice and administration duties ascribed to it in the Settlement Agreement, this Preliminary Approval Order, and subsequent orders that may be entered by this Court in this case.

7.    The Court approves, as to form and content, the Election Form and Notice, attached as Exhibits to the Settlement Agreement. The Election Form and Notice are written in plain English, are easy to comprehend, and fully comply with the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Rules of Civil Procedure, and any other applicable law. The Parties shall have discretion to jointly make non-material minor revisions to the Election Form or Notice. Responsibility regarding settlement administration, including, but not

limited to, notice and related procedures, shall be performed by the Claim Administrator, subject to the oversight of the Parties and this Court as described in the Settlement Agreement.

8.     The Court finds that Notice and Election Process is reasonably calculated to provide notice to the Settlement Class of the pendency of the Litigation, certification of the Settlement Class, the terms of the Settlement Agreement, the Final Approval hearing, and applicable deadlines, complies fully with the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Rules of Civil Procedure, and any other applicable law, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Parties and the Claim Administrator shall comply with the Notice and Election Process and other deadlines as set forth in the Settlement Agreement and this Order.

4.     The Settlement Claims Administrator shall implement the Notice and Election Form process, as set forth below and in the Settlement, using the forms of Notice and Election Form appended as Exhibits to the Settlement Agreement and approved by this Order.

5.     No later than fourteen (14) days after entry of this Order, Defendant shall provide Class Counsel and the Settlement Claims Administrator the names of any Class Members that can be identified through Defendant's records, any available

physical mailing addresses and/or e-mail address for such Class Members, plus the information outlined in the Settlement Agreement.

6.      Within fourteen (14) days after receipt of the Class List, or as otherwise ordered by the Court, the Settlement Claims Administrator shall (i) email a copy of the Notice and Election Form to all Class Members for whom the Settlement Claims Administrator has a valid email address, and (ii) mail a copy of the Notice and Election Form to all Class Members not presently enrolled at La Verne for whom the Settlement Claims Administrator does not have a valid email address through regular U.S. Mail to such students' mailing address as listed in La Verne's records.

7.      If a Notice is returned as undeliverable via email, then the Settlement Claims Administrator shall take all reasonable steps to obtain a mailing address, including performing a skip trace, and shall email the Notice to any other email address obtained or mail Notice to any physical address. If a Notice is returned as undeliverable via mail, then the Settlement Claims Administrator shall take all reasonable steps to obtain a mailing address, including requesting such information from Defendant, performing a skip trace, and/or remailing the Notice to any address. The Settlement Claims Administrator shall also mail a Notice and Election Form to any Class Member who requests them after the initial emailing of Notice and before the Notice Response Deadline. The Settlement Claims Administrator will notify Class Counsel and Defendant's Counsel of any Notices and Election Forms returned

as undeliverable after the first mailing, including those returned as undeliverable after any subsequent mailing. All costs of locating Class Members will be paid from the Qualified Settlement Fund. To assist in obtaining a more accurate email or physical address for any Class Member, Class Counsel may provide such to the Settlement Claims Administrator to be used for the purposes of mailing of Notice.

8.      Additionally pursuant to the terms of the Settlement Agreement, Notice and Election Form shall be provided on a website at an available settlement URL to be agreed upon by the Parties, which shall be obtained, administered, and maintained by the Settlement Claims Administrator. Copies of the Settlement Agreement, Notice, and other pertinent documents and Court filings pertaining to the Settlement shall be provided on the Settlement Website.

18.      Class Members who wish to opt-out to the proposed Settlement must do so in writing by the Notice Response Deadline. To be considered, such statement must submit to the Settlement Claims Administrator via First Class Mail, postage pre-paid, and postmarked by the United States Postal Service or via verification through the Settlement Website on or before the Notice Response Deadline stating:

> "I WISH TO OPT-OUT FROM THE SETTLEMENT CLASS IN THE ARREDONDO V. ULV LAWSUIT. I UNDERSTAND THAT IF I ASK TO OPT-OUT FROM THE SETTLEMENT CLASS, I WILL NOT RECEIVE ANY MONEY FROM THE SETTLEMENT OF THIS LAWSUIT.

In order to be valid, the Opt-out Statement must include the name, address, telephone number, date of birth, and signature of the Class Member. To be effective, an Opt-

out Statement must be sent by mail to the Settlement Claims Administrator at the specified address and must be postmarked by United States Postal Service or via verification through the settlement website on or before the Notice Response Deadline.

19.    Class Members who wish to present objections to the proposed settlement must do so in writing by the Notice Response Deadline. To be considered, such statement must be mailed to the Settlement Claims Administrator via First Class Mail, postage pre-paid, and postmarked by the United States Postal Service on or before the Notice Response Deadline. The statement must include: (1) the objector's name, address and telephone number; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); (6) copies of any papers, briefs, declarations, affidavits or other documents upon which the objection is based; (7) a detailed list of any other objections submitted by the Settlement Class

member, or his/her counsel, to any class actions submitted in any state or federal court in the United States in the previous five years (or affirmatively stating that no such prior objection has been made); and (8) the objector's signature, in addition to the signature of the objector's attorney (if any) - an attorney's signature alone shall not be deemed sufficient to satisfy this requirement.  Failure to include any of the information or documentation set forth in this paragraph shall be grounds for overruling and/or striking the objection.  The Settlement Claims Administrator will stamp the date received on the original and send copies of each objection, supporting documents, as well as a copy of the Notice mailed to the Objector, to Class Counsel and Defendant's Counsel by email delivery no later than three (3) days after receipt of the objection.

20.    An Objector may withdraw his or her objections at any time. Any Class Member who has elected to opt-out may not submit objections to the settlement.

21.    To the extent that the issue raised by the Objector has not been resolved, the Objector or either Party may seek relief from the Court including declaring that the Objector has opted out or that her/his objection has been overruled.

22.    Any Class Member who does not timely submit an Opt-out Statement pursuant to the Settlement Agreement will be deemed to have accepted the settlement and the terms of the Settlement Agreement, will be bound by the Final

Approval Order, and will have any Released Claims released and dismissed with prejudice.

22.    Class Members are not required to take any affirmative steps to participate in this Action and upon approval, Settlement Checks will be mailed to all Class Members by the dates set forth in the Settlement Agreement or in this Order. However, Class Members shall be given the opportunity via the Election Form to decide upon a reasonably convenient method for them to receive their settlement proceeds among several reasonable options (i.e. mailing of checks, Venmo, PayPal, etc.). Class Members may submit their Election Forms via first class mail, fax, email, or through the website established by the Settlement Claims Administrator for this Settlement, by the Notice Response Deadline. The Notice Response Deadline for Election Forms shall be (i) thirty (30) days from the date of the initial mailing and/or e-mailing of the Notice or as otherwise set by the Court, and (ii) an additional fifteen (15) days later for any Class Members who were unable to file a timely Election Form, due to factors such as change of address, military service, hospitalization, or other extraordinary circumstances. If an envelope does not contain a postmark, it shall be deemed received on the date that the Settlement Claims Administrator stamps the envelope or Election Form as "received."

23.    No later than thirty (30) days after the Notice Response Deadline, the Settlement Claims Administrator shall certify jointly to Class Counsel and

Defendant's Counsel: (a) a list of all Class Members, (b) a list of all Objectors, (c) a list of all Class Members who timely submitted an Opt-out Statement, and (d) an estimated calculation of the Settlement Proceeds to Class Members in accordance with the formulas and allocation amounts discussed below.

24.     The Court directs that a Final Approval Hearing will take place on _____, 202_, at _____ a.m./p.m., at First Street U.S. Courthouse, 350 W. 1st Street, Courtroom 7C, Los Angeles, California, to assist the Court in determining whether to grant Final Approval of the Settlement and whether to grant Class Counsel's application for attorneys' fees and request for a Service Award for the Plaintiff.

25.     All proceedings in the Action are hereby stayed until further Order of the Court, except as may be necessary to implement the terms of the Settlement.

26.     Upon entry of this Order, all Class Members will be preliminarily barred and enjoined from asserting, instituting, or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Releasees. Upon entry of a Final Approval Order, all Class Members will be forever barred and enjoined from taking any action in violation of this provision.

27.    Based on the foregoing, the Court sets the following schedule for the

Final Approval Hearing and the actions that must precede it:

A.    Defendant's Counsel shall provide Class Counsel and the Settlement Claims Administrator with the Class List no later than _____, 202_ or 14 days from entry of this Order.

B.    The Settlement Administrator shall email and/or mail the Notice and Election Form within fourteen (14) days after receipt of the Class List. On the same day as the initial mailing of Notices, notice shall also be provided on a website at an available settlement URL to be agreed upon by the parties.

C.    Class Members must either postmark or submit the online Election Form, opt out, or object no later than _____, 202_ or 30 days after the mailing of Notice pursuant to Paragraph B above.

D.    A Final Approval Hearing will take place on _____, 202_, at _____ a.m./p.m.


DATED: _____, __, 202_.

BY THE COURT:

_____
The    Honorable    Mark    C.    Scarsi,
U.S.D.J.

11

1

# EXHIBIT D

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNA ARREDONDO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br><br>THE UNIVERSITY OF LA VERNE,<br><br>Defendant. | Case No. 2:20-cv-07665-MCS-RAO |

## [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT

WHEREAS, an action is pending before this Court entitled *Brianna Arredondo v. University of La Verne*, C.A. No. 2:20-cv-07665-MCS (the "Action");

WHEREAS, on _____, _____ this Court signed an order preliminarily approving a class action settlement with University of La Verne ("Defendant," and together with Plaintiff, the "Parties"), ("Preliminary Approval Order") (Dkt. __) in accordance with a settlement agreement filed with the Court on _____, _____ ("Settlement Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein ("Settlement");

WHEREAS, this Court has previously appointed Plaintiff Brianna Arredondo as Class Representative, appointed The Sultzer Law Group, P.C., Leeds Brown Law

P.C., Shoop Law APLC, and Charon Law as Class Counsel, and certified a class of "[a]ll University of La Verne undergraduate students, excluding students in the Campus Accelerated Program for Adults, who paid tuition and/or the Mandatory Fees at La Verne's Main/Central campus location during the Spring 2020 term/semester." Dkt. Nos. 117, 163

WHEREAS the Preliminary Approval Order also authorized Plaintiff to disseminate notice of the settlement, the Final Approval Hearing and related matters, to the Settlement Class; and

Having considered all matters submitted to it including the complete record of the Action and good cause appearing therefore, the Court grants final approval of the Settlement and hereby finds and concludes as follows:

1.     The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.  This Final Approval Order incorporates the Settlement Agreement and its Exhibits and the Preliminary Approval Order and its Exhibits.

2.     This Court has subject-matter jurisdiction over this Litigation pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties, including all Settlement Class Members, for all matters relating to this Litigation and the settlement, including, without limitation, the administration, interpretation,

effectuation, and/or enforcement of the settlement, this Final Approval Order, and the Final Judgment.

3.      A total of ___ persons filed timely requests to opt out of the Settlement Class. In addition ___ persons filed objections to the settlement. [Discuss substance of objections.]

4.      For the purpose of this settlement, the Court hereby finally reaffirms its ruling certifying Plaintiff Brianna Arredondo as Class Representative, and the law firms of The Sultzer Law Group, P.C., Leeds Brown Law P.C., Shoop Law APLC, and Charon Law as Class Counsel and its ruling certifying the class that aligns with the Settlement Class.

5.      The Parties and Claim Administrator complied in all material respects with the Election and Notice process set forth in the Settlement Agreement. The Court finds that the Election and Notice process set forth in the Settlement Agreement, and effectuated pursuant to the Preliminary Approval Order, constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Settlement Class of the pendency of the Action; the existence and terms of the Settlement Agreement; their rights to make claims, exclude themselves, or object; the matters to be decided at the Final Approval Hearing; and the binding effect of the Final Approval Order and the Final Judgment, whether favorable or unfavorable, on all Persons who do not exclude themselves from the Settlement

Class. Further, the Notice Plan satisfied the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law.

6.      A full and fair opportunity has been given to the members of the Settlement Class to exclude themselves from the settlement, object to the terms of the settlement or to Class Counsel's request for attorneys' fees and expenses and class representative payment, and otherwise participate in the Final Approval Hearing held on _____, _____. The Court has considered all submissions and arguments made at the final approval hearing provided by Settlement Class Members objecting to the settlement as well as the Parties' responses to those objections, and has determined, for all the reasons set forth in the Parties' responses, that none of the objections have any merit or warrant disapproval of the Settlement Agreement. All such objections to the settlement are overruled.

7.      The Court finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day period to comment on or object to the settlement before entering its Final Approval Order and Final Judgment.

8.      The Court finds that the settlement is in all respects fair, reasonable, and adequate. The Court therefore finally approves the settlement for all the reasons

set forth in the Motion for Final Approval including, but not limited to, the fact that the Settlement Agreement was the product of informed, arms-length negotiations between competent, able counsel; the record was sufficiently developed and complete through meaningful fact and expert discovery and motion practice to have enabled counsel for the Parties to have adequately evaluated and considered the strengths and weaknesses of their respective positions; the Action involved disputed claims, and this dispute underscores the uncertainty and risks of the outcome in this matter; the Settlement provides meaningful remedial and cash and non-cash benefits for the disputed claims; and the Parties were represented by highly qualified counsel who, throughout this case, vigorously and adequately represented their respective parties' interests. The Court finds that there was no collusion in reaching this Settlement Agreement.

9.    The Settlement is in the best interests of the Settlement Class in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the class claims. The relief provided to the Settlement Class Members under the Settlement Agreement is appropriate as to the individual members of the Settlement Class and to the Settlement Class as a whole. All requirements of statute, rule, and the Constitution necessary to effectuate the settlement have been met and satisfied.

10.     The Parties and the Claim Administrator shall continue to effectuate the Settlement Agreement in accordance with its terms.

11.     By operation of this Final Approval Order and Judgment, Plaintiff, Settlement Class Members and Releasing Parties hereby finally, forever, and completely resolve, discharge, and release all of the Released Claims against the Released Parties. As used herein:

   a.  **Releasing Parties** are Plaintiff and  Settlement Class Members who did not timely opt-out of the Settlement Class, and all of their respective present or past heirs, executors, family members, lenders, funders, payors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, assigns, and companies, firms, trusts, limited liability companies, partnerships and corporations.

   b.  **Released Claims** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action,

contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined in the Settlement Agreement), whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, whether based on state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding University of La Verne's actions and/or decisions with respect to COVID-19 policies and procedures for the Spring 2020 Semester, including transitioning from in-person instruction and other in-person educational services to a remote format during the Spring 2020 Semester, including but not limited to all claims that were brought or could have been brought in the Action (as defined in the Settlement Agreement) by Releasing Parties relating to any and all of the Released Parties.

c. **Released Parties** means University of La Verne as well as any and all of its respective present or past heirs, executors, estates,

administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employees, agents, consultants, independent contractors, insurers, including without limitation employees of the foregoing, directors, trustees, board members, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, corporations, and all third party service providers or entities identified as University of La Verne's agents and/or independent contractors in this Action (as defined in the Settlement Agreement).

12.    Plaintiff and Releasing Parties expressly waive and relinquish all provisions, rights and benefits afforded by Section 1542 of the Civil Code of the State of California (and equivalent, comparable, or analogous provisions of the laws of the United States or any state or territory thereof, or of the common law) and do so understanding and acknowledging the significance of the waiver of Section 1542. Section 1542 of the Civil Code of the State of California states:

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR**

**SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."**

13.    Nothing herein shall bar any action or claim to enforce the terms of the Settlement Agreement.

14.    No action taken by the Parties, either previously or in connection with the negotiations or proceedings connected with the Settlement Agreement, shall be construed as or be deemed an admission or concession by any Party of the truth, or lack thereof, of any allegation or the validity, or lack thereof, of any purported claim or defense asserted in any of the pleadings or filings in the Litigation, or of any fault on the part of Defendant, and all such allegations are expressly denied. Nothing in this Agreement shall constitute an admission of liability or be used as evidence of liability, by or against any Party hereto. Defendant's agreement not to oppose the entry of this Final Approval Order and Judgment shall not be used against Defendant by any Party or non-party for any purpose in this Litigation or any other action, lawsuit, or proceeding of any kind whatsoever.

15.    For the reasons stated in the separate Order on Class Counsel's Application for an award of attorneys' fees, costs, and class representative payment,

the following amounts shall be distributed by the Settlement Claims Administrator from the Qualified Settlement Fund (as defined in the Settlement Agreement)

      a. Class Counsel's Costs, Fees and Expenses: $_____

      b. Class representative payment to Plaintiff Brianna Arredondo: $5,000.00.

      c. Individual Class Member payments to Kaylen Henry, Jovanni Echevarria, and Savanah Gherir: $1,500.00 each.

Such amounts shall be due and paid according to the terms of the Settlement Agreement.

16.    Except as provided in this Order, Plaintiff shall take nothing against Defendant by her Complaint.

17.    This order shall constitute a final judgment binding the Parties and Settlement Class Members with respect to this Litigation.

18.    Without affecting the finality of the judgment hereby entered, this Court expressly retains exclusive and continuing jurisdiction over the Settlement Agreement, including all matters relating to the administration, consummation, validity, enforcement and interpretation of the Settlement Agreement, the Final Approval Order, or the Final Judgment, including, without limitation, for the purpose of:

a. the distribution of funds in the event settlement payments checks are not negotiated within one hundred and eighty (180) days of mailing.

b. enforcing the terms and conditions of the Settlement and resolving any and all disputes, claims or causes of action that, in whole or in part, arise out of or are in any way related to the Settlement Agreement, the Final Approval Order, or the Final Judgment (including, whether a Person is or is not a Settlement Class Member);

c. entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate the Final Approval Order, the Final Judgment, or the Settlement Agreement, or to ensure the fair and orderly administration of the settlement; and

d. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the Final Approval Order, or the Final Judgment.

19.    Without affecting the finality of this Final Approval Order or the Final Judgment, Defendant and each Settlement Class Member (including Plaintiff) hereby irrevocably submits to the exclusive jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement

or the applicability of the Settlement Agreement, including any suit, action, proceeding, or dispute relating to the Release provisions herein.

20.     The Parties are hereby directed to implement and consummate the settlement according to the terms and provisions of the Settlement Agreement.

21.     In the event the Effective Date does not occur in accordance with the terms of the Settlement Agreement, then this Order and any judgment entered thereon shall be rendered null and void and shall be vacated, and in such event, all orders and judgments entered and releases delivered in connection herewith shall be null and void and the Parties shall be returned to their respective positions prior to the settlement.

22.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, mutually agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent in material respects with this Final Approval Order and the Final Judgment and that do not limit the rights of Settlement Class Members under the Settlement Agreement.

23.     There is no just reason for delay in the entry of this Judgment, and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED** this _____ day of _____, _____.


_____

UNITED STATES DISTRICT JUDGE