David R. Shoop, Esq. (SBN 220576)
Thomas S. Alch, Esq. (SBN 136860)
**SHOOP | A PROFESSIONAL LAW CORPORATION**
9701 Wilshire Blvd., Suite 950
Beverly Hills, California 90212
Telephone: (310) 620-9533
David.shoop@shooplaw.com
Thomas.alch@shooplaw.com

Jason P. Sultzer, Esq.*
Mindy Dolgoff, Esq.*
**THE SULTZER LAW GROUP P.C.**
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Telephone: (845) 483-7100
sultzerj@thesultzerlawgroup.com
Dolgoffm@thesultzerlawgroup.com

Jeffrey K. Brown, Esq.*
Michael A. Tompkins, Esq.*
Brett R. Cohen, Esq.
**Leeds Brown Law, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: (516) 873-9550
jbrown@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com

Perry L. Segal (State Bar No. 250947)
**Charon Law**
303 Twin Dolphin Drive, Suite 600
Redwood City, California 94065-1422
(650) 542-7935
perry.segal@charonlaw.com

*Admitted Pro Hac Vice*

Counsel for Plaintiff and the Certified Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNA ARREDONDO, on behalf of herself and all others similarly situated, Plaintiff, vs. THE UNIVERSITY OF LA VERNE, Defendant. | Case No. 2:20-cv-07665-MCS-RAOx Hon. Mark C. Scarsi, U.S.D.J. **PLAINTIFFS' NOTICE OF MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS AND MEMORANDUM OF LAW** Date: April 10, 2023 Time: 9:00 a.m. Crtrm.: 7C, 7th Floor |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 10, 2023 at 9:00 AM in Courtroom 7C of the united States District Court for the Central District of California, located as 350 W. 1st Street, Los Angeles, California 90012, Plaintiff Brianna Arredondo, on behalf of herself and the certified Class, will and hereby does move this Court for an order approving and awarding attorneys' fees, litigation costs, and a service award. By this motion, Plaintiffs seek:

1.     $1,100,000 in Attorney's Fees and Costs ($861,587.43 in fees and $238,412.57 in costs), and

2.     $5,000 service award for the Class Representative Brianna Arredondo and $1,500 each to Class Members Kaylen Henry, Jovanni Echevarria, and Savanah Gherir.

This Motion is based on: (1) this Notice of Motion and Motion; (2) the Memorandum of Points and Authorities in Support of Motion for Attorneys' Fees, Costs, and Service Award incorporated herewith; (3) the Declaration of Jason P. Sultzer; (4) the Declaration of Michael A. Tompkins; (5) the Declaration of Thomas S. Alch; (6) the Declaration of Perry L. Segal; (7) the [Proposed] Order filed concurrently herewith; (6) the records, pleadings, and papers filed in this action; and (7) on such other documentary and oral evidence or argument as may be presented to the Court at the hearing of this.

1

2

Date: March 13, 2023                    **THE SULTZER LAW GROUP, P.C.**

3

4                                       /s/ *Jason Sultzer*
                                        Jason P. Sultzer, Esq.*
5                                       Mindy Dolgoff, Esq.*
                                        270 Madison Avenue, Suite 1800
6                                       New York, NY 10016
7                                       Tel. (845) 483-7100
                                        *Admitted Pro Hac Vice
8

9

10                                      **LEEDS BROWN LAW, P.C.**
                                        Jeffrey K. Brown, Esq.*
11                                      Michael A. Tompkins, Esq.*
                                        Brett Cohen, Esq.
12                                      One Old Country Road, Suite 347
13                                      Carle Place, NY 11514
                                        Telephone: (516) 873-9550
14                                      *Admitted Pro Hac Vice

15

16                                      **SHOOP A PROFESSIONAL LAW
                                        CORPORATION**
17                                      David R. Shoop, Esq.
18                                      Thomas S. Alch, Esq.
                                        9701 Wilshire Blvd., Suite 950
19                                      Beverly Hills, California 90212
20                                      Tel. (310) 620-9533

21                                      **CHARON LAW**
22                                      Perry L. Segal, Esq.
                                        303 Twin Dolphin Drive, Suite 600
23                                      Redwood City, California 94065
                                        Tel. (650) 542-7935
24

25                                      *Counsel for Plaintiff Brianna Arredondo
                                        and the Certified Class*
26

27
                                            iii
28   PLAINTIFFS' NOTICE OF MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS AND
            SERVICE AWARDS AND MEMORANDUM OF LAW

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

ARGUMENT .........................................................................................................3

I. THE REQUESTED FEE AWARD IS REASONABLE UNDER

APPLICABLE NINTH CIRCUIT STANDARDS ...................................................3

  A.The Fee Request is Also Reasonable When Evaluated Under the Lodestar

  Method ...........................................................................................................5

  B. Class Counsel's Request Should Not Be Adjusted Up or Down…………..

  C. The Fee Request is Supported by the Percentage-of-Recovery Method .....22

II. CLASS COUNSEL'S EXPENSES ARE REASONABLE AND SHOULD

BE REIMBURSED ...........................................................................................23

III. THE REQUESTED SERVICE AWARDS ARE APPROPRIATE...............24

CONCLUSION.....................................................................................................25

TABLE OF CONTENTS

# TABLE OF AUTHORITIES

**Cases**                                                                   **PAGES**

*Alikhan v. Goodrich Corp.*, 2020 WL 4919382, at *8 (C.D. Cal. June 25, 2020) ..11

*Anderson v. Nextel Retail Stores, LLC*, 2010 U.S. Dist. LEXIS 71598, at *26-27 (C.D. Cal. June 30, 2010) ...................................................................................24

*Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) ......................................................11

*Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ..............................................4

*Brulee v. Dal Glob. Servs., LLC*, No. CV 17-6433 JVS(JCGx), 2018 U.S. Dist. LEXIS 211269, at *27-28 (C.D. Cal. Dec. 13, 2018) .............................................6

*Carter v. San Pasqual Fiduciary Tr. Co.*, No. SACV 15-1507 JVS (JCGx) ...........4

*Chin v. DaimlerChrysler Corp.*, 461 F. Supp. 2d 279 (D.N.J. 2006) .....................16

*Edwards v. First Am. Corp.*, 2016 WL 8999934, at *5 (C.D. Cal. Oct. 4, 2016) ...11

*Edwards v. Ford Motor Co.*, 2016 U.S. Dist. LEXIS 59651 (S.D. Cal. Jan. 22, 2016) ...................................................................................................................17

*Farrell v. Bank of Am. Corp., N.A.*, 827 F. App'x 628, 636 (9th Cir. 2020) ...........21

*Fischel v. Equitable Life Ass. Soc'y of the U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002)4

*Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) ........................14

*Gonzales v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) .......................10

*Gutierrez v. Stericycle, Inc.*, 2019 U.S. Dist. LEXIS 237817, *12 ........................16

*Gutierrez v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 67298, at *14-15 (N.D. Cal. May 21, 2015) ...................................................................................12

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) .............................5

*Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994) ...............................................14

*Hopkins v. Stryker Sales Corp.*, No. 11-CV-02786-LHK, 2013 U.S. Dist. LEXIS 16939, at *12 (N.D. Cal. Feb. 6, 2013) ..............................................................13

*In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) ...3

1  *In re Carrier iQ, Inc., Consumer Privacy Litig.*, 2016 U.S. Dist. LEXIS 114235, at
2      *30 (N.D. Cal. Aug. 25, 2016) .............................................................22
3  *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 109
4      F.3d 602, 607 (9th Cir. 1997) ..............................................................13
5  *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM) (PED), 2010
6      U.S. Dist. LEXIS 119702, at *77 (S.D.N.Y. Nov. 8, 2010) ...............................13
7  *In re Heritage Bond Litig.*, 2005 U.S. Dist. LEXIS 13555, at *71 (C.D. Cal. June
8      10, 2005) .........................................................................................21
9  *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) ........15
10 *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, &*
11     *Prods. Liab. Litig.*, 2013 WL 12327929, at *33 n.13 (C.D. Cal. July 24, 2013).12
12 *In re Toys R Us-Delaware, Inc. Fair and Accurate Credit Transactions (FACTA)*
13     *Litig.*, 295 F.R.D. 438, 469 (C.D. Cal. 2014).....................................................24
14 *In re Wash. Pub. Power Supply Sys. Sec. Litig. ("WPPSS")*, 19 F.3d 1291, 1300
15     (9th Cir. 1994) ...................................................................................4
16 *In Re: Johnson & Johnson Aerosol Sunscreen Marketing, Sales Practices and*
17     *Products Liability Litigation,* Case 0:21-md-03015-AHS (S.D. Fla.) (ECF Doc.
18     95, entered 2/28/23) ............................................................................16
19 *Jarrell v. Amerigas Propane, Inc.*, 2018 U.S. Dist. LEXIS 58619, at *8-9 (N.D.
20     Cal. Apr. 5, 2018*)* ...........................................................................22
21 *Johnson v. Powers*, 2019 U.S. Dist. LEXIS 79596, at *7-8 (E.D. Cal. May 10,
22     2019).............................................................................................14
23 *Kearney v. Hyundai Motor Am.,* 2013 U.S. Dist. LEXIS 91636, at *17-18 (C.D.
24     Cal. June 28, 2013)..............................................................................16
25 *Kissel v. Code 42 Software Inc.*, 2018 WL 6113078, at *4 (C.D. Cal. Feb. 20,
26     2018)...............................................................................................15
27 *Laguna v. Coverall North America*, 753 F.3d 918, 922 (9th Cir. 2014) ..................3
28

TABLE OF AUTHORITIES

*Lymburner v. U.S. Fin. Funding, Inc.*, No. C-08-00325 EDL, 2012 WL 398816, at *6 (N.D. Cal. Feb. 7, 2012) ...................................................................14

*Marshall v. Northrup Grumman Corp.*, 2020 WL 5668935, at *7 (C.D. Cal. Sept. 18, 2020) ....................................................................................11

*Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) .......................7

*Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000) ...............................................4

*Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) ...........11

*Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) ........................24

*Rosado v. Barry University*, Inc., No. 1:20-cv-21813 (S.D. Fla. 2021) .................23

*Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 739 (9th Cir. 2016) ...................5

*Stetson v. Grissom*, 821 F.3d 1157, 1165 (9th Cir. 2016) ............................................5

*Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2018 WL 8334858, at *6 (C.D. Cal. July 30, 2018) ....................................................................................12

*Velez v. Wynne*, 220 F. App'x 512 (9th Cir. 2007) .......................................................14

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002) ...........................5

*Wright v. Southern New Hampshire University*, No. 1:20-cv-00609 (D. NH. 2021) ........................................................................................................23

**Other Authorities**

Cal. Code Civ. Proc. § 1021.5 ...............................................................................17

**Rules**

Fed. R. Civ. P. 23(h) ...............................................................................................3

TABLE OF AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Brianna Arredondo ("Plaintiff") and the certified Class (together, "Plaintiffs") respectfully submit this memorandum in support of Plaintiffs' Motion for Award of Attorneys' Fees, Costs and Service Awards (the "Motion").[1]

## **INTRODUCTION**

In this matter, Class Counsel's efforts have resulted in a settlement for Class Members that generates both significant monetary and non-monetary relief to Class Members. Specifically, the Settlement provides Class Members with immediate, valuable relief in the form of: (1) a New Cash Settlement Fund of $2,000,000 which will create a common fund to pay students a *pro rata* share of the tuition and fees they paid for the Spring 2020 semester; (2) Increased Financial Aid Benefit of $6,348,847.00 in increased financial aid previously distributed as a direct result of the initiation of this Action; and (3) Non-Cash Benefits including post-settlement access for all Participating Class Members to ULV's Career Center services, Academic Success services, and a 10% tuition discount on ULV graduate programs valued at approximately $546,912.00 (plus the 10% future tuition discount). §§ 3.1-3.4. By any measure, Class Counsel's efforts have been an unqualified success, and the Class Members have responded in kind, with **zero** objections and only three

---

[1] Unless otherwise indicated, capitalized terms shall have the same meaning as they do in the Settlement Agreement. References to "§ __" are to sections in the Settlement Agreement, Dkt. 170-2 ("Settlement") and all Exhibits to the Settlement Agreement are referred to as "Ex #."

requests for exclusion.  It is also noteworthy that Class Members did not have to take

any action to participate in the Settlement § 2.3.4. Class Counsel now asks this Court

to award reasonable attorney's fees, litigation costs and service awards.

The Settlement materialized as a result of Class Counsel's dedication to

vigorously litigating this action for over two years up to the point of trial.  Through

the Settlement, Class Members are expected to receive, on average, approximately

$423.71 per class member in new cash compensation. *See* Declaration of Emilio

Confinco Regarding Class Notification and Claims Administration ("CPT Decl.")

¶¶ 15-16.  This direct monetary compensation is in addition to the Non-Cash Benefits

(§ 3.3) and the Increased Financial Aid Benefit previously distributed by the

Defendant University of La Verne ("Defendant" or "ULV") as a direct result of the

initiation of this action.  § 3.1.

In view of the degree to which Class Counsel succeeded in obtaining an

exemplary result for the Class Members, Class Counsel is entitled to recover

reasonable attorney's fees and litigation costs. To that end, Class Counsel

respectfully request that the Court award attorneys' fees in the amount of

$861,587.43 and costs in the amount of $238,412.57, which add up to $1,100,000 in

Attorneys' Fees and Costs. *See* § 3.6. The attorneys' fees requested by Class

Counsel, which is *less* than Class Counsel's lodestar and amounts to just 9.7% of the

Gross Settlement Fund, is a reasonable and justified in light of the work done by

2

MEMORANDUM OF POINTS AND AUTHORITIES

counsel in this heavily litigated action and given the 25% benchmark in the Ninth Circuit. Indeed, when using the lodestar calculation applying Class Counsel's customary hourly rates, the requested fee award represents a negative multiplier of 0.75, which further supports the reasonableness of the fee request. Class Counsel's request for reimbursement of expenses is reasonable as well and are standard in this type of class litigation. Finally, the Service Awards requested are reasonable and should be approved given each potential recipient's contributions to this action. For all the reasons discussed herein, the Court should grant Plaintiffs' Motion.

## **ARGUMENT**[2]

### I.    THE REQUESTED FEE AWARD IS REASONABLE UNDER APPLICABLE NINTH CIRCUIT STANDARDS

At the conclusion of a successful class action, the plaintiff may apply to the Court for an award of "reasonable attorneys' fees and non-taxable costs that are authorized by law or the parties' agreement." Fed. R. Civ. P. 23(h). In considering the fee application, courts must ensure that the fees awarded are reasonable. *See In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). In their evaluation, however, district courts must account for the fact that "the parties are compromising to avoid litigation." *Laguna v. Coverall North America*, 753 F.3d 918, 922 (9th Cir. 2014) *vac'd as moot*, 2014 U.S. App. LEXIS 21950 (9th Cir. Nov.

---

[2] Plaintiffs incorporate the factual background in their memorandum in support of final approval and the Declaration of Jason P. Sultzer contemporaneously filed herewith.

MEMORANDUM OF POINTS AND AUTHORITIES

20, 2014).[3]

Under the "common fund" or "common benefit" doctrine, "a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). This doctrine is equitable in nature and recognizes that "those who benefit from the creation of the fund should share the wealth with the lawyers whose skill and effort helped create it." *In re Wash. Pub. Power Supply Sys. Sec. Litig. ("WPPSS")*, 19 F.3d 1291, 1300 (9th Cir. 1994). A district court has "broad authority" over attorney fee awards in class actions, *see Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000), and the guiding principle is that a fee award is to be "reasonable under the circumstances." *WPPSS*, 19 F.3d at 1304. To determine the appropriate fee in a common fund case, the Ninth Circuit "requires district courts to assess fee awards using either the 'percentage of the fund' method or the 'lodestar' method." *Carter v. San Pasqual Fiduciary Tr. Co.*, No. SACV 15-1507 JVS (JCGx), 2018 U.S. Dist. LEXIS 33834, at *22-23 (C.D. Cal. Feb. 28, 2018) (quoting *Fischel v. Equitable Life Ass. Soc'y of the U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002)).

"To calculate the fee in a common-fund case, the district court 'has discretion to apply either the lodestar method or the percentage-of-the-fund method in

---

[3] All internal quotes and citations omitted unless otherwise noted.

MEMORANDUM OF POINTS AND AUTHORITIES

calculating a fee award.'" *Stetson v. Grissom*, 821 F.3d 1157, 1165 (9th Cir. 2016). Under the lodestar method, the court "multiplies a reasonable number of hours by a reasonable hourly rate." *Id.* Under a percentage-of-the-fund method the "'benchmark' award is 25 percent of the fund, which the district court may 'adjust[] upward or downward to account for any unusual circumstances involved in the case.'" *Fischel*, 307 F.3d at 100. When using the percentage-of-the-fund- method "courts routinely cross-check their 'percentage of the fund' calculation with the lodestar method . . ." *Carter*, 2018 U.S. Dist. LEXIS 33834, at *22-23 (quoting *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002)). "There is a strong presumption that the lodestar is a reasonable fee." *Stetson*, 821 F.3d at 1157. In general, "the choice to apply the lodestar method, rather than the percentage-of-fund method, [is] well within the district court's discretion." *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 739 (9th Cir. 2016).

Plaintiffs submit that its fee request is reasonable under both the lodestar and the percentage-of-recovery method.

## A. The Fee Request is Also Reasonable When Evaluated Under the Lodestar Method

"The lodestar calculation begins with the multiplication of the number of hours reasonably expended by a reasonable hourly rate." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). The lodestar analysis involves two questions:

MEMORANDUM OF POINTS AND AUTHORITIES

(1) "whether the number of hours Class Counsel expended on the litigation was reasonable;" and (2) "whether Class Counsel's hourly rates are reasonable." *Brulee v. Dal Glob. Servs., LLC*, No. CV 17-6433 JVS(JCGx), 2018 U.S. Dist. LEXIS 211269, at *27-28 (C.D. Cal. Dec. 13, 2018). "There is a strong presumption that the lodestar is a reasonable fee." *Stetson*, 821 F.3d at 1157. As detailed in the Sultzer Declaration, the Agreement was entirely the product of Class Counsel's diligent efforts in investigating and prosecuting this litigation. In total, Class Counsel expended 2,232.3 hours in prosecuting this action with a total lodestar of $1,153,175.50 when applying Class Counsel's usual and customary rates. *See* Sultzer Decl., ¶¶ 49. Both factors support the reasonableness of Class Counsel's fee request.

### 1. The Hours Expended By Class Counsel Are Reasonable

The number of hours expended by Class Counsel, 2,232.30, are reasonable in the context of this heavily litigated case. *See* Dkt. 117 at 10 (in the context of class certification and application of Rule 23, noting the "significant" work done by Class Counsel "…in this heavily litigated case."). Hours are deemed reasonable if they were "expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee paying client." *Hensley*, 461 U.S. at 431. The Court "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of*

*Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Nor were the 2,232.30 hours Class Counsel spent on this case a result of Plaintiffs' excessively aggressive strategy. Much of the time spent was compelled by the need to fend off motion after motion filed by Defendant and by the litigation nearing trial. Class Counsel reviewed "timekeeping records to ensure none were erroneous, duplicative, excessive or administrative." *Carter*, 2018 U.S. Dist. LEXIS 33834, at *29.

Indeed, in the accompanying Class Counsel Declarations[4] and in accordance with Your Honor's Standing Order, Class Counsel has broken down their hours by major tasks. The hours incurred reflect Class Counsel's exceptional efforts in surmounting a number of obstacles, including strong resistance from ULV who was represented by highly skilled and experienced counsel, to secure an excellent Settlement for the Class. The major tasks have been separated in thirteen categories, each of which have involved substantial work by Class Counsel. *See* Class Counsel Declarations. Some of the most time intensive categories of work were:

**Investigation and Discovery and Depositions.** Both before and after the action was filed, Class Counsel thoroughly investigated and researched Plaintiff's claims. Among other tasks, Class Counsel fielded inquiries from putative class

---

[4] *See* Sultzer Decl.; Declaration of Michael A. Tompkins in Support of (i) Plaintiffs' Motion for Final Approval of Class Settlement; and (ii) Plaintiff's Motion for Attorneys' Fees, Costs and Service Awards ("Tompkins Decl."); Declaration of Thomas S. Alch in Support of Motion for Final Approval and Motion for Attorneys' Fees, Costs and Awards ("Alch Decl."); and Declaration of Perry L. Segal in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Costs and Service Awards ("Segal Decl.") (together "Class Counsel Declarations").

7

MEMORANDUM OF POINTS AND AUTHORITIES

members and investigated many of their reported claims. Plaintiff's Counsel also researched publicly available materials and information including those available through the National Center for Education Statistics, regarding, *inter alia*, ULV, its offerings, tuition and fee charges, its marketing efforts, and the size and nature of its student body. Sultzer Decl. ¶ 9.

Additionally, Plaintiff propounded written discovery and responded to multiple written discovery requests, including the production of approximately 3,350 pages of documents and the review of ULV's production of approximately 5,900 pages of documents. Sultzer Decl. ¶ 15. Moreover, Class Counsel engaged in several discovery disputes with ULV requiring many meet and confer sessions some of which required seeking intervention from the magistrate judge. *See, e.g.,* Dkt. 80, 90. As part of fact discovery, Class Counsel spent many hours preparing for and taking the depositions of ten current and former ULV employees and preparing for and defending the depositions of four class members, who supported Plaintiff's motion for class certification. Sultzer Decl. ¶ 15. Through discovery, Class Counsel received invaluable information regarding the practices and policies at ULV, nature of the contractual relationship between students and ULV and financial information needed for damages calculations.

**Motions to Dismiss and for Class Certification.** Class Counsel spent many hours researching and drafting memoranda in opposition to Defendant's motions to

dismiss and in support of Plaintiff's motion for class certification. Sultzer Decl. ¶¶ 11-15. The time spent was reasonable and necessary and resulted in positive outcomes for Plaintiff and the Class as their central claim for breach of contract survived and Class Counsel obtained certification of the class which was crucial to the success of the action. Dkt. 117.

**Expert Reports and Discovery.** Class Counsel worked with a damages expert to develop a class-wide damages model and formula and serve an expert report, rebuttal report and supplemental report. In connection with those reports Class Counsel also responded to discovery requests and defended the expert's deposition. Sultzer Decl. ¶ 15. The time spent on the damages model was essential to the success of the case as the Court's order on the cross-motions for summary judgment left damages as the key remaining issue for trial.

**Motions for Summary Judgment and Decertification of the Class.** Class Counsel affirmatively moved for partial summary judgment and opposed ULV's motion for summary judgment. Class Counsel also opposed ULV's motion to decertify the class. Sultzer Decl. ¶¶ 17-18. In connection with these motions, Class Counsel spent significant time reviewing and evaluating the evidence needed to support their claims and counter ULV's arguments, including drafting statements of uncontroverted facts and objections to ULV's statement of uncontroverted facts. Ultimately, Class Counsel succeeded in obtaining summary judgment on the

fundamental issue of the existence of an implied contract for in-person, on campus educational services. Dkt. 163.

**Settlement Negotiations and Settlement Motions**. Class Counsel have also spent considerable time drafting the Settlement Agreement and Exhibits, the Settlement motions, and supervising the administration of the Settlement. This expenditure is reasonable and necessary given the nature of the Settlement negotiations and the Settlement drafting process, and Class Counsel's obligations to the Class. The Settlement comes after two mediations and months of negotiations, drafting and fine-turning of the Settlement Agreement and its various exhibits. Sultzer Decl. ¶¶ 22, 26, 31. Class Counsel also spent many hours preparing the Motion for Preliminary Approval and Motion for Final Approval, including examining and categorizing billing entries, conducting legal research, and drafting the memorandum of points and authorities.

In total, the number of hours spent by Class Counsel is reasonable considering the length, complexity and heavily litigated nature of the case.

2. *Class Counsel's Hourly Rates are Reasonable*

"[P]revailing market rates in the relevant community set the reasonable hourly rate for purposes of computing the lodestar amount." *Gonzales v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). In general, "the relevant community is the forum in which the district court sits," *id*., and because counsel should be compensated for

the delay in payment, it is appropriate to apply each biller's current rates for all hours. *WPPSS*, 19 F.3d at 1305. Counsel's rates are reasonable if they are within the range charged by and awarded to attorneys of comparable experience, reputation, and ability for similar work, i.e., complex class action litigation. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Here Class Counsel firms have provided declarations detailing why their proposed rates for this case are reasonable, including, *inter alia*, lists of fee awards in other similar cases, descriptions of their experience in class litigation, and other bases for their rates. *See* Sultzer Decl., ¶¶ 37, 38; *See generally,* Class Counsel Declarations. Class Counsel attorneys' hourly rates range from $400 to $625 for associates and $525 to $850 for partners/senior attorneys. *See, generally,* Class Counsel Declarations. These rates are consistent with the prevailing market rates in this forum for attorneys of comparable experience, reputation, and ability and have been approved by the Ninth Circuit and judges in the Central District. *See, e.g., Marshall v. Northrup Grumman Corp.*, 2020 WL 5668935, at *7 (C.D. Cal. Sept. 18, 2020) (approving attorney rates between $490 and $1,060 per hour); *Alikhan v. Goodrich Corp.*, 2020 WL 4919382, at *8 (C.D. Cal. June 25, 2020) (approving rates of up to $950 per hour); *Edwards v. First Am. Corp.*, 2016 WL 8999934, at *5 (C.D. Cal. Oct. 4, 2016) (rates of up to $990 found reasonable); *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (2008 hourly rates of up to

$875 for a partner, and $700 for an attorney with 23 years of experience); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2018 WL 8334858, at *6 (C.D. Cal. July 30, 2018) (approving billing rates between $600 and $825 per hour for attorneys with more than ten years of experience, and $325 to $575 per hour for attorneys with 10 or fewer years of experience, and $250 per hour for paralegals and clerks); *Gutierrez v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 67298, at *14-15 (N.D. Cal. May 21, 2015) (rates ranging $475-$975 for partners, $300-$490 for associates, $150-$430 for paralegals and $250-$340 for litigation support staff); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 2013 WL 12327929, at *33 n.13 (C.D. Cal. July 24, 2013) (rates ranging from $150 to $950).[5] Further, Class Counsel's hourly rates sought here have been previously approved by other federal courts. *See* Sultzer Decl., ¶ 37

### 3. The Fee Request is Supported By Class Counsel's Negative Lodestar Multiplier

As the Ninth Circuit has recognized, attorneys in common fund cases are frequently awarded a multiple of their lodestar, which rewards them "for taking the

---

[5] *See also Good Morning to You Prods. Corp. v. Warner/Chappell Music, Inc.*, No. CV 13-4460-GHK (MRWx), 2016 U.S. Dist. LEXIS 191665, at *18-21 (C.D. Cal. Aug. 16, 2016) (2016 case finding partner rates up to $820 hour, reasonable and "within the range of rates charged in this district by attorneys with comparable skill and experience."); *see also Chambers v. Whirlpool Corp.*, 214 F. Supp. 3d 877, 899 (C.D. Cal. 2016) (2016 case approving rates of $485 to $750 for consumer class action attorneys on a contested fee motion); *McKibben v. McMahon*, No. EDCV 14-2171 JGB (SPx), 2019 U.S. Dist. LEXIS 34110, at *14 (C.D. Cal. Feb. 28, 2019) (finding hourly rates between $336 and $1230 per hour are reasonable depending on attorney experience); *Contreras v. Worldwide Flight Servs.*, No. CV 18-6036 PSG (SSx), 2020 U.S. Dist. LEXIS 79037, at *23 (C.D. Cal. Apr. 1, 2020) ("The 2018 Real Rate Report offers several relevant data points for fees in the Central District. In Los Angeles, partners have an hourly rate ranging from $450 to $955, and associates from $382 to $721.") (citing 2018 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices).

risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases." *Vizcaino*, 290 F.3d at 1051. "Multipliers of 1 to 4 are commonly found to be appropriate in complex class action cases." *Hopkins v. Stryker Sales Corp.*, No. 11-CV-02786-LHK, 2013 U.S. Dist. LEXIS 16939, at *12 (N.D. Cal. Feb. 6, 2013) (citing *Vizcaino*, 290 F.3d at 1051 n.6) (finding multiplier was between 1.0 and 4.0 in approximately 83% of the cases surveyed). Class Counsel's fee request of $861,587.43 ($1,100,000 - $238,412.57 in expenses), when divided by Class Counsel's $1,153,175.50 lodestar, results in a "negative multiplier" of .75. *See In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 607 (9th Cir. 1997) (comparing the lodestar fee to the percentage fee is an appropriate measure of a percentage fee's reasonableness). Accordingly, a multiplier below 1.0, like here, strongly supports the reasonableness especially when considering Class Counsel's request is below the 25% benchmark. *See, e.g.*, *Carter*, 2018 U.S. Dist. LEXIS 33834, at *29 (C.D. Cal. Feb. 28, 2018) ("an award is probably reasonable if it is below the lodestar"); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM) (PED), 2010 U.S. Dist. LEXIS 119702, at *77 (S.D.N.Y. Nov. 8, 2010) ("Lead Counsel's request for a percentage fee representing a significant discount from their lodestar provides additional support for the reasonableness of the fee request.").

**B. Class Counsel's Request Should Not Be Adjusted Up or Down**

As the Ninth Circuit has held, the lodestar "presumptively provides an accurate measure of reasonable attorney's fees." *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994). Once calculated, the lodestar should be adjusted only in rare or exceptional cases. *See, e.g., Velez v. Wynne*, 220 F. App'x 512 (9th Cir. 2007) (district court abused its discretion by reducing the presumptively reasonable lodestar without an explanation of the exceptional circumstances supporting such reduction). There is a "strong presumption… that the lodestar figure represents a reasonable fee . . . ." *Johnson v. Powers*, 2019 U.S. Dist. LEXIS 79596, at *7-8 (E.D. Cal. May 10, 2019) (quoting *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000)). Here, the significant *negative* multiplier on counsel's lodestar strongly suggests that Plaintiff's requested fee is reasonable. *See, e.g., Lymburner v. U.S. Fin. Funding, Inc.*, No. C-08-00325 EDL, 2012 WL 398816, at *6 (N.D. Cal. Feb. 7, 2012) (negative multiplier supports reasonableness of the fee request).

Courts in the Ninth Circuit consider a number of factors in setting an appropriate fee, including: (1) the results achieved; (2) the risks of litigation; (3) whether there are benefits to the class beyond the immediate generation of a cash fund; (4) whether the percentage rate is above or below the market rate; (5) the contingent nature of the representation and the opportunity cost of bringing the suit; (6) reactions from the class; and (7) a lodestar cross-check. *Vizcaino*, 290 F.3d at 1048-52; *see also Kissel v. Code 42 Software Inc.*, 2018 WL 6113078, at *4 (C.D.

---

14

Cal. Feb. 20, 2018). These factors support Class Counsel's fee request.

1. *The Results Achieved Support the Reasonableness of the Requested Fees*

"The result achieved is a significant factor to be considered in making a fee award." *Carter*, 2018 U.S. Dist. LEXIS 33834, at *22; *see also Hensley*, 461 U.S. at 436 (the "most critical factor is the degree of success obtained"); *Vizcaino*, 290 F.3d at 1048 ("Exceptional results are a relevant circumstance."); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) ("The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award."). The exceptional results obtained by Class Counsel on behalf of Plaintiffs and the Class merit the requested fee award. Through the Settlement, all Class Members are assured significant and immediate cash recovery of a *pro rata* share of the estimated $872,000 Net Settlement Fund, that results in, on average, an estimated recovery $423.71 per Class Member *after* fees and costs, with the highest recovery being approximately $1,041.13. CPT Decl. ¶¶ 15-16.

Additionally, Class Members will receive the valuable Non-Cash Benefits including access to ULV's Career Services Center and Academic Success Center and a 10% discount on ULV graduate programs. These benefits are all in addition to the monetary recovery received from the Increased Financial Aid Benefit of $6,348,847.00 previously distributed to 97% of Traditional Undergraduates as a direct result of the initiation of this Action. § 3.1; Sultzer Decl., Ex. A at 20:1-21:9.

MEMORANDUM OF POINTS AND AUTHORITIES

Moreover, and unlike many class actions, Class Members do not have to take any action to participate in the Settlement and will receive settlement payments in the mail upon final approval. § 2.3.4. This is an excellent result for the Class.

In the class action settlement context, courts will credit to the settlement value benefits obtained for the Class as a direct result of the underlying litigation. For example, in *Kearney v. Hyundai Motor Am.,* 2013 U.S. Dist. LEXIS 91636, at *17-18 (C.D. Cal. June 28, 2013), the court noted that the cost of the auto recall to the Hyundai was a "useful (and substantial) metric of the value of the proposed settlement to the class" due to the "Plaintiffs' counsel have made a sufficient showing that their settlement negotiations with Hyundai resulted in Hyundai agreeing to expand the recall to include the Santa Fe models." In a recent decision in a consumer fraud class action, the court finally approved a settlement and awarded attorneys' fees amounting to one-third of settlement value for a settlement whose cash component was derived completely from the Defendant's own recall of the products at issue but was included in the overall Settlement Value. *In Re: Johnson & Johnson Aerosol Sunscreen Marketing, Sales Practices and Products Liability Litigation,* Case 0:21-md-03015-AHS (S.D. Fla.) (ECF Doc. 95, entered 2/28/23); *see also Gutierrez v. Stericycle, Inc.*, 2019 U.S. Dist. LEXIS 237817, *12 (crediting the value of individual settlements to the value of the class-wide settlement); *Chin v. DaimlerChrysler Corp.*, 461 F. Supp. 2d 279 (D.N.J. 2006) (court found that

16

MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff's complaint was a material factor in motivating Defendant's decision to recall vehicles and thus Plaintiff's counsel was entitled to attorneys' fees under Cal. Code Civ. Proc. § 1021.5.); *Edwards v. Ford Motor Co.*, 2016 U.S. Dist. LEXIS 59651 (S.D. Cal. Jan. 22, 2016) ("the plaintiff's lawsuit was a catalyst that motivated the defendant to provide the primary relief sought).

Here, the Increased Financial Aid Benefit was instituted and disbursed as a direct result of the instant action. § 3.1 ("Defendant agrees and represents that as a result of the initiation of the Action, it distributed the Increased Financial Aid Benefit for the 2020- 2021 academic year in the amount of Six Million Three Hundred Forty-Eight Thousand Eight Hundred Forty-Seven Dollars ($6,348,847.00)"). The Court asked ULV about this issue at the preliminary approval hearing.

> MS. HOWE: Your Honor…***As he said, the lawsuit was a catalyst.*** Really, they had in the forefront of their mind, the board, that their students which this is a minority-serving institution…and they had at the forefront of their mind always the welfare of their students. ***And this lawsuit opened their eyes to the idea that they needed to get funds into the students' hands immediately, and they moved swiftly, and that happened.*** And the board -- the language in the brief tracks the language in the settlement agreement. ***The Board of Trustees reviewed the settlement agreement and agreed that that was accurate and signed off on the settlement***.
> THE COURT: Okay. It's impressive that the university put that 6.3 million out there as quick as it did. They should be -- that's a great example to other schools.
> MS. HOWE: And truly it was when they could ill afford to do so…but they saw the need for it, and they did it. ***And I'm thankful that the plaintiffs acknowledged that in the settlement agreement***.

December 12, 2022, Transcript of Hearing on Motion for Preliminary Approval of

MEMORANDUM OF POINTS AND AUTHORITIES

Class Settlement, at p. 20:1-21:9 (emphasis added), Sultzer Decl., Ex. A. The Court also noted in its Order granting preliminary approval **"the Court acknowledges that the total value of the settlement here likely exceeds its monetary portion significantly."** Dkt. 180 at 6:1-3. [Emphasis added.] Hence, the value of the Increased Financial Aid Benefit is correctly included in the value of the Gross Settlement Fund.

### 2. The Risk Involved in the Litigation Supports the Reasonableness of the Requested Fees

The risk taken by Class Counsel of "not recovering at all, particularly [in] a case involving complicated legal issues[]" is a "significant factor to be considered in determining attorney fees." *Carter*, 2018 U.S. Dist. LEXIS 33834, at *24 (quoting *In re Omnivision Techs.*, 559 F. Supp. 2d at 1046-47). Here Class Counsel pursued this litigation for over two years, expending 2,232.3 hours in time, $1,153,175.50 in lodestar, and $238,412.57 in expenses despite "a likelihood that Plaintiffs would recover nothing." *Id*. at *25. Accordingly, this factor strongly supports the requested fee award.

### 3. The Settlement's Generation of Benefits beyond the Case Settlement Fund Supports the Reasonableness of the Requested Attorneys' Fees

As detailed *supra*, the Agreement provides significant Non-Cash Benefits beyond the monetary benefits of the Settlement Fund. Specifically, access to ULV's Career Services Center and Academic Success Center and a 10% tuition discount on

18

ULV graduate programs. Accordingly, this factor supports the request. *See, e.g., Vizcaino*, 290 F.3d at 1049 ("Incidental or nonmonetary benefits conferred by the litigation are a relevant circumstance."); Dkt 180 ("the Court acknowledges that the total value of the settlement here likely exceeds its monetary portion significantly.").

### 4. The Contingent Nature of Plaintiffs' arrangement with Class Counsel and Financial Burden to Class Counsel Support the Reasonableness of the Requested Attorneys' Fees

The Ninth Circuit has long recognized that the public interest is served by rewarding attorneys who assume representation on a contingent basis to compensate them for the risk that they might be paid nothing at all for their work. *See WPPSS*, 19 F.3d at 1299 ("Contingent fees that may far exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless whether they win or lose."); *Vizcaino*, 290 F.3d at 1051 (courts reward successful class counsel in contingency cases "for taking the risk of nonpayment by paying them a premium over their normal hourly rates").

Unlike Defendant's counsel, who were presumably entitled to payment on an hourly basis and reimbursement for their expenses regardless of their success, Class Counsel have not been compensated for any time or expenses in their prosecution of this litigation and would have received no compensation or reimbursement of

expenses had this litigation not been successful. In addition, since the case was hard fought and required thorough responses to Defendant's motions, including, *inter alia*, motions to dismiss, a motion for decertification of class and motion for summary judgment, Class Counsel attorneys working on this litigation have foregone the opportunity to devote time to other cases and faced a substantial risk that the litigation would yield no or very little recovery and leave them uncompensated for their time and substantial out-of-pocket expenses. *See*, *e.g.*, Sultzer Decl., ¶ 41; Tompkins Decl. ¶ 41; Alch Decl. ¶ 12; Segal Decl. ¶ 12. Accordingly, this factor strongly supports the fee requested.

### 5. The Skill Required and Quality of Class Counsel's Work Supports the Reasonableness of the Requested Attorneys' Fees

The "single clearest factor reflecting the quality of class counsels' services to the class are the results obtained." *Carter*, 2018 U.S. Dist. LEXIS 33834, at *25 (internal quotations omitted). The successful prosecution of these complex claims required the participation of attorneys with significant experience and skill in class action litigation. Here Class Counsel have extensive experience in class action litigation and have successfully served as lead counsel in numerous such cases. See Dkt. 170-3, 170-7, 170-9, 170-11 (Class Counsel firm resumes).

Moreover, Class Counsel vigorously litigated this case for over two years. As detailed above, Class Counsel engaged in full fact discovery including large document productions and numerous depositions, full expert discovery. Sultzer

Decl. ¶ 8. Class Counsel additionally shepherded Plaintiffs and the Settlement Class through a gauntlet of impediments, facing and overcoming nearly every obstacle a plaintiff can face prior to trial in a class action, including Rule 12 motions to dismiss, motion to dismiss for lack of CAFA jurisdiction, motion to decertify the class, and a motion for summary judgment in addition to the multitude of discovery disputes. This case was not the typically streamlined consumer class action where a complaint is filed, a motion to dismiss is defeated, class certification is potentially litigated and then the matter is settled. Instead, Plaintiffs and Class Counsel pursued this litigation to the point of approaching trial, which is uncommon in class actions. *Id.*; *see also Farrell v. Bank of Am. Corp., N.A.*, 827 F. App'x 628, 636 (9th Cir. 2020) (acknowledging class actions going to trial is rare). Moreover, this Court recognized the hard work and experience of Class Counsel in its order on class certification. Dkt. 117.

6. *The Reaction of the Class Supports the Reasonableness of the Requested Fees*

"The absence of objections or disapproval by class members to Class Counsel's fee request further supports finding the fee request reasonable." *In re Heritage Bond Litig.*, 2005 U.S. Dist. LEXIS 13555, at *71 (C.D. Cal. June 10, 2005). Here, the reaction of the Class was almost unanimously favorable with **zero** objections and only three requests for exclusions. The absence of objections is further evidence that the attorneys' fees requested are reasonable. *See, e.g., Jarrell*

MEMORANDUM OF POINTS AND AUTHORITIES

*v. Amerigas Propane, Inc.*, 2018 U.S. Dist. LEXIS 58619, at *8-9 (N.D. Cal. Apr. 5, 2018*); In re Carrier iQ, Inc., Consumer Privacy Litig.*, 2016 U.S. Dist. LEXIS 114235, at *30 (N.D. Cal. Aug. 25, 2016).

## C. The Fee Request is Supported by the Percentage-of-Recovery Method

Under the percentage-of-recovery method, "the court simply awards the attorneys a percentage of the fund sufficient to provide class counsel with a reasonable fee." *Hanlon*, 150 F.3d at 1029. In the Ninth Circuit, the starting benchmark for fee awards in common fund cases is 25% of the common fund. *See Carter*, 2018 U.S. Dist. LEXIS 33834, at *22 (citing *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 942). However, the percentage may be adjusted according to the several factors discussed above in Sections B.1-6. *Id.* at *23 (citing, *inter alia, Vizcaino*, 290 F.3d at 1048-49). Here, Class Counsel's request amounts to 9.7% of the Gross Settlement Fund. When the above factors within the context of this action, the Court should find that Class Counsel's request is reasonable and should not adjust the request up or down. *See WPPSS*, 19 F.3d at 1304 (the guiding principle is that a fee award is to be "reasonable under the circumstances.").

### 1. The Awards in Similar Cases Supports the Reasonableness of the Requested Attorneys' Fees

Courts often look at fees awarded in comparable cases to determine if the fee requested is reasonable. Here, Class Counsel's request for a *negative* multiplier on its lodestar and only 9.7% of the Gross Settlement Fund is well below the benchmark

22

in this Circuit and is thus reasonable as compared to other cases. *See Carter*, 2018 U.S. Dist. LEXIS 33834, at *22 (citing *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 942). Moreover, Class Counsel's request is also reasonable when compared to fee awards similar COVID-19 tuition and fee refund class actions which have also routinely awarded more than the 9.7% requested here. *See, e.g. Porter v. Emerson College*, No. 20-CV-11897-RWZ (D. Mass. Jul 21, 2022) (awarding class counsel one-third of the settlement fund in attorneys' fees); *Rosado v. Barry University*, Inc., No. 1:20-cv-21813 (S.D. Fla. 2021) (Dkt. 84) (awarding attorneys' fees equal to one-third of the settlement fund); *Wright v. Southern New Hampshire University*, No. 1:20-cv-00609 (D. NH. 2021) (Dkt. 37) (awarding attorneys' fees equal to one-third of the settlement fund). Accordingly, this factor supports the reasonableness of the requested fees.

## II.    CLASS COUNSEL'S EXPENSES ARE REASONABLE AND SHOULD BE REIMBURSED

Attorneys who create a common fund or benefit for a class are entitled to be reimbursed for their out-of-pocket expenses incurred in creating the fund or benefit, so long as the submitted expenses are reasonable, necessary, and directly related to the prosecution of the action. *See, e.g., In re OmniVision*, 559 F Supp. 2d at 1048 ("Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters.").

Class Counsel have collectively incurred significant expenses in the prosecution of this litigation in the total amount of $238,412.57. *See* Sultzer Decl. ¶ 50. Much of these expenses were incurred by Plaintiffs' expert. The other costs for, *inter alia*, filing, mediation, discovery and travel, are all the type of expenses routinely charged to hourly paying clients, and should be approved here. *See e.g., In re Toys R Us-Delaware, Inc. Fair and Accurate Credit Transactions (FACTA) Litig.*, 295 F.R.D. 438, 469 (C.D. Cal. 2014) ("Expenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable.").

## III.    THE REQUESTED SERVICE AWARDS ARE APPROPRIATE

Service awards "are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009); *see Toys R Us*, 295 F.R.D. at 470. "Such awards are intended to 'compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and . . . , sometimes, to recognize their willingness to act as a private attorney general.'" *Anderson v. Nextel Retail Stores, LLC*, No. CV 07-4480-SVW (FFMx), 2010 U.S. Dist. LEXIS 71598, at *26-27 (C.D. Cal. June 30, 2010). Class Counsel here seek Service Awards of $5,000 to the Class Representative Brianna Arredondo, and $1,500 each to Class Members Kaylen Henry, Jovanni Echevarria, and Savanah Gherir. These individuals to made significant contributions

to the litigation. Brianna Arredondo served as Named Plaintiff and Class Representative since the inception of the action and in that capacity she responded to discovery requests, sat for a full-day deposition, provided a declaration in support of class certification and reviewed the settlement agreement. Sultzer Decl. ¶ 53. Kaylen Henry, Jovanni Echevarria, and Savanah Gherir also provided declarations in support of class certification and sat for full-day depositions. *Id.* All four of these Class Members committed time and effort for the benefit of the entire class. As the Court noted in its Preliminary Approval Order, "these payments do not appear to be excessive given 'the number of named plaintiffs receiving incentive payments, the proportion of the payments relative to the settlement amount, and the size of each payment.'" Dkt. 180 (quoting *Staton*, 327 F.3d at 977).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court grant Plaintiffs' motion and award fees and costs of $1,100,000 ($861,587.43 in fees and $238,412.57 in expenses) and a service award of $5,000 to Class Representative Arredondo and $1,500 each to individual Class Members Kaylen Henry, Jovanni Echevarria, and Savanah Gherir.

Date: March 13, 2023          **THE SULTZER LAW GROUP, P.C.**

                              /s/ *Jason Sultzer*
                              Jason P. Sultzer, Esq.*
                              Mindy Dolgoff, Esq.*
                              270 Madison Avenue, Suite 1800

New York, NY 10016
Tel. (845) 483-7100
*Admitted Pro Hac Vice

**LEEDS BROWN LAW, P.C.**
Jeffrey K. Brown, Esq.*
Michael A. Tompkins, Esq.*
Brett R. Cohen, Esq.
One Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: (516) 873-9550
*Admitted Pro Hac Vice

**SHOOP A PROFESSIONAL LAW CORPORATION**
David R. Shoop, Esq.
Thomas S. Alch, Esq.
9701 Wilshire Blvd., Suite 950
Beverly Hills, California 90212
Tel. (310) 620-9533

**CHARON LAW**
Perry L. Segal, Esq.
303 Twin Dolphin Drive, Suite 600
Redwood City, California 94065
Tel. (650) 542-7935

*Counsel for Plaintiff Brianna Arredondo and the Certified Class*

MEMORANDUM OF POINTS AND AUTHORITIES