UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNA ARREDONDO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNIVERSITY OF LA VERNE,<br><br>Defendant. | Case No. 2:20-cv-07665-MCS-RAO<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT** |

WHEREAS, an action is pending before this Court entitled *Brianna Arredondo v. University of La Verne*, C.A. No. 2:20-cv-07665-MCS (the "Action");

WHEREAS, on December 21, 2022 this Court signed an order preliminarily approving a class action settlement with University of La Verne ("Defendant," and together with Plaintiff, the "Parties"), ("Preliminary Approval Order, ECF No. 180), in accordance with a settlement agreement filed with the Court on November 14, 2022 ("Settlement Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein ("Settlement");

1

WHEREAS, this Court has previously appointed Plaintiff Brianna Arredondo as Class Representative, appointed The Sultzer Law Group, P.C., Leeds Brown Law P.C., Shoop, A Professional Law Corporation, and Charon Law, as Class Counsel, and certified a class of "[a]ll University of La Verne undergraduate students, excluding students in the Campus Accelerated Program for Adults, who paid tuition and/or the Mandatory Fees at La Verne's Main/Central campus location during the Spring 2020 term/semester." (ECF Nos. 117, 163.)

WHEREAS the Preliminary Approval Order also authorized Plaintiff to disseminate notice of the settlement, the Final Approval Hearing and related matters, to the Settlement Class; and

Having considered all matters submitted to it including the complete record of the Action and good cause appearing therefore, the Court grants final approval of the Settlement and hereby finds and concludes as follows:

1. The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered. This Final Approval Order incorporates the Settlement Agreement and its Exhibits and the Preliminary Approval Order and its Exhibits.

2. This Court has subject-matter jurisdiction over this Litigation pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties, including all Settlement Class Members, for all matters relating to this Litigation and the settlement, including, without limitation, the administration, interpretation, effectuation, and/or enforcement of the settlement, this Final Approval Order, and the Final Judgment.

3. A total of three persons filed timely requests to opt out of the Settlement Class. No person filed objections to the settlement.

4. For the purpose of this settlement, the Court hereby finally reaffirms its ruling certifying Plaintiff Brianna Arredondo as Class Representative, and the law firms of The Sultzer Law Group, P.C., Leeds Brown Law P.C., Shoop, A Professional

    Law Corporation, and Charon Law as Class Counsel and its ruling certifying the class that aligns with the Settlement Class.

5. The Parties and Claim Administrator complied in all material respects with the Election and Notice process set forth in the Settlement Agreement. The Court finds that the Election and Notice process set forth in the Settlement Agreement, and effectuated pursuant to the Preliminary Approval Order, constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Settlement Class of the pendency of the Action; the existence and terms of the Settlement Agreement; their rights to make claims, exclude themselves, or object; the matters to be decided at the Final Approval Hearing; and the binding effect of the Final Approval Order and the Final Judgment, whether favorable or unfavorable, on all Persons who do not exclude themselves from the Settlement Class. Further, the Notice Plan satisfied the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law.

6. A full and fair opportunity has been given to the members of the Settlement Class to exclude themselves from the settlement, object to the terms of the settlement or to Class Counsel's request for attorneys' fees and expenses and class representative payment, and otherwise participate in the Final Approval Hearing held on April 10, 2023.

7. The Court finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day period to comment on or object to the settlement before entering its Final Approval Order and Final Judgment.

8. The Court finds that the settlement is in all respects fair, reasonable, and adequate. The Court therefore finally approves the settlement for all the reasons set forth in the Motion for Final Approval including, but not limited to, the fact that the

Settlement Agreement was the product of informed, arms-length negotiations between competent, able counsel; the record was sufficiently developed and complete through meaningful fact and expert discovery and motion practice to have enabled counsel for the Parties to have adequately evaluated and considered the strengths and weaknesses of their respective positions; the Action involved disputed claims, and this dispute underscores the uncertainty and risks of the outcome in this matter; the Settlement provides meaningful remedial and cash and non-cash benefits for the disputed claims; and the Parties were represented by highly qualified counsel who, throughout this case, vigorously and adequately represented their respective parties' interests. The Court finds that there was no collusion in reaching this Settlement Agreement.

9. The Settlement is in the best interests of the Settlement Class in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the class claims. The relief provided to the Settlement Class Members under the Settlement Agreement is appropriate as to the individual members of the Settlement Class and to the Settlement Class as a whole. All requirements of statute, rule, and the Constitution necessary to effectuate the settlement have been met and satisfied.

10. The Parties and the Claim Administrator shall continue to effectuate the Settlement Agreement in accordance with its terms.

11. By operation of this Final Approval Order and Judgment, Plaintiff, Settlement Class Members and Releasing Parties hereby finally, forever, and completely resolve, discharge, and release all of the Released Claims against the Released Parties. As used herein:

   a. Releasing Parties are Plaintiff and Settlement Class Members who did not timely opt-out of the Settlement Class, and all of their respective present or past heirs, executors, family members, lenders, funders, payors, estates, administrators, predecessors, successors, assigns, parent companies,

      subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, assigns, and companies, firms, trusts, limited liability companies, partnerships and corporations.

  b. Released Claims means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined in the Settlement Agreement), whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, whether based on state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding University of La Verne's actions and/or decisions with respect to COVID-19 policies and procedures for the Spring 2020 Semester, including transitioning from in-person instruction and other in- person educational services to a remote format during the Spring 2020 Semester, including but not limited to all claims that were brought or could have been brought in the Action (as defined in the Settlement Agreement) by Releasing Parties relating to any and all of the Released Parties.

  c. Released Parties means University of La Verne as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employees, agents, consultants, independent

contractors, insurers, including without limitation employees of the foregoing, directors, trustees, board members, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, corporations, and all third party service providers or entities identified as University of La Verne's agents and/or independent contractors in this Action (as defined in the Settlement Agreement).

12. Plaintiff and Releasing Parties expressly waive and relinquish all provisions, rights and benefits afforded by Section 1542 of the Civil Code of the State of California (and equivalent, comparable, or analogous provisions of the laws of the United States or any state or territory thereof, or of the common law) and do so understanding and acknowledging the significance of the waiver of Section 1542. Section 1542 of the Civil Code of the State of California states:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

13. Nothing herein shall bar any action or claim to enforce the terms of the Settlement Agreement.

14. No action taken by the Parties, either previously or in connection with the negotiations or proceedings connected with the Settlement Agreement, shall be construed as or be deemed an admission or concession by any Party of the truth, or lack thereof, of any allegation or the validity, or lack thereof, of any purported claim or defense asserted in any of the pleadings or filings in the Litigation, or of any fault on the part of Defendant, and all such allegations are expressly denied. Nothing in this Agreement shall constitute an admission of liability or be used as evidence of

liability, by or against any Party hereto. Defendant's agreement not to oppose the entry of this Final Approval Order and Judgment shall not be used against Defendant by any Party or non-party for any purpose in this Litigation or any other action, lawsuit, or proceeding of any kind whatsoever.

15. For the reasons stated in the separate Order on Class Counsel's Application for an award of attorneys' fees, costs, and class representative payment, the following amounts shall be distributed by the Settlement Claims Administrator from the Qualified Settlement Fund (as defined in the Settlement Agreement)
    a. Class Counsel's Costs, Fees and Expenses: $1,100,000.00
    b. Class representative payment to Plaintiff Brianna Arredondo: $5,000.00.
    c. Individual Class Member payments to Kaylen Henry, Jovanni Echevarria, and Savanah Gherir: $1,500.00 each. Such amounts shall be due and paid according to the terms of the Settlement Agreement.

16. Except as provided in this Order, Plaintiff shall take nothing against Defendant by her Complaint.

17. This order shall constitute a final judgment binding the Parties and Settlement Class Members with respect to this Litigation.

18. Without affecting the finality of the judgment hereby entered, this Court expressly retains exclusive and continuing jurisdiction over the Settlement Agreement, including all matters relating to the administration, consummation, validity, enforcement and interpretation of the Settlement Agreement, the Final Approval Order, or the Final Judgment, including, without limitation, for the purpose of:
    a. the distribution of funds in the event settlement payments checks are not negotiated within one hundred and eighty (180) days of mailing.
    b. enforcing the terms and conditions of the Settlement and resolving any and all disputes, claims or causes of action that, in whole or in part, arise out of or are in any way related to the Settlement Agreement, the Final Approval Order, or

      the Final Judgment (including, whether a Person is or is not a Settlement Class Member);

   c. entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate the Final Approval Order, the Final Judgment, or the Settlement Agreement, or to ensure the fair and orderly administration of the settlement; and

   d. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the Final Approval Order, or the Final Judgment.

19. Without affecting the finality of this Final Approval Order or the Final Judgment, Defendant and each Settlement Class Member (including Plaintiff) hereby irrevocably submits to the exclusive jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including any suit, action, proceeding, or dispute relating to the Release provisions herein.

20. The Parties are hereby directed to implement and consummate the settlement according to the terms and provisions of the Settlement Agreement.

21. In the event the Effective Date does not occur in accordance with the terms of the Settlement Agreement, then this Order and any judgment entered thereon shall be rendered null and void and shall be vacated, and in such event, all orders and judgments entered and releases delivered in connection herewith shall be null and void and the Parties shall be returned to their respective positions prior to the settlement.

22. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, mutually agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent in material respects with this Final Approval

Order and the Final Judgment and that do not limit the rights of Settlement Class Members under the Settlement Agreement.

23. There is no just reason for delay in the entry of this Judgment, and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

Dated: April 14, 2023

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE